IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITRONICS (1989) (R"G) LTD.**, P.O. Box 300, Ben Gurion Airport 70100, Israel<br><br>**UNITRONICS, INC.** 1 Batterymarch Park, Suite 103 Quincy, MA 02169<br><br>  Plaintiffs,<br><br>v.<br><br>**SAMY GHARB,** Bachtobelstrasse 30, 8045 Zurich, Switzerland<br><br>  Defendant. | Civil Action File No.: _____ |

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO PERMIT SERVICE BY REGISTERED MAIL

Plaintiff Unitronics (1989) (R"G) Ltd. ("Unitronics, Ltd.") and Plaintiff Unitronics, Inc., (collectively "Plaintiffs"), respectfully submit their Brief in Support of Their Motion to Permit Service by Registered Mail on Defendant Samy Gharb ("Defendant").

### INTRODUCTION

This action arises from Defendant's multi-year campaign of abuse and harassment against Plaintiffs and their distributors and sales representatives regarding Defendant's unfounded claim that Plaintiffs' products infringe Defendant's United States Patent No. 6,552,654 ("the '654 Patent"). In response to Defendant's repeated and unfounded harassments, Plaintiffs have brought a claim for a declaratory judgment that the sale of their products in the United States does not infringe the claims of the '654 Patent.

Plaintiffs' claim also seeks a declaratory judgment that the '654 Patent is invalid and an injunction and damages for Defendant's intentional interference with Plaintiffs' contractual relations with their distributors and sales representatives. Defendant is a necessary and proper party to any such declaratory judgment action. Defendant, however, is a resident of Switzerland, residing at Bachtobelstrasse 30, 8045 Zurich, Switzerland. Therefore, Plaintiffs have brought the accompanying motion to permit service by registered mail under 35 U.S.C. § 293.

## FACTS

Plaintiff Unitronics, Ltd. is a designer, developer, manufacturer, and seller of general purpose Programmable Logic Controllers ("PLCs") – electronic computer based devices designed to automate machines, industrial processes, and production lines. Plaintiff Unitronics, Ltd. is based in Israel but sells its PLCs through an international distribution network of more than 100 distributors and through its United States subsidiary, Plaintiff Unitronics, Inc.. Defendant, a resident of Switzerland, is the owner of the '654 Patent, entitled "Security System with a Mobile Telephone."

A cursory examination of the claims of the '654 Patent shows that Plaintiffs' PLC sales in the United States do not infringe, either by direct infringement, by contributory infringement, or by inducement of infringement, any claim of the '654 Patent. Defendant, however, has repeatedly contacted Plaintiffs and their distributors and sales representatives claiming, in often abusive tones and language, that the sale of Plaintiffs' PLCs infringes his rights in the '654 Patent. Tellingly, even though these contacts date from at least as far back as September of 2004, Defendant has never initiated any lawsuit against Plaintiffs for allegedly infringing his rights in the '654 Patent.

Therefore, needing to put a stop to Defendant's incessant threats and thereby thwart his attempted shake-down, Plaintiffs have filed an action seeking a declaratory judgment

that their sale of PLCs does not infringe any of the claims of the '654 Patent, that the '654 patent is invalid, and that defendant has interfered with Plaintiffs' contractual relationships with their distributors and sales representatives.

Defendant has not filed in the Patent and Trademark Office any written designation stating the name and address of a person residing within the United States on whom process or notice of proceedings affecting the '654 patent may be served. The only designation contained in the file history of the '654 Patent is that of Defendant's United States patent counsel, Robert S. Swecker, of Buchanan Ingersoll PC, 1737 King Street, Suite 500, Alexandria, VA 22314-2727.[1] In addition, Defendant's recent communications with Plaintiffs have contained a return addresses of Samy Gharb, Bachtobelstrasse 30, 8045 Zurich, Switzerland and Samy Gharb, P.O Box 5066, 8045 Zurich, Switzerland. Defendant also has corresponded within the recent past using the e-mail address gharbport@bluemail.ch.

## ARGUMENT AND CITATION OF AUTHORITY

Defendant is a United States patentee not residing in the United States, and therefore jurisdiction for the aforementioned declaratory judgment action is governed by 35 U.S.C. § 293. 35 U.S.C. § 293 states, in full:

> Every patentee not residing in the United States may file in the Patent and Trademark Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder. If the person designated cannot be found at the address given in the last designation, or if no person has been designated, the United States District Court for the District of Columbia shall have jurisdiction and summons shall be served by publication or otherwise as the court directs. The court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that

---

[1] Mr. Swecker's firm is listed in the file history of the '654 Patent as Burns, Doane, Swecker & Mathis of Alexandria, Virginia. However, Burns, Doane, Swecker & Mathis joined Buchanan Ingersoll on June 1, 2005.

>it would have if the patentee were personally within the jurisdiction of the court.

35 U.S.C. § 293. Therefore, because Defendant has not filed in the Patent and Trademark Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the '654 patent or the rights thereunder, under the explicit language of the statute a summons shall be served on Defendant "by publication or otherwise as the court directs." *Id.*

Based on the statutory language "or otherwise as the court directs," it follows that the District Court for the District of Columbia enjoys wide discretion in choosing the means by which process may be served in cases such as the present case where no agent is designated specifically for the receipt of process. While service by publication is one means of service explicitly contemplated by the statute, the phrase "or otherwise as the court directs" explicitly contemplates that other potential means of service of process exist as alternatives to publication. To hold otherwise by construing the statute to permit only service by publication would run contrary to the established presumption of statutory interpretation against construing a statute as containing superfluous or meaningless words. *See, e.g., Babbitt v. Sweet Home Chapter of Communities for a Great Oregon*, 515 U.S. 687, 698 (1995); *City of Roseville v. Norton*, 348 F.3d 1020, 1028 (D.C. Cir. 2003).

Plaintiffs submit that service by registered mail to the foreign patent owner's address and/or the address of the patent owner's United States patent counsel should suffice as one such means where, as here, both addresses are known and where, as here, the address for the Defendant is apparently current based on correspondence from Defendant to Plaintiffs within the last several months. On this point, the Court of Appeals for the District of Columbia has previously recognized that service by mail may be proper under 35 U.S.C. § 293. *See Riker Laboratories, Inc. v. Gist-Brocades N. V.*, 636 F.2d 772,

4

775 (D.C. Cir. 1980) ("[A] non-resident patentee is presented with the option of designating an agent for service of process or of receiving notice by publication *or other means, such as the mail service used in this case.*") (emphasis added). Furthermore, it is reasonable to assume that a foreign patent owner is more likely to receive notification at his current address that a declaratory judgment action is pending against him in the United States if service is allowed via registered mail to both his current address and the address of his United States patent counsel than he would be if process were allowed only through publication (which the foreign patent owner may or may not see and/or read). Therefore, service by registered mail to the patent owner's current address and/or the address of the patent owner's United States counsel clearly goes further than service by publication towards the fundamental rationale for the service of process requirement – providing notice to the party whose rights will be affected by the outcome of the suit.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court permit Plaintiffs to proceed in their declaratory judgment action by serving defendant by registered mail. For the Court's convenience, a proposed Order authorizing service by registered mail is attached hereto.

This 10th day of January, 2006.

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

_____
Glenn J. Perry
D.C. Bar Number 278630
1850 M Street, N.W., Suite 800
Washington, DC 20036
Telephone: 202-973-2611
Fax: 202-263-4311