IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITRONICS (1989) (R"G) LTD.,**<br>P.O. Box 300, Ben Gurion Airport<br>70100, Israel<br><br>**UNITRONICS, INC.**<br>1 Batterymarch Park, Suite 103<br>Quincy, MA 02169<br><br>  Plaintiffs,<br><br>v.<br><br>**SAMY GHARB,**<br>Bachtobelstrasse 30, 8045<br>Zurich, Switzerland<br><br>  Defendant. | Civil Action File No.: _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Unitronics (1989) (R"G) Ltd. ("Unitronics, Ltd.") and Plaintiff Unitronics, Inc., (collectively "Plaintiffs"), and for their Complaint against the Defendant Samy Gharb ("Defendant") allege and aver as follows:

### PARTIES

1. Plaintiff Unitronics, Ltd. is a corporation organized and existing under the laws of the State of Israel, with its principal place of business at Unitronics Building, Airport City, Israel and a mailing address of P.O. Box 300, Ben Gurion Airport, 70100, Israel.

2. Plaintiff Unitronics, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1 Batterymarch

Park, Suite 103, Quincy, MA 02169. Plaintiff Unitronics, Inc. is a wholly owned subsidiary of Plaintiff Unitronics, Ltd..

3. Upon information and belief, Defendant is a resident of Switzerland, residing at Bachtobelstrasse 30, 8045 Zurich, Switzerland.

## JURISDICTION AND VENUE

4. This is an action for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 adjudging U.S. Patent No. 6,552,654 ("the '654 Patent") invalid and not infringed by Plaintiff Unitronics, Ltd. or Plaintiff Unitronics, Inc., and for Defendant's intentional interference with Plaintiffs' contractual relations in violation of Massachusetts common law.

5. This Court has jurisdiction over the subject matter of the within and foregoing action pursuant to the provisions of 28 U.S.C. §§1331, 1338 and 1367.

6. Because Defendant is a patentee not residing in the United States, this Court has personal jurisdiction over Defendant in the foregoing action pursuant to 35 U.S.C. § 293, and the Defendant may be served with process or notice of proceedings affecting the patent or rights thereunder pursuant to the provisions of 35 U.S.C. § 293.

7. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§ 1391(a) and (d).

## FACTS COMMON TO ALL COUNTS

8. Plaintiffs repeat and reallege the averments contained in Paragraphs 1 through 7 hereof as if fully set forth herein.

9. On April 22, 2003, the '654 Patent issued to Defendant on an alleged invention entitled "Security System with a Mobile Telephone." A true and correct copy of the patent is attached as Exhibit A.

10. Upon information and belief, Defendant is the current owner of record of the '654 Patent in the United States Patent and Trademark Office.

11. The claims of the '654 Patent define a security system for monitoring objects. Claim 1 of the '654 Patent defines a security system comprising a remote control, a digital recording device, a mobile telephone, an alarm sensor, a main relay, a computer, a data set, and five separate Programmable Logic Controllers ("PLCs").

12. Plaintiff Unitronics, Ltd. is a designer, developer, manufacturer, and seller of general purpose PLCs – electronic computerbased devices designed to automate machines, industrial processes, and production lines. Plaintiff Unitronics, Ltd. sells its PLCs through an international distribution network of more than 100 distributors and through its United States subsidiary, Plaintiff Unitronics, Inc..

13. The PLCs sold by Plaintiffs in the United States include the following series of products (each consisting of numerous models): the M90/M91 Series, the Vision Series, and optional accessories such as expansion units or third-party cellular modems.

14. Plaintiffs do not manufacture, use, sell, or import into the United States a security system as defined by the claims of the '654 Patent and therefore do not directly infringe the '654 Patent.

15. The PLCs sold by Plaintiffs in the United States are general purpose devices for industrial automation that can be used for many purposes besides security systems. The PLCs sold by Plaintiffs in the United States are staple items of commerce, and as such, are shipped and marketed as commercial offthe-shelf products (COTS). Therefore Plaintiffs' sales of PLCs in the United States do not contributorily infringe the '654 Patent.

