UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA           :
                                   :
              v.                   :    Criminal Action No.: 03-211 (RMU)
                                   :
ABDUL JOHNSON,                     :
                                   :
              Defendant.           :

**MEMORANDUM ORDER**

ORDERING THE PROBATION OFFICE TO SUBMIT AN
ALTERNATIVE PRESENTENCE INVESTIGATION REPORT

**I. INTRODUCTION**

The defendant is before the court standing convicted by a jury of possession with possession of a firearm by a person previously convicted of a felony, intent to distribute ("PWID") five grams or more of cocaine base, using, carrying, and possessing a firearm during a drug trafficking offense and simple possession of marijuana. The court will sentence the defendant on August 24, 2006. As part of his supplemental sentencing memorandum, the defendant argues that his conviction for PWID cocaine base is contrary to law because the government failed to prove either that the cocaine was smokable or that it was crack cocaine. For this reason, the defendant asks the court to sentence him, as to that count, for the lesser included offense of PWID cocaine. Because the court lacks the authority to modify the jury's verdict at this stage of the case, the court will sentence the defendant to PWID cocaine base. Nevertheless, the jury's verdict may be inconsistent with applicable law. For that reason, and in the interest of avoiding unnecessary delay in providing the defendant with a final result in this criminal case, the court will impose a sentence based on the defendant's conviction for PWID cocaine base and will issue (though not impose) an alternative sentence based on a conviction for PWID cocaine.

Toward that end, the court orders the probation office to prepare an alternative presentence investigation report within thirty days of this order.

## II.   BACKGROUND

On April 24, 2004, a jury returned a guilty verdict against the defendant for (1) possession of a firearm by a person previously convicted of a felony, (2) PWID five grams or more of cocaine base, (3) using, carrying, and possessing a firearm during a drug trafficking offense, and (4) simple possession of marijuana. Jury Verdict (Apr. 24, 2004). Relevant to the instant memorandum order, the defendant's conviction for PWID cocaine base was predicated, in part, on 21 U.S.C. § 841(b)(1)(B)(iii). That provision makes it unlawful to possess with the intent to distribute "5 grams or more of a mixture or substance . . . which contains cocaine base." 21 U.S.C. § 841(b)(1)(B)(iii).

On January 23, 2006, the defendant submitted a supplemental memorandum in aid of sentencing in which he argues that the court should sentence him to the lesser-included offense of PWID cocaine, rather than PWID cocaine base. Supp. to Mem. in Aid at second to last page.[1] The defendant bases his request on *United States v. Brisbane*, in which the D.C. Circuit, recognizing an inherent ambiguity in the term "cocaine base" as used in 21 U.S.C. § 841, concluded that to sustain a conviction under that statute, the government must "prove that the substance distributed was smokable [or] that it was crack." *United States v. Brisbane*, 367 F.3d 910, 914 (D.C. Cir. 2004). The defendant's new argument raises significant issues which this court must resolve prior to rendering a sentence and final judgment in this case. For this reason, on February 21, 2006, the court ordered supplemental briefing from both parties as to the

---

[1]   The defendant's supplemental memorandum in aid of sentencing lacks page numbers.

2

applicability of *Brisbane* to the current case and the parties' recommendations for the court going forward. Having reviewed the parties' supplemental briefing and the applicable law, the court is now prepared to indicate to the parties the manner in which it will proceed at sentencing.

### III.  ANALYSIS

#### A.  Applicability of *Brisbane*

In *Brisbane*, the D.C. Circuit considered the differences between cocaine and cocaine base as those terms are used in 21 U.S.C. § 841. *Brisbane*, at 912. Specifically, the circuit court was tasked with reconciling the fact that "[a] certain quantity of 'cocaine base' will trigger much stiffer penalties than an equivalent quantity of 'cocaine, its salts, optical and geometric isomers, and salts of isomers.'" *Id.*, 367 F.3d at 911 (comparing 21 U.S.C. § 841(b)(1)(A)(ii)(II) and (B)(ii)(II) with 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii)). Although "the statute purported to impose much higher sentences for crack than for powdered cocaine" it failed to describe "crack by its street name or manufacturing process," establishing instead "lower thresholds for any 'mixture containing cocaine base.'" *Id.*, at 912.

