IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITRONICS (1989) (R"G) LTD., <br><br> and <br><br> UNITRONICS, INC. <br><br>     Plaintiffs, <br><br> v. <br><br> SAMY GHARB, <br><br>     Defendant. | Civil Action File No.: 1:06-cv-0027-RMC |

**PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIM**

Plaintiffs Unitronics (1989) (R"G) Ltd. and Unitronics, Inc. ("Plaintiffs") hereby file their Answer to any Counterclaim for patent infringement raised in Defendant Samy Gharb's ("Defendant") March 2, 2006 letter to the Court, showing the Court as follows:

In January 2006 Plaintiffs filed suit in this Court seeking a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 293 that U.S. Patent No. 6,552,654 ("the '654 Patent") is invalid for obviousness under 35 U.S.C. § 103 and that Plaintiffs have not in the past infringed, and do not currently infringe, by direct infringement, by inducement of infringement, or by contributory infringement, any claim of the '654 Patent within the meaning of 35 U.S.C. § 271. Plaintiffs also sought entry of judgment of damages against Defendant for Defendant's intentional interference with Plaintiffs' contractual relations under Massachusetts common law. Defendant chose to respond to Plaintiffs' Complaint by sending this Court yet another of his opaque and unintelligible letters, vaguely asserting some form of infringement against Plaintiffs, without providing any meaningful response to

Plaintiffs' Complaint with which to facilitate adjudication of Plaintiffs' meritorious claims. Such practice conforms with Defendant's *modus operandi* hereto (see Plaintiffs' Complaint ¶¶ 17 through 22, ¶ 25). Further, because Defendant's letter was not sent until after his statutory period to respond had passed, this Court had already entered Default against the Defendant under FED. R. CIV. P. 55(a).

Defendant's letter was entered into the record of this case on March 2, 2006. Plaintiffs did not then, and do not now, consider Defendant's letter, whatever it may be, any type of answer or responsive pleading as contemplated by FED. R. CIV. P. 7, 8, or 10. In a similar case, in which a *pro se* party chose not to file a responsive pleading to a complaint but instead filed three non-responsive documents with the court and was consequently defaulted, the Fifth Circuit affirmed the lower court's decision denying the *pro se* party's motion to set aside the default judgment. *U.S. v. Hassell*, 82 Fed. Appx. 372 (5th Cir. 2003). Likewise, in *Royal Petroleum Corp. v. Smith*, a party to the action chose not to file an answer but instead filed an affidavit: 1) asserting that he had a counterclaim; 2) argumentatively stating his legal position; and 3) alleging a few facts which for the most part were irrelevant and in any case were mediate or evidentiary. *Royal Petroleum Corp. v. Smith*, 127 F.2d 841, 842 (2d Cir. 1942). As the court there stated: "the trustee's affidavit was certainly as little in substance as in form such an answer as the rules require, unless indeed it meant to admit all that the petition alleged; it should have been a pleading, which it certainly was not, whatever else it was." *Id.* at 843. Thus, just as the trustee's affidavit was "certainly" not a responsive pleading in *Royal Petroleum*, so too is Defendant's letter certainly not a responsive pleading in the present case.

However, on April 24, 2006 this Court issued an Order classifying Defendant's letter as an Answer to Plaintiffs' Complaint and ordering that the Default entered against

Defendant be set aside. Therefore, while Plaintiffs reserve all future rights to challenge the classification of Defendant's letter as an Answer, to the extent that any of the obtuse statements in Defendant's March 2, 2006 letter qualify as a Counterclaim of patent infringement against Plaintiffs, Plaintiffs hereby deny that Counterclaim.

This 3rd day of May, 2006.

                                      Respectfully submitted,

                                      /s/ Glenn J. Perry  
                                      Glenn J. Perry  
                                      D.C. Bar No. 278630  
                                      SMITH, GAMBRELL & RUSSELL, LLP  
                                      1850 M Street, N.W., Suite 800  
                                      Washington, DC 20036  
                                      (202) 973-2611

                                      Attorney for Plaintiffs  
                                      Unitronics (1989) (R"G) Ltd., and  
                                      Unitronics, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITRONICS (1989) (R"G) LTD.,** <br><br> and <br><br> **UNITRONICS, INC.** <br><br>     Plaintiffs, <br><br> v. <br><br> **SAMY GHARB,** <br><br>     Defendant. | Civil Action File No.: 1:06-cv-0027-RMC |

## CERTIFICATE OF SERVICE

I, Glenn J. Perry, counsel for Plaintiffs, do hereby certify that I electronically filed with the Clerk of Court Plaintiff's Answer to Defendant's Counterclaim using the CM/ECF system and have served all parties by placing a copy of same in the U.S. mail, postage prepaid, addressed to the following:

Samy Gharb
Bachtobelstrasse 30,
8045 Zurich, Switzerland

Samy Gharb
P.O. Box 5066
8045 Zurich, Switzerland

This 3rd day of May, 2006.

/s/ Glenn J. Perry
Glenn J. Perry
D.C. Bar No. 278630
Smith, Gambrell & Russell, LLP
1850 M Street, N.W., Suite 800
Washington, DC 20036

Telephone: 202-973-2611
Fax: 202-263-4311

Attorney for Unitronics (1989) (R"G) Ltd. and
Unitronics, Inc.