# Exhibit A

SMITH, GAMBRELL & RUSSELL, LLP

ATTORNEYS AT LAW
SUITE 3100, PROMENADE II
1230 PEACHTREE STREET, N.E.
ATLANTA, GEORGIA 30309-3592
TELEPHONE (404) 815-3500
FACSIMILE (404) 815-3509
WEBSITE www.sgrlaw.com

ESTABLISHED 1893

WASHINGTON, D.C. OFFICE

SUITE 800
1850 M STREET, N.W.
WASHINGTON, D.C. 20036
TELEPHONE
(202) 263-4300
FACSIMILE
(202) 263-4329

FLORIDA OFFICE

SUITE 2200, BANK OF AMERICA TOWER
50 NORTH LAURA STREET
JACKSONVILLE, FL 32202
TELEPHONE
(904) 598-6100
FACSIMILE
(904) 598-6300

TODD D. WILLIAMS
(404) 815-3713
DIRECT FAX NO. (404) 685-7013
E-MAIL: TWILLIAMS@SGRLAW.COM

May 2, 2006

**VIA EMAIL AND FEDERAL EXPRESS**

Mr. Samy Gharb
Bachtobelstrasse 30,
8045 Zurich, Switzerland

P.O. Box 5066
8045 Zurich, Switzerland

Dear Mr. Gharb:

      Re:     Unitronics (1989) (R"G) Ltd., *et. al* v. Gharb
               Civil Action File No.: 1:06-cv-0027-RMC
               United States District Court for the District of Columbia

      We are writing you pursuant to the Court's Order of April 24, 2006, in the above captioned action (copy attached) in which the Court classified your previous letter (copy attached) as an Answer in the pending litigation, vacated its previous entry of default, and ordered that the parties meet to confer regarding the pending litigation. Given that the Court, as shown in its April 24, 2006 Order, has expressed its desire to conduct the FED. R. CIV. P. 16(b) scheduling conference as soon as possible, and in order to expedite this matter, we intend to file our proposed scheduling order no later than May 19, 2006. Thus, pursuant to FED. R. CIV. P. 26(f) and LCvR 16.3 of the Local Rules of the District Court for the District of Columbia, we are obligated to meet with you (a conference call by telephone will suffice) to confer to discuss a discovery plan and to address the issues set forth in LCvR 16.3(c), and would request that this be done as soon as possible, and in any event no later than **Wednesday May 10, 2006.**

      Pursuant to LCvR 16.3(c), at our scheduling conference we should plan to address the following matters:

- Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

Mr. Samy Gharb
May 2, 2006
Page 2

- The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.
- Whether the case should be assigned to a magistrate judge for all purposes, including trial.
- Whether there is a realistic possibility of settling the case.
- Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:
    (i) the client's goals in bringing or defending the litigation;
    (ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement
    (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:
        (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and
        (bb) whether ADR should take place before or after the judicial resolution of key legal issues;
    (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and
    (v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.
- Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.
- Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.
- The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.
- Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.
- In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Mr. Samy Gharb
May 2, 2006
Page 3

- Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.
- The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).
- Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.
- Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

Pursuant to LCvR 16.3(d) of the Local Rules of the District of Columbia, once we have met to confer on the above enumerated 16.3(c) topics and on a discovery plan, both parties must then separately submit, within 14 days of the conference: 1) a written report outlining the discovery plan and including a succinct statement of all agreements reached with respect to any of the 16.3(c) enumerated topics (and a description of any matters as to which the parties disagree); and 2) a proposed scheduling order. For your convenience, and to assist in your preparation for the LCvR 16.3 Conference, we have attached our proposed conference report and our proposed Scheduling Order to use as starting points for our conference. These documents represent a starting point for our required conference.

Given the short window in which we have to operate in order to schedule and conduct the LCvR 16.3 Conference between now and Wednesday, May 10, 2006, please contact us at 404-815-3713 or twilliams@sgrlaw.com at your earliest convenience so that we can schedule a mutually convenient time to conduct a telephone conference call to confer regarding the issues herein outlined and to determine a mutually convenient date to provide to Judge Collyer's deputy clerk to schedule the follow-up 16(b) scheduling conference with Judge Collyer.

Very truly yours,

Todd D. Williams

TDW/sgr

LIT\948403.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITRONICS (1989) (R"G) LTD.,

and

UNITRONICS, INC.

    Plaintiffs,

v.

SAMY GHARB,

    Defendant.

Civil Action File No.: 1:06-cv-0027-RMC

## PROPOSED SCHEDULING ORDER

The Court hereby adopts this Scheduling Order pursuant to FED. R. CIV. P. 16 and 26(f) and LCvR 16.4:

1.    A joint meet and confer report pursuant to FED. R. CIV. P. 26(f) and LCvR 16.3(d) shall be submitted to the Court on or by May 19, 2006.

