IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITRONICS (1989) (R"G) LTD., <br><br> and <br><br> UNITRONICS, INC. <br><br> Plaintiffs, <br><br> v. <br><br> SAMY GHARB, <br><br> Defendant. | Civil Action File No.: 1:06-cv-0027-RMC |

## PLAINTIFFS' RULE 16.3(d) CONFERENCE REPORT

Pursuant to LCvR. 16.3(d), the following report outlines the Rule 16.3(d) Conference Report proposed by Plaintiffs Unitronics (1989) (R"G) Ltd. and Unitronics, Inc. ("Plaintiffs"). Plaintiffs submit this Rule 16.3(d) Conference Report unilaterally. As is outlined in Plaintiffs' Certificate of Conference below, Plaintiffs have attempted in good faith to contact Defendant Samy Gharb ("Defendant") to schedule a Conference pursuant to LCvR 16.3 and FED. R. CIV. P. 26(f), but Defendant has not responded to Plaintiffs' effort to schedule a conference. Consequently, the following report represents Plaintiffs' report only.

1. Discovery Plan.

Plaintiffs propose the discovery plan set forth in the Proposed Scheduling Order, included separately below.

2. Limitations on Discovery.

Plaintiffs believe that a protective order governing the handling of confidential technical and commercial information of the parties will be needed in this case. Plaintiffs believe that all other rules regarding the extent and manner of discovery shall be governed by the Federal Rules of Civil Procedure.

3. <u>Whether any Additional Parties Need to be Added or Pleadings Amended.</u>

Plaintiffs do not believe that any additional parties need to be added at this time. Plaintiffs do not believe that any pleadings need to be amended at this time.

4. <u>Whether the case can be disposed of by dispositive motion.</u>

Plaintiffs believe that there are no pending dispositive motions that should further delay discovery.

5. <u>Likelihood of Settlement.</u>

Plaintiffs do not believe that settlement is likely.

6. <u>Whether ADR methods should be used.</u>

Plaintiffs do not believe that ADR is appropriate at this time.

7. <u>Assignment to Magistrate Judge.</u>

Plaintiffs would prefer to keep the case on Judge Collyer's docket.

8. <u>Bifurcation of Discovery or Trial.</u>

Plaintiffs do not have any proposals for bifurcation of discovery or trial.

9. <u>Trial Time Estimate.</u>

Plaintiffs estimate that 5 days will be required to try this case.

10. <u>Other Matters.</u>

Plaintiffs believe that Defendant's failure to file a responsive answer to the Complaint and Defendant's failure to cooperate in preparation of this Report and the Scheduling Order represent defaults and/or sanctionable conduct. Plaintiffs do not believe there are any other matters that need be addressed in this report.

This 22nd day of May, 2006.

                              Respectfully submitted,

                              /s/ Glenn J. Perry
                              Glenn J. Perry
                              D.C. Bar No. 278630
                              SMITH, GAMBRELL & RUSSELL, LLP
                              1850 M Street, N.W., Suite 800
                              Washington, DC 20036
                              (202) 973-2611
                              Attorney for Plaintiffs
                              Unitronics (1989) (R"G) Ltd., and
                              Unitronics, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITRONICS (1989) (R"G) LTD., <br><br> and <br><br> UNITRONICS, INC. <br><br>    Plaintiffs, <br><br> v. <br><br> SAMY GHARB, <br><br>    Defendant. | Civil Action File No.: 1:06-cv-0027-RMC |

## **PLAINTIFFS' PROPOSED SCHEDULING ORDER**

The Court hereby adopts this Scheduling Order pursuant to FED. R. CIV. P. 16 and LCvR 16.4:

1. Initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) shall be served on or by June 16, 2006.

2. Fact discovery shall begin on June 16, 2006.

3. All fact discovery shall be completed by August 16, 2006.

4. The parties shall simultaneously exchange (a) all proposed claim terms that each party believes should be construed by the Court; and (b) a list identifying the elements in any claims a party contends are governed by 35 U.S.C. § 112, ¶6, on or by September 30, 2006.

5. The parties shall simultaneously exchange (a) their proposed claim constructions for all terms identified by either party pursuant to paragraph 4 above; and (b) for each element of a claim a party contends is governed by 35 U.S.C. § 112, ¶6, including

identification of any structure(s), act(s) or material(s) which correspond to that element on or by October 15, 2006.

6. The parties shall submit a joint claim construction statement on or by October 31, 2006, and shall meet and confer regarding the same before that date.

7. Each party's opening brief on claim construction shall be served on or by November 30, 2006, and each party shall serve its responsive brief on claim construction 20 days thereafter.

8. All dispositive motions, including summary judgment, shall be filed and served on or before January 22, 2007, opposition to such motions shall be filed and served within 20 days thereafter, and replies in support of such motions shall be filed and served 10 days thereafter.

9. The party bearing the burden of proof on an issue shall provide a disclosure of experts and expert testimony on that issue, including expert reports, pursuant to FED. R. CIV. P. 26(a)(2), on or by February 15, 2007, or twenty (20) days after the Court's ruling on claim construction, whichever is later.

