## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITRONICS 1989 R G LTD**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 06-27 (RMC)** |
| | ) |
| **SAMY GHARB,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## SCHEDULING ORDER

Upon consideration of the Plaintiffs' report submitted pursuant to LCvR 16.3(d), and after a scheduling conference held via telephone on June 2, 2006, it is hereby **ORDERED** that:

1.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be made no later than June 16, 2006.

2.    Fact discovery shall commence on June 16, 2006.

3.    All fact discovery shall be completed no later than August 16, 2006.

4.    The parties shall simultaneously exchange, no later than September 30, 2006, (a) all proposed claim terms that each party believes should be construed by the Court; and (b) a list identifying the elements in any claims a party contends are governed by 35 U.S.C. § 112, ¶ 6.

5.    The parties shall simultaneously exchange, no later than October 15, 2006, (a) their proposed claim constructions for all terms identified by either party pursuant to paragraph four, above; and (b) for each element of a claim a party contends is governed by 35 U.S.C. § 112, ¶ 6,

     including identification of any structure(s), act(s), or material(s) that correspond to that element.

6.     The parties shall submit a joint claim construction statement no later than October 31, 2006, and shall meet and confer regarding the same in advance of that date.

7.     Each party's opening brief on claim construction shall be filed no later than November 30, 2006, and each party shall file its responsive brief on claim construction no later than December 20, 2006.

8.     Dispositive motions shall be filed no later than January 22, 2007; oppositions shall be filed no later than February 12, 2007; and replies shall be filed no later than February 23, 2007. A motion for extension of time to file a motion, opposition, or reply will be denied except upon a showing of good cause. The page limitations for briefs referenced in LCvR 7(e) are to be strictly followed by the parties.

9.     Pursuant to Fed. R. Civ. P. 26(a)(2), the party bearing the burden of proof on an issue shall disclose experts and expert testimony, including expert reports, no later than February 15, 2007, or twenty days after the Court's ruling on claim construction, whichever is later. The party not bearing the burden of proof on an issue shall disclose experts and expert testimony on that issue, including expert reports, no later than March 1, 2007, or thirty days after the Court's ruling on claim construction, whichever is later. Disclosure of rebuttal experts and expert testimony, including expert reports, shall be provided no later than March 15, 2007, or forty days after the Court's ruling on claim construction, whichever is later.

10.    Expert depositions shall begin on April 15, 2007, or sixty days after the Court's ruling on claim construction, whichever is later, and shall be completed no later then May 15, 2007, or ninety days after the Court's ruling on claim construction, whichever is later.

11.    Each party is limited to a maximum of five (5) depositions.

12.    Each party is limited to a maximum of twenty-five (25) interrogatories, including discrete subparts. Responses to all interrogatories shall be made thirty (30) days after service.

13.    Each party is limited to a maximum of twenty-five (25) requests for admissions, including discrete subparts. Responses to all requests for admissions shall be made thirty (30) days after service.

14.    Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.

15.    Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

16.    Plaintiffs' counsel are directed to prepare all discovery requests in plain and simple English, avoiding legalese, in consideration of the fact that Defendant, who is proceeding pro se, is not a native speaker. **Notwithstanding paragraph fifteen, above, Plaintiffs' counsel shall file all discovery requests with the Court.**

3

17.     A further status conference will be set at a date and time to be selected by the Deputy Clerk, at which time a pretrial conference date and a trial date will be selected.  Counsel shall be prepared at the status conference to advise the court of the expected length of trial and of the number of fact and expert witnesses each party will present.  Trial counsel shall appear at all hearings, unless excused by the court in advance of the hearing date.

18.     Counsel are expected to evaluate their respective cases for settlement purposes.  Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a Magistrate Judge.  If the case settles, in whole or in part, Plaintiff's counsel shall advise this Court by promptly filing a stipulation.

19.     This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court.  *See* Fed. R. Civ. P. 16(b); LCvR 16.4(b).

**SO ORDERED.**


Date: June 5, 2006                          _____/s/_____

                                            ROSEMARY M. COLLYER
                                            United States District Judge