IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Unitronics (1989) (R"G) Ltd.,**

and

**Unitronics, Inc.**

    Plaintiffs,

v.

**Samy Gharb,**

    Defendant.

Civil Action File No.: 1:06-cv-0027-RMC

## PLAINTIFFS' FIRST CONTINUING INTERROGATORIES

Plaintiffs Unitronics (1989) (R"G) Ltd. and Unitronics, Inc. ("Unitronics"), pursuant to FED. R. CIV. P. 33, request that Defendant Samy Gharb sign his answers and serve them upon Deborah Heineman, Smith, Gambrell & Russell, LLP, 1230 Peachtree Street, N.E., Suite 3100, Atlanta, Georgia 30309-3592, U.S.A. within thirty three (33) days after the date of service of these Interrogatories.

### Instructions

If the answer to a question is only partly known, please provide as much information as is known and specify which part of your response is not complete due to your lack of knowledge. If exact dates, amounts or other figures or facts are not known, but you have information permitting you to make an approximate or estimated answer, please make an approximate or estimated answer and indicate that it is an approximation or estimate because more precise information is not known to you.

With respect to any Interrogatory that calls for the description of the contents of a document or documents or asks that a document or documents be identified, you may, in lieu of answering said Interrogatory, attach such document, or copies thereof, to your answers, specifying the exact Interrogatory to which each document relates or state that such documents will be produced in accordance with Plaintiff's First Request for Production of Documents if such documents are so produced; but any documents herein specified which cannot or will not be produced must be identified, whether or not they are in your possession, custody or control.

Each of the following Interrogatories is deemed to be continuing in the manner provided by law.

### Definitions

As used herein, the following terms have the following meanings:

A.  "Unitronics" shall mean Plaintiffs Unitronics (1989) (R"G) Ltd. and Unitronics, Inc. and all of their predecessors, successors, assigns, divisions, subsidiaries, affiliated corporations, or other entities controlled or under common control by them and the present and former directors, members, officers, employees, agents, accountants, attorneys, representatives, insurers, reinsurers, or other persons acting or purporting to act on its behalf.

B.  "Defendant" or "You" means Samy Gharb.

C.  "This Action" shall mean the civil litigation action styled as *Unitronics (1989) (R"G) Ltd. and Unitronics, Inc. v. Samy Gharb*, in the United States District Court for the District of Columbia, Civil Action File No. 1:06-cv-0027-RMC.

D.  "Defendant's Answer" shall mean Defendant's letter entered into the record of this litigation action styled as *Unitronics (1989) (R"G) Ltd. and Unitronics, Inc. v. Samy Gharb*, in the United States District Court for the District of Columbia, Civil Action File No. 1:06-cv-

0027-RMC on March 2, 2006 despite the fact that Plaintiffs do not consider Defendant's letter to be any type of answer or responsive pleading as contemplated by Fed. R. Civ. P. 7, 8, or 10.

  E. "'654 Patent" shall mean the United States Patent No. 6,552,654.

  F. "Person" or "individual" shall mean and include any natural person, firm, partnership, trust, estate, association, corporation, proprietorship, joint venture, governmental body, governmental agency or commission, or any other incorporated or unincorporated association, organization, or entity whether or not recognized as such by law.

  G. "Date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof, including the relationship to other events.

  H. "And" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information that might otherwise be construed to be out side their scope.

  I. "Relate(s) to" or "relating to" shall be construed to include "refers to," "summarizes," "constitutes," "contains," "studies," "analyzes," "considers," "explains," "mentions," "shows," "discusses," "describes," "comments upon," "reports," "states," "recounts," "recites," "refutes," "details," "clarifies," "evidences," "reflects," "concerns," or "memorializes."

  J. "Document" shall be used in their broadest sense and shall mean and include all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto.

  K. "Communication" shall mean any verbal or written exchange of information between any persons or entities, including, but not limited to, verbal conversations, telephone calls, letters, electronic mail, facsimiles, memorandums, recordings, reports, telegrams,

telecopier messages, telex messages, exhibits, attachments, enclosures, drawings, and other documents as defined herein, which relate in any way to such conversations.

