IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITRONICS (1989) (R"G) LTD.,**

and

**UNITRONICS, INC.**

    Plaintiffs,

v.

**SAMY GHARB,**

    Defendant.

Civil Action File No.: 1:06-cv-0027-RMC

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,522,654

Pursuant to FED.R.CIV.P. 56, Plaintiff, Unitronics (1989) (R"G) Ltd., a corporation organized and existing under the laws of the state of Israel, and its United States subsidiary, Plaintiff, Unitronics, Inc., a corporation with its principal place of business in Massachusetts (collectively "Unitronics"), hereby file its Memorandum of Points and Authorities in Support of its Motion for Partial Summary Judgment of Non-Infringement Of U.S. Patent No. 6,522,654 against Defendant, Samy Gharb, a resident of Switzerland ("Gharb"). Unitronics seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Unitronics has not in the past infringed, and does not currently infringe, by direct infringement, by inducement of infringement, or by contributory infringement, any claim of United States Patent No. 6,552,654, (hereinafter the '654 Patent), within the meaning of 35 U.S.C. § 271. Because Gharb's infringement claim is frivolous, making this an exceptional case, Unitronics also seeks its reasonable attorneys fees under 35 U.S.C. § 285.

In this Motion for Partial Summary Judgment, Plaintiffs seek the following remedies: (1) that the Court declare that Plaintiffs have not in the past infringed, and do not currently infringe, by direct infringement, by inducement of infringement, or by contributory infringement, any claim of the '654 Patent within the meaning of 35 U.S.C. § 271; (2) that the Court find this case to be an exceptional case pursuant to 35 U.S.C. § 285 of the Patent Act and thereby award Plaintiffs their reasonable attorney fees in an amount to be determined; (3) that Defendant, or any officers, agents, servants, representatives, employees, attorneys, successors, assigns, and all persons acting in concert or participation with Defendant, be permanently enjoined from bringing or threatening to bring any action under the '654 Patent against Plaintiffs (and their distributors and customers), or from otherwise threatening Plaintiffs (and their distributors and customers) on the basis of allegations of infringement of the '654 Patent, or from in any way directly or indirectly using the '654 Patent to interfere with the business of Plaintiffs.

In support of their motion, Plaintiffs rely upon the following:

(1)     Plaintiffs' Memorandum of Points and Authorities in Support of Their Motion for Partial Summary Judgment of Non-Infringement of U.S. Patent No. 6,522,654 and the exhibits thereto, filed concurrently herewith;

WHEREFORE Plaintiffs respectfully pray that their Motion for Entry of Partial Summary Judgment against Defendant be granted as follows:

(1)     That the Court declare that Plaintiffs have not in the past infringed, and do not currently infringe, by direct infringement, by inducement of infringement, or by contributory infringement, any claim of the '654 Patent within the meaning of 35 U.S.C. § 271;

(2)     That the Court find this case to be an exceptional case pursuant to Section 285 of

the Patent Act and thereby awards Plaintiffs their attorney fees in an amount to be

determined;

(3)     That Defendant, or any officers, agents, servants, representatives, employees,

attorneys, successors, assigns, and all persons acting in concert or participation with Defendant,

be permanently enjoined and restrained from bringing or threatening to bring any action under

the '654 Patent against Plaintiffs (and their distributors and customers), or from otherwise

threatening Plaintiffs (and their distributors and customers) on the basis of allegations of

infringement of the '654 Patent, or from in any way directly or indirectly using the '654 Patent to

interfere with the business of Plaintiffs; and

(4)     Such other and further relief as the Court deems just and equitable.

For the Court's convenience, a proposed Order granting Plaintiffs' Motion is attached hereto.

This 18TH day of September, 2006.

Respectfully submitted,

 _/s/ Glenn J. Perry_____
Glen J. Perry
D.C. Bar No. 278630
SMITH, GAMBRELL & RUSSELL, LLP
1850 M Street, N.W., Suite 800
Washington, DC 20036
(202) 973-2611

Attorney for Plaintiffs
Unitronics (1989) (R"G) Ltd., and
Unitronics, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITRONICS (1989) (R"G) LTD.,**

and

**UNITRONICS, INC.**

    Plaintiffs,

v.

**SAMY GHARB,**

    Defendant.

Civil Action File No.:  1:06-cv-0027-RMC

## CERTIFICATE OF SERVICE

    I, Glenn J. Perry, counsel for Plaintiffs, do hereby certify that I electronically filed with the Clerk of Court  PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,522,654 using the CM/ECF system and have served all parties by placing a copy of same in the U.S. mail, postage prepaid, addressed to the following:

    Samy Gharb
    Bachtobelstrasse 30,
    8045 Zurich, Switzerland

    Samy Gharb
    P.O. Box 5066
    8045 Zurich, Switzerland

This 18TH day of September, 2006.

    _/s/ Glenn J. Perry_____
    Glenn J. Perry
    D.C. Bar No. 278630
    SMITH, GAMBRELL & RUSSELL, LLP
    1850 M Street, N.W., Suite 800
    Washington, DC 20036
    Telephone: 202-973-2611
    Fax: 202-263-4311