16. Plaintiffs do not supply and have not supplied PLCs to any third party in the United States with instructions and encouragement to incorporate Plaintiffs' PLCs into a security system as specifically defined by the claims of the '654 Patent. Plaintiffs therefore do not induce and have not induced others to infringe the '654 Patent.

17. Despite the clear distinction between the security system defined by the claims of the '654 Patent and Plaintiffs' PLCs, Defendant has, through numerous abusive phone calls, emails, and faxes, repeatedly and baselessly charged Plaintiffs and their European and United States distributors with infringement of the '654 Patent.

18. Defendant has repeatedly and harassingly contacted Plaintiff Unitronics, Ltd. regarding his unfounded claim of patent infringement. Such contacts include, but are not limited to, a phone call on August 26, 2004; a fax on August 27, 2004; a phone call on August 29, 2004; a fax on September 9, 2004; a phone call on December 19, 2005; a fax on December 19, 2005; a phone call on December 21, 2005; a fax on December 21, 2005; an email on December 21, 2005; three phone calls on December 28, 2005; and a phone call on December 29, 2005. A true and correct copy of Defendant's August 27, 2004 fax to Plaintiff Unitronics Ltd. is attached as Exhibit B. A true and correct copy of Defendant's September 9, 2004 fax to Plaintiff Unitronics, Ltd. is attached as Exhibit C. A true and correct copy of Defendant's December 21, 2005 fax to Plaintiff Unitronics, Ltd. is attached as Exhibit D. A true and correct copy of Defendant's December 21, 2005 email to Plaintiff Unitronics, Ltd. is attached as Exhibit E.

19. Defendant has repeatedly and harassingly contacted Plaintiff Unitronics, Inc. regarding his unfounded claim of patent infringement. Such contacts include,

but are not limited to, a phone call on August 26, 2004; an email on August 26, 2004; an email on December 15, 2005; and a phone call on December 15, 2005. A true and correct copy of Defendant's August 26, 2004 email to Plaintiff Unitronics, Inc. is attached as Exhibit F. A true and correct copy of Defendant's December 15, 2005 email to Plaintiff Unitronics, Inc. is attached as Exhibit G.

20. Defendant has repeatedly and harassingly contacted Plaintiff Unitronics, Ltd.'s European distributors regarding his unfounded claim of patent infringement.

21. Defendant has repeatedly and harassingly contacted Plaintiffs' United States distributors and sales representatives regarding his unfounded claim of patent infringement. United States distributors and sales representatives that have been contacted by Defendant include, but are not limited to, Controls & Power, Inc.; Handlin/Schwarz Associates, Inc.; Pulsar Controls; Providence Marketing Associates; PowerCon Co.; Automation Support Group; Access Consolidated; LectriChem, Inc.; Russell F. Clark Company, Inc.; and Scientific Sales Company. A true and correct copy of Defendant's September 9, 2004 email to Scientific Sales Company is attached as Exhibit H. A true and correct copy of Defendant's September 12, 2004 fax to Handlin/Schwarz Associates, Inc. is attached as Exhibit I.

22. Defendant has, throughout his communications with Plaintiffs, repeatedly demanded meetings with Plaintiffs in Switzerland for the purpose of extorting money under the guise of negotiating a license agreement.

23. Defendant's communications have created on the part of Plaintiffs a reasonable apprehension that they will face an infringement suit if they do not cease their sale of their PLCs in the United States or agree to pay Defendant his proposed license fee.

LIT\933579.1

24. Defendant's communications have also created on the part of Plaintiffs' distributors and sales representatives a reasonable apprehension that they will face an infringement suit if they do not cease their sale of Plaintiffs' PLCs in the United States. A true and correct copy of an email expressing such apprehension, sent from distributor Access Consolidated to Plaintiff Unitronics, Inc. on December 20, 2005, is attached as Exhibit J. A true and correct copy of a letter expressing such apprehension, sent from distributor Controls & Power, Inc. to Plaintiff Unitronics, Ltd. on December 28, 2005, is attached as Exhibit K.

25. Plaintiff Unitronics, Ltd.'s counsel has requested in writing that Defendant provide a specific claim chart and analysis showing how Plaintiff Unitronics, Ltd.'s products infringe the '654 Patent. A true and correct copy of counsel's letter requesting such clarification is attached as Exhibit L. Defendant has never provided any such specific analysis. Instead, defendant has threatened legal action in the United States. A true and correct copy of Defendant's threat is attached as Exhibit M.