The Circuit recognized that "[t]here is much evidence that Congress intended 'cocaine base' to mean something different from 'cocaine' – it was targeting crack." *Id.*, at 913. It found the disparity in statutory penalties for PWID cocaine and PWID cocaine base troubling given that chemically, cocaine and cocaine base are the same thing. *Id.* (ruling that the term cocaine base, when used as a synonym for crack cocaine, was ambiguous); *see also United States v. Curtistine Johnson*, 437 F.3d 69, 74 (D.C. Cir. 2006) (ruling that the higher statutory penalties associated with cocaine base include crack cocaine and cocaine products "which are smokable but are not crack cocaine"). For this reason, the Circuit concluded that, for a defendant to be convicted of

3

possession or distribution of cocaine base, the government must prove either that the cocaine is smokable or that it is crack. *Brisbane*, 367 F.3d at 914. In short, under *Brisbane*, cocaine base is not "also known as" crack.

Having determined that Brisbane's conviction for PWID cocaine base could not stand, the circuit court vacated the conviction and remanded the case to the district court with instructions for that court to enter a judgment of conviction for PWID cocaine – a lesser included offense of PWID cocaine base, carrying lesser statutory mandatory minimums and maximums, and carrying lesser recommended penalties under the sentencing guidelines. *Id.*, at 915 (quoting *Austin v. United States*, 382 F.2d 129, 142 (D.C. Cir. 1967) for the proposition that the circuit court has "the power to modify a criminal judgment to reduce the conviction to that of a lesser included offense, where the evidence fails to support one element of the crime of which appellant was charged and convicted but sufficiently sustains all the elements of the included offense").

On April 28, 2004, a jury found defendant Abdul Johnson guilty of, among other things, PWID five grams or more of cocaine base. The verdict form mimicked the statutory phrase precisely: "how do you find the defendant as to count two of the indictment – unlawful possession with intent to distribute 5 grams or more of cocaine base?" Verdict Form (Apr. 28, 2004).

The D.C. Circuit issued its *Brisbane* opinion on May 11, 2004, thirteen days after the jury verdict in this case, and prior to this court's imposition of a sentence. The holding in *Brisbane* calls the defendant's conviction for PWID cocaine base into question because the D.C. Circuit ruled that the term cocaine base is ambiguous. *Brisbane*, 367 F.3d at 915. And, as in *Brisbane*, "the government did not prove that the substance distributed was smokable and it did not prove that it was crack." *Id.*

4

The government contends that the Circuit's ruling in *Brisbane* is not problematic to the conviction in this case because the government provided sufficient evidence that the cocaine involved in this case was crack. Gov't.'s Resp. to Def.'s Supp. to Mem. in Aid of Sentencing (Feb. 2, 2006) at 4-5 (stating that the "government need not prove that the cocaine at issue was smokable in order for a defendant to be sentenced under the cocaine base provisions contained in 21 U.S.C. § 841" because the government provided other evidence demonstrating that the cocaine at issue was crack). The government urges the court to make a factual finding that the cocaine involved was crack. *Id.* The court will decline the government's invitation.

According to the Supreme Court, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Because a conviction for PWID cocaine base provides a statutory maximum term of incarceration greater than the statutory maximum for a conviction for PWID cocaine, and because under *Brisbane* the government must prove that the substance was either smokable or was crack, "the question of drug identity then would have to be decided by a jury beyond a reasonable doubt and not by the Court." *United*

*States v. Eli*, 227 F. Supp. 2d 90, 100 (D.D.C. 2002), *aff'd* 379 F.3d 1016 (D.C. Cir. 2004).[2] Because the jury in the instant case was not presented with, and therefore did not decide, whether the drugs were smokable or were crack, the defendant's conviction for PWID cocaine base appears to violate *Brisbane*.