2.    Initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) shall be served on or by May 31, 2006.

3.    Fact discovery begins on May 31, 2006.

4.    All fact discovery shall be completed by July 31, 2006.

5.    The parties agree to the simultaneous exchange of (a) all proposed claim terms that each party believes should be construed by the Court; and (b) a list identifying the elements in any claims a party contends are governed by 35 U.S.C. § 112, ¶6, on or by September 30, 2006.

6.    The parties agree to the simultaneous exchange of (a) their proposed claim constructions for all terms identified by either party pursuant to paragraph 8 above; and (b) for each element of a claim a party contends is governed by 35 U.S.C. § 112, ¶6, including identification of any structure(s), act(s) or material(s) which correspond to that element on or by October 15, 2006.

7.    The parties shall submit a joint claim construction statement on or by October 31, 2006, and shall meet and confer regarding the same before that date.

8.    Each party's opening brief on claim construction shall be served on or by November 30, 2006, and each party shall serve its responsive brief on claim construction 20 days thereafter.

9.    All dispositive motions, including summary judgment, shall be filed and served on or before January 22, 2007, opposition to such motions shall be filed and served within 20 days thereafter, and replies in support of such motions shall be filed and served 10 days thereafter.

10.    The party bearing the burden of proof on an issue shall provide a disclosure of experts and expert testimony on that issue, including expert reports, pursuant to FED. R. CIV. P. 26(a)(2), on or by February 15, 2007, or twenty (20) days after the Court's ruling on claim construction, whichever is later.

11.    On issues on which the opposing party bears the burden of proof, parties shall provide a disclosure of experts and expert testimony on that issue, including expert reports, pursuant to FED. R. CIV. P. 26(a)(2), on or by March 1, 2007, or thirty (30) days after the Court's ruling on claim construction, whichever is later.

12.    Disclosure of rebuttal experts and expert testimony, including expert reports, pursuant to FED. R. CIV. P. 26(a)(2), shall be provided on or by March 15, 2007, or forty (40) days after the Court's ruling on claim construction, whichever is later.

13.    Expert depositions shall begin on April 15, 2007, or sixty (60) days after the Court's ruling on claim construction, whichever is later.

14.    Expert depositions shall be completed on or by May 15, 2007, or ninety (90) days after the Court's ruling on claim construction, whichever is later.

15.    A Pretrial Statement pursuant to LCvR 16.5 shall be submitted to the Court on or by June 15, 2007, or one hundred twenty (120) days after the Court's ruling on claim construction, whichever is later.

16.    The Pretrial Conference shall be held at _____ a.m./p.m. on _____ [Court to insert date]; and trial of this matter shall be set for _____ [Court to insert date].

17.    The parties reserve the right to supplement, amend, or revise any disclosures required herein as discovery progresses.

SO ORDERED, this _____ day of _____, 2006.


_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE

Copies to:
Glenn J. Perry
D.C. Bar No. 278630
SMITH, GAMBRELL & RUSSELL, LLP
1850 M Street, N.W., Suite 800
Washington, DC 20036
(202) 973-2611

Attorney for Plaintiffs
Unitronics (1989) (R"G) Ltd., and
Unitronics, Inc.

Samy Gharb
Defendant *Pro Se*
Bachtobelstrasse 30,
8045 Zurich, Switzerland

LIT\948402.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITRONICS (1989) (R"G) LTD.,

and

UNITRONICS, INC.

    Plaintiffs,

v.

SAMY GHARB,

    Defendant.

Civil Action File No.: 1:06-cv-0027-RMC

## JOINT MEET AND CONFER STATEMENT

Pursuant to LCvR. 16.3(d), the following report outlines all agreements reached between Plaintiffs Unitronics (1989) (R"G) Ltd. and Unitronics, Inc. ("Plaintiffs") and Defendant Samy Gharb ("Defendant") in their LCvR 16.3(a) conference.

1.    <u>Discovery Plan.</u>

The parties propose the discovery plan set forth in the attached Proposed Scheduling Order.

2.    <u>Limitations on Discovery.</u>

The parties believe that a protective order governing the handling of confidential technical and commercial information of the parties will be needed in this case. The parties agree that all other rules regarding the extent and manner of discovery shall be governed by the Federal Rules of Civil Procedure.

3.    <u>Whether any Additional Parties Need to be Added or Pleadings Amended.</u>

The parties do not believe that any additional parties need to be added at this time. The parties do not believe that any pleadings need to be amended at this time.

4.    Whether the case can be disposed of by dispositive motion.

The parties agree that there are no pending dispositive motions that should further delay discovery.

5.    Likelihood of Settlement.

The parties do not believe that settlement is likely.

6.    Whether ADR methods should be used.

The parties do not believe that ADR is appropriate at this time.