10. On issues on which the opposing party bears the burden of proof, parties shall provide a disclosure of experts and expert testimony on that issue, including expert reports, pursuant to FED. R. CIV. P. 26(a)(2), on or by March 1, 2007, or thirty (30) days after the Court's ruling on claim construction, whichever is later.

11. Disclosure of rebuttal experts and expert testimony, including expert reports, pursuant to FED. R. CIV. P. 26(a)(2), shall be provided on or by March 15, 2007, or forty (40) days after the Court's ruling on claim construction, whichever is later.

12. Expert depositions shall begin on April 15, 2007, or sixty (60) days after the Court's ruling on claim construction, whichever is later.

13. Expert depositions shall be completed on or by May 15, 2007, or ninety (90) days after the Court's ruling on claim construction, whichever is later.

14. A Pretrial Statement pursuant to LCvR 16.5 shall be submitted to the Court on or by June 15, 2007, or one hundred twenty (120) days after the Court's ruling on claim construction, whichever is later.

15. The Pretrial Conference shall be held at _____ a.m./p.m. on _____ [Court to insert date]; and trial of this matter shall be set for _____ [Court to insert date].

16. The parties reserve the right to supplement, amend, or revise any disclosures required herein as discovery progresses.

SO ORDERED, this _____ day of _____, 2006.

_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE

Copies to:

Glenn J. Perry
D.C. Bar No. 278630
SMITH, GAMBRELL & RUSSELL, LLP
1850 M Street, N.W., Suite 800
Washington, DC 20036
(202) 973-2611
Attorney for Plaintiffs
Unitronics (1989) (R"G) Ltd., and
Unitronics, Inc.


Samy Gharb
Defendant *Pro Se*
P.O. Box 5066
8045 Zurich, Switzerland

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITRONICS (1989) (R"G) LTD.,

and

UNITRONICS, INC.

    Plaintiffs,

v.

SAMY GHARB,

    Defendant.

Civil Action File No.: 1:06-cv-0027-RMC

## CERTIFICATE OF CONFERENCE

Pursuant to LCvR 16.3(d), I, Glenn J. Perry, counsel for Plaintiffs, do hereby certify that counsel for Plaintiffs have made a good faith effort to confer with Defendant Samy Gharb to schedule a FED. R. CIV. P. 26(f) conference. Defendant has ignored these good faith efforts. Specifically, on May 2, 2006, Plaintiffs' counsel sent the materials attached as Exhibit A to Defendant both by email to Defendant's last known email address, gharbport@bluemail.ch, and, in an abundance of caution, by mail to Defendant's last *two* known addresses: 1) Bachtobelstrasse 30, 8045 Zurich, Switzerland; and 2) P.O. Box 5066, 8045 Zurich, Switzerland. The package sent to Defendant's street address was sent by Federal Express; the package sent to Defendant's P.O. Box was sent by Express Mail. On May 8, 2006, Federal Express informed Plaintiffs' counsel that Defendant's last known street address, Bachtobelstrasse 30, 8045 Zurich, Switzerland, is no longer a valid street address, and consequently that package has since been returned to counsel. However, on May 8, 2006 the United States Postal Service confirmed, by telephone, that the package

sent via Express Mail to Defendant's P.O. Box was delivered and signed for at 2:07 pm on Friday, May 5, 2006. Despite the apparent fact that Defendant has therefore received Plaintiffs' materials, Defendant has heretofore ignored Plaintiffs' request to schedule a conference pursuant to FED. R. CIV. P. 26(f) and LCvR 16.3.

This 22nd day of May, 2006.

      /s/ Glenn J. Perry
Glenn J. Perry
D.C. Bar No. 278630
Smith, Gambrell & Russell, LLP
1850 M Street, N.W., Suite 800
Washington, DC 20036
Telephone: 202-973-2611
Fax: 202-263-4311
Attorney for Unitronics (1989) (R"G) Ltd. and Unitronics, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITRONICS (1989) (R"G) LTD.,**<br><br>and<br><br>**UNITRONICS, INC.**<br><br>   Plaintiffs,<br><br>v.<br><br>**SAMY GHARB,**<br><br>   Defendant. | Civil Action File No.: 1:06-cv-0027-RMC |

## CERTIFICATE OF SERVICE

I, Glenn J. Perry, counsel for Plaintiffs, do hereby certify that I electronically filed with the Clerk of Court Plaintiffs' RULE 16.3(d) CONFERENCE REPORT and PROPOSED SCHEDULING ORDER using the CM/ECF system and have served all parties by placing a copy of same in the U.S. mail, postage prepaid, addressed to the following:

Samy Gharb
P.O. Box 5066
8045 Zurich, Switzerland

This 22nd day of May, 2006.

　　　　　　　　　　　　　　　　　　　　/s/ Glenn J. Perry
　　　　　　　　　　　　　　　　　　　Glenn J. Perry
　　　　　　　　　　　　　　　　　　　D.C. Bar No. 278630
　　　　　　　　　　　　　　　　　　　Smith, Gambrell & Russell, LLP
　　　　　　　　　　　　　　　　　　　1850 M Street, N.W., Suite 800
　　　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　　　Telephone: 202-973-2611
　　　　　　　　　　　　　　　　　　　Fax: 202-263-4311

Attorney for Unitronics (1989) (R"G) Ltd. and
Unitronics, Inc.