L. When a document responsive to any of these interrogatories or production requests is withheld from identification on any ground, such as that of the attorney-client privilege or the work product immunity doctrine, Defendant shall furnish Plaintiffs with a list identifying each such document by date, author(s) (including position and title of same), recipient(s) (including position and title of same), the general nature of the document (e.g., letter or an infringement opinion); and identifying the subject matter with sufficient detail to enable the document to be referred to in any subsequent motion to compel production; and further the listing shall state the basis asserted for withholding the document in sufficient detail so as to enable the claim of privilege or immunity or other claim to be adjudicated.

M. A request to "identify" a natural person or individual is a request for a statement of the person's full legal name; the person's present or last known residence address and telephone number; his or her occupation and title or position; the person's present or last known employer; and, if the person has ever been employed by any Defendant, the employment positions which he or she has held with such Defendant; and if any of the foregoing information about the person was different over the time period to which a particular interrogatory is directed, the interrogatory is a request to supply both current information as well as such different information.

N. A request to "identify" a legal entity that is not a natural person is a request for the identification of the full name of the entity; the date and place of its incorporation or organization; the address of that entity's principal place of business; the type of entity it is (e.g. a corporation, a partnership, a sole proprietorship, etc.); and further is a request for a statement of

all those natural persons who have knowledge of the matter with respect to which the entity is named in the response.

O.     A request to "identify" a communication is a request for a statement of the substance of the communication in meaningful detail; for the date and place of such communication; for the identification of the means used to effect the communication (e.g., telephone conversation, telegram, conference); for the identification of all those persons who participated in, heard, or witnessed the communication; and further is a request for the identity of each document comprising, reflecting, referencing or alluding to the communication.

### Interrogatories

1.     Please identify any basis, for example any underlying or supporting fact, for your assertion that Unitronics has infringed the "654 Patent.

2.     For any other defenses or counterclaims which you may have raised in "Defendant's Answer," your letter entered into the Court's record on May 2, 2006, please identify in detail the nature of each defense and/or counterclaim and identify each underlying or supporting fact which you contend establishes these additional defenses or counterclaims.

3.     Please list all of the products manufactured or sold by Unitronics which you allege infringe the '654 Patent and provide the factual basis for your allegation that each such product infringes the '654 Patent.

4.     Please provide the date upon which you first became aware of any products manufactured or sold by Unitronics which you allege infringes the '654 Patent.

5.     Please identify all persons whom you have accused of infringing the '654 Patent, and identify all Documents reflecting or relating to such accusations.

6.      Please identify any and all products manufactured or sold by anyone other than Unitronics which you contend infringes the '654 Patent.

7.      For each claim of the '654 Patent which you allege is infringed by Unitronics, please provide an infringement chart with an element-by-element comparison between each such claim of the '654 Patent and each such product showing how the product infringes each claim.

8.      Please set forth the invention date for the '654 Patent.

9.      Please identify the location (city and country) where the subject matter of the '654 Patent was first reduced to practice. (Reduced to practice refers to the actual construction of the invention in physical form and includes when you first operated, demonstrated or tested the invention for its intended use.).

10.     Please identify the date on which the subject matter of the '654 Patent was first sold or offered for sale in the United States and the circumstances of such sale or offer for sale, the date on which the subject matter of the '654 Patent was first described in a printed or written publication, and the date on which the subject matter of the '654 Patent was first put in public use in the United States and the circumstances of such public use.

11.     Please identify all prior art, patentability, validity, right to use, and infringement searches, studies or opinions relating to the subject matter of the '654 Patent conducted by you or on your behalf, including the identity of all persons who participated or otherwise performed each such search, study or opinion, and all oral communications and documents referring to or reflecting such search, study or opinion.