## COUNT I

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF '654 PATENT

26. Plaintiffs reallege and incorporate the allegations of paragraphs 1 through 25 as if fully set forth herein.

27. There is an actual and justiciable controversy between the parties concerning the validity and infringement of the '654 Patent arising under the Patent Act, 35 U.S.C. § 1, et seq.

28. Plaintiffs have not in the past infringed, and do not currently infringe, by direct infringement, by inducement of infringement, or by contributory infringement,

LIT\933579.1

any claim of the '654 Patent within the meaning of 35 U.S.C. § 271 as a result of Plaintiffs' sale of any of the aforementioned product series, or any of Plaintiffs' other offered products.

29. Plaintiffs are entitled to a declaration that they have not in the past infringed, and do not currently infringe, in any of their offered products, any claim of the '654 patent.

## COUNT II

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '654 PATENT

30. Plaintiffs reallege and incorporate the allegations of paragraphs 1 through 29 as if fully set forth herein.

31. The invention claimed in the '654 Patent is invalid pursuant to, *inter alia*, 35 U.S.C. §§ 102, 103, and 112.

32. Plaintiffs are entitled to a declaration and order that the claims of the '654 Patent are invalid as issued.

## COUNT III

### INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

35. Plaintiffs reallege and incorporate the allegations of paragraphs 1 through 34 as if fully set forth herein.

36. Plaintiffs have valid and enforceable contracts with their distributors and sales representatives.

37. Plaintiffs' distributorship contracts all contemplate economic benefits for Plaintiffs.

38. Defendant knew and currently knows of the distributorship relationships between Plaintiffs and their distributors.

39. Defendant has repeatedly and intentionally interfered with these contractual relationships by improperly asserting his unfounded claim of patent infringement.

40. Defendant's repeated intentional interferences with Plaintiffs' contractual relations were made in bad faith. Defendant's assertions of patent infringement were objectively baseless, and Defendant's subjective bad faith is evidenced by his failure to respond to Plaintiffs' counsel's written request for clarification of his infringement claim. Defendant's course of conduct illustrates nothing more than a bad faith desire to extort improper license payments from Plaintiffs via the persistent and unfounded threat of a lawsuit.

41. The aforesaid acts of Defendant are greatly and irreparably damaging to Plaintiffs and will continue to be greatly and irreparably damaging to Plaintiffs unless enjoined by this Court, as a result of which Plaintiffs are without an adequate remedy at law.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant as follows:

1. That the Court declare the claims of the '654 Patent invalid;

2. That the Court declare that Plaintiffs have not in the past infringed, and do not currently infringe, by direct infringement, by inducement of infringement, or by contributory infringement, any claim of the '654 Patent within the meaning of 35 U.S.C. § 271 as a result of Plaintiffs' sale of any of the aforementioned product series, or any of Plaintiffs' other offered products;

3. That the Court find this case to be an exceptional case pursuant to Section 285 of the Patent Act and thereby awards Plaintiffs their reasonable attorney fees in an amount not less that $50,000;

4. That Plaintiffs be awarded their damages as a result of Defendant's intentional interference with Plaintiffs' contractual relationships with their distributors in an amount to be determined by the jury at trial including punitive damages in an amount sufficient to deter Defendant from further acts of intentional interference with the contractual relationships between Plaintiffs and their distributors, but in an amount not less than $1,000,000.

5. That all costs be taxed against Defendant;

6. That Defendant, or any officers, agents, servants, representatives, employees, attorneys, successors, assigns, and all persons acting in concert or participation with Defendant, be permanently enjoined and restrained from continuing the aforementioned intentional interference with Plaintiffs' contractual relations; and

7. For such other and further relief as the Court deems just and equitable.

This 10th day of January, 2006.

    Respectfully submitted,

    SMITH, GAMBRELL & RUSSELL, LLP

    */s/ Glenn J. Perry*
    Glenn J. Perry
    D.C. Bar Number 278630
    1850 M Street, N.W., Suite 800
    Washington, DC 20036
    Telephone: 202-973-2611
    Fax: 202-263-4311

LIT\933579.1