### B. The Court Lacks the Authority to Enter a Judgment of Acquittal, Grant the Defendant a New Trial, or Modify the Judgment

The defendant asks the court to reduce his conviction "to the lesser-included cocaine offense" and sentence him accordingly. Def.'s Supp. to Mem. in Aid of Sentencing at second to last page. Yet the defendant fails to indicate for the court his legal theory as to the court's authority to entertain such a request at this juncture. In response to this court's order for additional briefing, the defendant submitted a document titled "Defendant's Second Supplemental Memorandum in Aid of Sentencing." That document, too, does not mention any legal authority, or argument, as to this court's authority to alter the conviction in this case. To the contrary, this document appears to be a jumble of paragraphs lifted from various previously submitted sentencing memoranda. Unfortunately, the defendant utterly fails to address any of the

---

[2] The D.C. Circuit characterized the district court's central holding in *United States v. Eli* as finding, beyond a reasonable doubt, that the defendant distributed "crack cocaine." *United States v. Eli*, 379 F.3d 1016 (D.C. Cir. 2004). Read in context, however, the district court did not make such a finding. *United States v. Eli*, 227 F. Supp. 2d 90 (D.D.C. 2002) (stating, in the alternative to its central holding, that "[e]ven if the Court had to decide the issue of drug identity beyond a reasonable doubt, it would have no trouble doing so"). To the contrary, the district court in *Eli* specifically indicated its view that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "the question of drug identity would then have to be decided by a jury beyond a reasonable doubt." *Id.*, 227 F. Supp. 2d at 99-100. This court, likewise, will not evaluate the evidence as the government urges. To do so would be for this court to usurp the function of the jury, and violate the defendant's right to "a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *Apprendi*, 530 U.S. at 477. Because "[d]istribution of 'cocaine' is a lesser included offense of distribution of 'cocaine base,'" *Brisbane*, 367 F.3d 910, 914 (D.C. Cir. 2004), the nature of the drugs, as either crack cocaine or otherwise, constitutes an element of the crime. For this reason, the court cannot entertain evidence as to the nature of the drugs and sentence the defendant according to its findings thereon. *Apprendi*, 530 U.S. at 477.

five points upon which the court sought additional briefing. *See* Order (Feb. 21, 2006) at 2-3.

Nevertheless, the court will consider the two possibilities available to this defendant in arguing for this court to modify his conviction to PWID cocaine and sentence him accordingly. First, the defendant could have filed a post-conviction motion, either under Rule 29 or Rule 33 of the Federal Rules of Criminal Procedure. Second, the defendant could have asked the court to do as the circuit court did in *Brisbane* – substitute the conviction for distribution of cocaine base for the lesser included offense of distribution of cocaine. For the reasons that follow, however, neither of these arguments would succeed.

### 1.  Post-Conviction Motions

A defendant may seek a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure within seven days after a guilty verdict. FED. R. CRIM. P. 29(c)(1). Alternatively, a defendant may seek a new trial within seven days after the verdict or finding of guilt. FED. R. CRIM P. 33(b)(2).

Because the jury returned a guilty verdict in this case on April 28, 2004, May 7, 2004 represented the deadline within which the defendant could have filed a motion for a judgment of acquittal or a motion for a new trial. Both the Supreme Court and the D.C. Circuit have indicated clearly that the district court lacks the authority to entertain a motion for a judgment of acquittal or a new trial after the seven days have passed. *Carlisle v. U.S.*, 517 U.S. 416 (1996); *U.S. v. Hall*, 214 F.3d 175 (D.C. Cir. 2000). For this reason, therefore, though this case may present circumstances under which post-conviction relief is appropriate, the court lacks the authority to entertain such a request. *See United States v. Foster*, 2004 WL 3257064 at *4 (D.D.C. Nov. 19, 2004) (recasting the defendant's conviction for PWID cocaine base as a conviction for PWID cocaine in light of *Brisbane* when the defendant had moved within seven

7

days of the verdict for additional time to file a Rule 29 motion for partial acquittal).