7.    Assignment to Magistrate Judge.

The parties would prefer to keep the case on Judge Collyer's docket.

8.    Bifurcation of Discovery or Trial.

The parties do not have any proposals for bifurcation of discovery or trial.

9.    Trial Time Estimate.

The parties estimate that 5 days will be required to try this case.

10.    Other Matters.

The parties do not believe there are any other matters that need be addressed in this report.

This _____ day of May, 2006.

                                        Respectfully submitted,


                                        _____
                                        Glen J. Perry
                                        D.C. Bar No. 278630
                                        SMITH, GAMBRELL & RUSSELL, LLP
                                        1850 M Street, N.W., Suite 800
                                        Washington, DC 20036
                                        (202) 973-2611

Attorney for Plaintiffs
Unitronics (1989) (R"G) Ltd., and
Unitronics, Inc.

_____

Samy Gharb
Defendant *Pro Se*
Bachtobelstrasse 30,
8045 Zurich, Switzerland

LIT\948401.1

Samy Gharb
P.O Box 5066
8045 Zürich
Switzerland
Defendant

Unitronics LT
P.O. Box 300
Ben Gurion Airport
70100 Israel
Plaintiffs

USA
District Court
For the District of Columbia
Judge Ms Rosemary M Collyer
Civil Action File No,
06 0027

Dear Ms Rosemary M Collyer

I would like to send my answer to the letter from the Court and fact is unitronics are
doing business against USA Patent Law.
The priority of my USA patent is from 3.6.1999. Unitronics causes big damage to my
USA Patent.

Best regard

Int Patent holder
Samy Gharb

Let this be filed
RM Collyer
3/2/06

**RECEIVED**

FEB 2 2 2006

CHAMBERS OF
JUDGE COLLYER

1. Unitronics product micro PLC and GSM is an infringed U.S. Patent (6.552.654) by use sale offer.

2. The priority of the U.S patent is dated by the 3-6-99 under the law WO (world intellectual property organization)

3. Unitronic `s product PLC and GSM is manufactured in the USA since 2001.

4. Unitronics are making business with micro PLC and GSM kit and this fact can be witnessed on the internet since 2001.

5. Unitronics are making a direct infringement to U.S. patent since 2001 and Mr. Seth Freilich wrote this fact about the sale in the USA in the internet.

6. Mr. Glenn J. Perry the attorney for Unitronics forgot to tell about the priority data of the USA patent 654 it is form 3-6-1999 and this also by WO and American Law.

7. Infringement to the USA patent claim by use and sale of the function black in micro PLC to GSM.

8. All my faxes and e-mails were only to organize a meeting in order to discuss the matter and also to show my rights on the patent to this company.

9 The e-mail from Mr. Eyal Saban that wrote to this attorney said, that Mr. Gharb should win.

10. This Business from Unitronics is against USA patent law.

11. Mr. Swecker and Mattew LLP, who was my agent since 2000 is no longer in business, but he did not inform me about this.

12. Unitronics wrote in the internet that they sell micro PLC and GSM for security systems and control

13. Unitronics causes big damage to my USA patent in an amount not less than 20 Mio $ and Unitronics receives 500 $ for every piece of PLC and GSM micro sold.

14. The Exhibition show MD & D in USA was this company access consolidated with sale offer micro PLC and GSM from Unitronics

15. The publication of international application (35 US.c 344) under PCT article 20 and PCT rules 47 and 93.
The international bureau send copies of published international application to each of designated office. (USA patent office-member country).

USA Patent holder

Sanny Gharb

[signature]

Jo 9 2001

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITRONICS 1989 R G LTD, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-27 (RMC) |
| | ) | |
| SAMY GHARB, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Plaintiffs filed a Complaint in this case on January 10, 2006. Defendant having failed to timely answer or otherwise respond, the Clerk, on Plaintiffs' motion, entered default as to Defendant on February 21, 2006. On February 22, 2006, the Court received Defendant's Answer in chambers, and permitted it to be filed. In view of the preference for resolving disputes on the merits, the fact that Defendant — a resident of Switzerland — is proceeding *pro se* and filed his Answer just a few days late, and the absence of any indication that the filing delay was willful or that setting aside the default would prejudice Plaintiffs, the Court vacates the Clerk's entry of default and deems Defendant's Answer timely filed. *See Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980) (stating standard for setting aside default).

The parties are directed to confer with the Courtroom Clerk, Ms. Chashawn White, to select a mutually agreeable time for an Initial Status Conference. As a convenience to the parties, this conference will be conducted via telephone. Ms. White may be reached via e-mail, at Chashawn_White@dcd.uscourts.gov, or via telephone, at (202) 354-3176.

**SO ORDERED.**

Date: April 24, 2006

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

Copy to:

Samy Gharb
P.O. Box 5066
8045 Zurich
Switzerland

2