12.     Identify all prior art patents, publications, offers for sale and public uses relating to the subject matter of the '654 Patent ("Prior Art") known at any time prior to the issuance of the '654 Patent by you, and for each instance of this Prior Art, state when you first became aware of

the Prior Art and what steps, if any, were taken to communicate such Prior Art to the U.S. Patent and Trademark Office and please identify all documents relating to or reflecting such awareness.

13. Identify the following:

    a. any application directed to or covering any of the subject matter disclosed in the '654 Patent which has been filed in any country other than the United States and the status of each such application;

    b. any prior art of record in the file history for each such application including any patent, publication, or fact and any prior art, publication, or other factor for rejection upon which any examining authority relied during the prosecution of each such application;

    c. any opposition or cancellation proceeding filed against each such application including any person involved in each such opposition or cancellation proceeding, the status of each such opposition or cancellation proceeding, and any prior art, publication, or fact relied upon during each such opposition or cancellation proceeding; and

    d. any patent which has issued based upon each such application including the patent number, issue date, country of issuance, and expiration date.

12. Please identify any license or any offer to grant a license for the subject matter of the '654 Patent and the terms of each such license or each such offer to grant a license for the subject matter of the '654 Patent.

13. With respect to any product manufactured or sold by you or licensees of the '654 Patent which incorporates any of the subject matter of the '654 Patent (for example any Security

System with a Mobile Telephone manufactured or sold by you or your licensee) identify the following:

    a. the trade or brand name, model number and other applicable designation of each type or model each such product;

    b. the price of each such product

    c. the volume and dollar amount of sales of each such product;

    d. and the dollar amount of expenditures by you or licensees of the '654 Patent for advertising and promoting of each such product.

14. Identify any past or present supplier of any component part for any Security System with a Mobile Telephone manufactured or sold by you.

15. Identify any expert or fact witness which you intend to call at any hearing or trial of this Action and any expert retained by you for the purposes of this litigation and any subject matter on which each such expert may testify including the substance of the facts and opinions to which each such expert may testify including the grounds for each such opinion and testimony.

16. Identify any lawsuit, arbitration, or other dispute resolution proceeding in which you have participated in which novelty, patentability, scope, validity, infringement, inventorship, or enforceability of the '654 Patent has been an issue or a claim, including the style of each such lawsuit, arbitration, or other dispute resolution proceeding with reference to the court or other dispute resolution entity and country of jurisdiction, the civil action or other identification number, the judge or other arbitrator, and the parties.

This 27th day of June, 2006.

                                        Respectfully submitted,

                                        /s/ Glenn J. Perry
                                        Glenn J. Perry

D.C. Bar No. 278630

SMITH, GAMBRELL & RUSSELL, LLP
1850 M Street, N.W., Suite 800
Washington, DC 20036
(202) 973-2611

Attorney for Plaintiffs
Unitronics (1989) (R"G) Ltd., and
Unitronics, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Unitronics (1989) (R"G) Ltd.,** and **Unitronics, Inc.** <br><br> Plaintiffs, <br><br> v. <br><br> **Samy Gharb,** <br><br> Defendant. | Civil Action File No.: 1:06-cv-0027-RMC |

## CERTIFICATE OF SERVICE

I, Glenn J. Perry, counsel for Plaintiffs, do hereby certify that I electronically filed with the Clerk of Court Plaintiffs' FIRST CONTINUING INTERROGATORIES as required by this Court's Scheduling Order using the CM/ECF system and have served all parties by placing a copy of same in the U.S. mail, postage prepaid, addressed to the following:

Samy Gharb
P.O. Box 5066
8045 Zurich, Switzerland
Tel: 00410792951584

This 27th day of June, 2006.

/s/ Glenn J. Perry
Glenn J. Perry
D.C. Bar No. 278630
Smith, Gambrell & Russell, LLP
1850 M Street, N.W., Suite 800
Washington, DC 20036
Telephone: 202-973-2611
Fax: 202-263-4311
Attorney for Unitronics (1989) (R"G) Ltd. and Unitronics, Inc.