### 2.  Modify the Judgment

In support of his request that the court sentence the defendant for PWID cocaine (rather than PWID cocaine base), the defendant cites *Brisbane*. Def.'s Second Supp. Mem. in Aid of Sentencing (March 28, 2006) at 4 (stating that "[i]n light of the government's failure to sustain its burden to prove that the substance was crack cocaine, for sentencing, this Court cannot follow the guidelines or statutes for crack cocaine and must instead follow those for cocaine offenses, and he should be sentenced accordingly"). Though quick to point out the inconsistency between the conviction in this case and *Brisbane*, the defendant skips any analysis of the court's authority to modify a conviction outside of the seven-day Rule 29 or Rule 33 window. In *Brisbane*, the circuit court modified the judgment explicitly under 28 U.S.C. § 2106. *Brisbane*, 367 F.3d at 292. Section 2106 states that

> [t]he *Supreme Court or any other court of appellate jurisdiction* may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

28 U.S.C. § 2106 (emphasis added). The statute does not give the district court the authority to act in kind. Indeed, if it did, the district court would be able to do by statute that which it is prohibiting from doing under Rules 29 or 33 of the Federal Rules of Criminal Procedure. Lacking the authority to modify, vacate, set aside, or reverse the jury's verdict in this case, the court is resigned to enter judgment and sentence this defendant under the statutory provision for which he was convicted, though *Brisbane* calls that conviction into question.

## C. The Court will Issue a Sentence and an Alternative Sentence

On August 24, 2006, the court will sentence the defendant in this case. As explained above, the court, at this juncture, must sentence the defendant under 21 U.S.C. § 841(b)(1)(B)(iii). The court, however, has serious doubts about the lawfulness of the defendant's conviction for PWID cocaine base in light of *Brisbane*, and suspects that if the defendant appeals the judgment in this case, the circuit would, pursuant to its statutory authority under 28 U.S.C. § 2106 and as it did in *Brisbane*, vacate the "conviction for distributing 'cocaine base' and remand the case to the district court with instructions to enter a judgment of conviction for distributing 'cocaine' and to sentence accordingly." *Brisbane*, 367 F.3d 915.

Recognizing the inefficiencies that will likely result from this court's imposition of a sentence under 21 U.S.C. § 841(b)(1)(B)(iii), and, perhaps most importantly, the continued and unnecessary delay in providing this defendant with a final result in this criminal proceeding, the court will, at sentencing, clearly expound an alternative sentence for distribution of cocaine, which constitutes a violation of 21 U.S.C. § 841(b)(1)(C). In this way, if the defendant appeals his conviction in this case under *Brisbane*, and if the circuit court agrees with his arguments, the circuit court may wish to bypass its remand procedures and simply impose this court's alternative sentence. *See United States v. Simpson*, 430 F.3d 1177, 1185 (D.C. Cir. 2005) (finding "no error in the district court's decision merely to announce an alternative sentence" through its prescience for how a sentencing should proceed after *United States v. Booker*, 543 U.S. 220 (2005)); *see also, United States v. Coles*, 403 F.3d 764, 770-771 (D.C. Cir. 2005) (identifying a limited remand proceeding for the district courts to impose a post-*Booker* sentence when "the record is unclear" as to whether the district court would have imposed a different sentence materially more favorable to the defendant). Alternatively, the circuit court may remand to this court to formally

9

enter its alternative sentence.

For these reasons, it is hereby this 14th day of April, 2006,

**ORDERED** the probation office prepare an alternative presentence investigation report within thirty days of this order, and it is

**FURTHER ORDERED** that the alternative presentence investigation report shall contain the probation office's analysis as to an appropriate sentence assuming, all else remaining the same, that the defendant was convicted as to Count 2 of unlawful PWID cocaine, pursuant to 21 U.S.C. § 841(b)(1)(C), and it is

**ORDERED** that any party wishing to submit a reply memorandum to the probation office's alternative presentence investigation report must do so no later than eight business days after the probation officer discloses the alternative presentence investigation report, with responses (if any) due four business days thereafter, and it is

**FURTHER ORDERED** that a sentencing hearing shall take place on August 24, 2006 at 10:00 am, at which time the court will sentence the defendant as convicted by the jury and will clearly expound an alternative, 21 U.S.C. § 841(b)(1)(C) sentence as to Count 2.

**SO ORDERED.**

_____
Ricardo M. Urbina
United States District Judge