IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Unitronics (1989) (R"G) Ltd.,**

and

**Unitronics, Inc.**

    Plaintiffs,

v.

**Samy Gharb,**

    Defendant.

Civil Action File No.: 1:06-cv-0027-RMC

### PLAINTIFFS' RESPONSES TO DEFENDANT'S FIRST SET OF "INTERROGATORIES"

Plaintiffs, Unitronics (1989) (R"G) Ltd. and Unitronics, Inc. respond to Defendant's Interrogatories under oath, on the basis of (i) a reasonable and thorough search for information and documents maintained in Plaintiffs' possession, custody or control responsive to Defendant's Interrogatories in locations where such documents and information are most likely to be found; (ii) a reasonable and thorough inquiry of those persons employed by Plaintiffs most likely to have information and/or documents responsive to Defendant's Interrogatories; (iii) a reasonable and thorough review of such information and documents; and (iv) without waiving any objection or admitting the relevance or materiality of any matter inquired about.

Plaintiffs reserve the right to amend or supplement their responses to Defendant's Interrogatories as needed pursuant to the Federal Rules of Civil Procedure.

## DEFINITION OF TERMS

As understood by Plaintiffs the following terms have the following meanings:

"Unitronics, Ltd." shall mean Unitronics (1989)(R"G) Ltd.

"Unitronics, Inc." shall mean Unitronics, Inc.

"Unitronics" shall mean either or both Unitronics, Ltd. and Unitronics, Inc.

"PLC" or "PLCs" – Programmable Logic Controller(s).  A small computer used for automation of real-world processes, such as control of machinery on factory assembly lines.

"GSM" - Global System for Mobile Communications is an international standard containing specifications defining a certain cellular communications network.  The GSM specifications define the functions and interface requirements in detail but do not address the hardware.  As used herein GSM defines a wireless communications device, such as a cell phone or modem, capable of communicating over a GSM network.

"PLC & GSM" – A PLC having GSM integrated into the PLC device and sold as a unitary device.

"ISO" –The International Organization for Standardization (ISO) is an international standard-setting body composed of representatives from national standards bodies.

## DEFINITION OF OBJECTIONS

As used herein, the following terms have the following meanings:

"Privilege" means information or documents subject to the attorney-client privilege because they reflect or constitute, in full or in part, a privileged communication between attorney and client.

"Work Product" means information or documents which have been prepared either in anticipation of litigation or for hearing or trial, or which constitute the mental impressions, conclusions, opinions, or legal theories of counsel for or representatives of Plaintiffs concerning this action.

"Overly Broad" means Plaintiffs object to the discovery request to the extent it calls for (i) creation of a compilation or evaluation of information or data, (ii) information or documents which are not within the applicable scope of discovery in this action, (iii) information or documents which are not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence, or (iv) information or documents which are not available to Plaintiffs, information or documents which are not available to Plaintiffs after reasonable inquiry of third parties, or are equally available to Defendant and Plaintiffs.

"Burdensome" means that the discovery request is overly broad or overly inclusive and/or calls for extensive research or investigation or information or documents the gathering and/or production of which would subject Plaintiffs to annoyance, oppression, or undue burden or expense.

"Vague" means that the discovery request is vague, indefinite, uncertain, and/or ambiguous and is not susceptible of reasonable interpretation or is readily subject to alternative interpretation.

"Confidential Information" means that the discovery request seeks information that is a trade secret or other confidential research, development, or commercial information.

3

## GENERAL OBJECTIONS

Plaintiffs object to Defendant's Interrogatories in their entirety as being unduly burdensome and oppressive to the extent that Defendant seeks to require Plaintiffs to provide information other than that obtained as the result of the efforts of Plaintiffs as set forth hereinabove, to the extent Defendant seeks to impose burdens on Plaintiffs greater than those imposed by the Federal Rules of Civil Procedure, to the extent that the Interrogatories request information that is protected by the attorney-client privilege and/or the attorney work-product doctrine, and/or or to the extent that the request calls for a legal conclusion or legal opinion.

Plaintiffs reserve the right to object to Defendant's Interrogatories with regard to any information or documents not currently in their custody, possession or control or which later may come into their custody, possession or control.

Plaintiffs object to Defendant's use of "Unitronics" to the extent it seeks discovery from entities that are not parties to this lawsuit and which have no connection to this lawsuit. Plaintiffs' responses to these interrogatories will be limited to information and documents in the possession, custody or control of named Plaintiffs, Unitronics, Inc. and Unitronics, Ltd.

Plaintiffs object to Defendant's use of the term "PLC", "GSM", and "PLC & GSM" as Defendant has not defined these terms, which are susceptible to different meanings, and are therefore vague. Plaintiffs' responses hereto, utilize their understanding of the terms "PLC", "GSM", "PLC & GSM" as hereinabove defined.

### III.   INTERROGATORIES

INTERROGATORY NO. 1:

1. How many companies are doing business in USA with Unitronics

OBJECTIONS:

4

Plaintiffs object on the grounds that the request is vague as to the meaning of the terms "doing business," making the request overly broad and burdensome. Plaintiffs object to this request to the extent it seeks the disclosure of confidential and proprietary data. Subject to and without waiving such Objections, Plaintiffs respond as follows:

ANSWER:

Plaintiffs, Unitronics, Inc. and Unitronics, Ltd., deal only with sales representatives and distributors worldwide, and at the present time have approximately sixty of such representatives and/or distributors in the United States.

**INTERROGATORY NO. 2:**

2. How many pieces of Micro PLC & GSM have been sold in USA since 2001?

OBJECTIONS:

Plaintiffs object to this question as vague, inasmuch as Defendant has not defined the meaning of the terms pieces or Micro PLC & GSM, which also makes the request overly broad and burdensome. The request is also overly broad in that Unitronics sales of PLCs, or PLC & GSM are irrelevant to the claim asserted by Defendant in that U.S. Patent No. 6,552,654 claims a security system of which PLC is but one element of the claimed invention. Plaintiffs object to this request to the extent it seeks the disclosure of confidential information. Subject to and without waiving such objections, Plaintiffs respond as follows:

ANSWER

Unitronics does not manufacture or sell "PLC & GSM" devices. Unitronics manufactures and sells PLCs. Most of these PLCs can be remotely accessed via various communications methods, including traditional land based telephone equipment, such as a modem, local area networks (LANs), and by various wireless communications network standards, including Wi-Fi (wireless Ethernet), GSM, via a modem, including GSM modems and communications devices. Unitronics does not manufacture GSM modems, rather upon request Unitronics may resell third party GSM modems, such those manufactured by Siemens, Motorola, Sony-Ericsson, Wavecom, Falcom and others. Every PLC can be connected to such modem, such as those manufactured by Rockwell Automation, Siemens, Omrom, GE-Fanuc, and others, including about 100 manufacturers worldwide.

**INTERROGATORY NO. 3**

3. How much paid Unitronics taxes for business in USA between 2001 to 2006 by textion office in USA? please show a document with data

OBJECTIONS:

Plaintiffs object to this request because it is vague and incomprehensible. Plaintiffs further object to this question as overly broad because the amount of any tax paid to any

governmental body in the United States has no relevance to any claims in dispute and is burdensome to the extent that it fails to specify what taxes information Defendant seeks. Plaintiffs further object to the extent that the request seeks the disclosure of confidential information. Subject to and without waiving such Objections, Plaintiffs respond as follows:

ANSWER

Publicly available financial information regarding Unitronics, Ltd., consisting of quarterly and annual reports, are submitted herewith for the time period 2002 through the most current 2006 report.

INTERROGATORY NO. 4

4. which date start Unitronics Head office in USA to export/import Mico PLC & GSM and please show a copy from Document customs duty in EU,USA with data

OBJECTIONS:

Plaintiffs object to this question as vague, inasmuch as Defendant has not defined the meaning of the term Micro PLC & GSM, which also makes the request overly broad and burdensome. The request is also overly broad in that Unitronics sales of PLCs, or PLC & GSM are irrelevant to the claim asserted by Defendant in that U.S. Patent No. 6,552,654 claims a security system of which PLC is but one element of the claimed invention. The request is also overly broad and burdensome in that any customs duty paid in the European Union or the United States of America are irrelevant to the claims at issue. Plaintiffs further object to this request to the extent it seeks the disclosure of confidential information. Subject to and without waiving such objections, Plaintiffs respond as follows:

ANSWER:

Plaintiff, Unitronics, Inc., was incorporated in 2001 and commenced sales in 2002. Supporting documents are attached hereto.

INTERROGATORY NO. 5

5. Unitronics put in Euronext Brussel 35.000.000 US $? From where got Unitronics this money? Please show a document with data

OBJECTIONS:

Plaintiffs object on the basis that the question is vague and incomprehensible. The request is overly broad in that the transaction has no relevance to the claims asserted. Plaintiffs further object to the extent that the request seeks the disclosure of confidential information. Based on these objections Plaintiffs are unable to respond.

ANSWER:

None.

## INTERROGATORY NO. 6

6. Please write all the automation show in USA which Unitronics did business with all products from 2001 to 2006

OBJECTIONS:

Plaintiffs object on the grounds that the request is vague as to the meaning of the term "did business," making the request overly broad and burdensome. The question is overly broad in that it seeks information regarding all products, which would include products that have no relevance to the claims in suit. The request is also overly broad in that the claim asserted by Defendant because U.S. Patent No. 6,552,654 claims a security system of which a PLC is but one element of the claimed invention. Subject to and without waiving such objections, Plaintiffs respond as follows:

ANSWER:

Unitronics sell its products through distributors and sales representatives. Major U.S. trade shows that Unitronics has attended include the annual "National Manufacturing Week" in Chicago, IL and the "ISA" trade shows, the next of which is scheduled for Houston, TX.

## INTERROGATORY NO. 7

7. Please write the name of the factory in USA,EU, and Isreal where unitronics produce all Products Date of the production with Document form ISO ( International organization for standardization) to produce Micro PLC & GSM in USA please show a document with Data form Governments of USA,EU, Isreal.

OBJECTIONS:

Plaintiffs object to this question because it is incomprehensible. Plaintiffs also object to this question as vague, overly broad, burdensome and because it seeks the disclosure of confidential information. As of August 1, 2006, the ISO has a current portfolio of 16,077 standards. Without specifying which ISO standard or standards Defendant contends are relevant, if any, it is impossible to formulate any meaningful response. ISO standards are published by that organization and are equally available to Defendant. Moreover, the question is irrelevant in that ISO, as an organization, does not carry out certification of compliance to any of its standards, nor does it control the certification of the business sector. The question is also objectionable in that the United States, the European Union, and Israel do not control the certification of the business sector. Plaintiffs further object to this question to the extent it seeks the disclosure of confidential information concerning the identity and location of Plaintiffs manufacturing facilities. Plaintiffs further object to the extent that the

7

location of its manufacturing facilities have no relevance to any claim asserted by Defendant. Subject to and without waiving such objections, Plaintiffs respond as follows:

ANSWER:

Plaintiffs' manufacturing facilities are all located outside the United States, primarily in Israel.

INTERROGATORY NO. 8

8. How got Unitronics the idea to build Micro PLC & GSM please put the name of the Unitronics expert which he did it with Data

OBJECTIONS:

Plaintiffs object to this question as vague, inasmuch as Defendant has not defined the meaning of the term Micro PLC & GSM, which also makes the request overly broad and burdensome. The request is also overly broad in that the claim asserted by Defendant in that U.S. Patent No. 6,552,654 claims a security system of which a PLC is but one element of the claimed invention. Plaintiffs object to this request to the extent it seeks the disclosure of confidential information. Subject to and without waiving such objections, Plaintiffs respond as follows:

ANSWER:

Unitronics does not produce PLC & GSM; Unitronics only produces PLCs. The idea of connecting external modems, whether wireless such as GSM or traditional landline, is known information and is used by most PLCs throughout the world. The communications port included in Unitronics' PLCs allows connection to external modems that have existed since Unitronics first began production of PLCs in 1989. Unitronics PLCs could be connected to wireless modems, including GSM, as soon as such technology was available in the market. Such a wireless connection requires programming the PLCs, a capability inherent in all PLCs. Unitronics first began selling "GSM enabled" PLCs in 1999, meaning that Unitronics preprogrammed the PLCs to communicate with wireless devices such as a GSM device. Mr. Haim Shani, Unitronics CEO and Mr. Eyal Saban, Vice President and Chief Technology Officer for Unitronics and would be the individuals most knowledgeable about Unitronics' decision to produce PLCs capable of communicating with a GSM device. Data sheets and specifications for Plaintiffs' GSM ready PLCs are submitted concurrently herewith via CD-ROM as they are too large for electronic filing.

INTERROGATORY NO. 9

9. Why Unitronics didn't file USA Patent application for this idea if this should be the own Unitronics

8

OBJECTIONS:

Plaintiffs object to this question to the extent it seeks the disclosure of privileged information or attorney work product. Plaintiffs also object to the question to the extent it seeks the disclosure of confidential information. Plaintiffs object to this question as vague, inasmuch as Defendant has not defined the meaning of the term "this idea", which also makes the request overly broad and burdensome. Further, Plaintiffs object to this question as overly broad and burdensome in that any decision to file or not file a United States Patent is not relevant to any claim at issue. Subject to and without waiving such Objections, Plaintiffs respond as follows:

ANSWER:

Remote access to any PLC (or computer) by an external modem, whether wired or wireless, would be an obvious combination prior art technologies at the time Unitronics began production of its PLCs capable of communicating with a GSM device.

INTERROGATORY NO. 10

10. Why General Manger from Unitronics rejected to have a meeting in Zurich 2005 as I told him via Fax to study the matter concerning Patent Process

OBJECTIONS:

Plaintiffs object to this question as overly broad and burdensome as it is not relevant to the claims at issue, and to the extent it subjects Plaintiffs to annoyance, oppression, or undue burden or expense. Subject to and without waiving such objections, Plaintiffs respond as follows:

ANSWER:

Due to the belligerent nature of the communications received from Mr. Gharb, the management of Unitronics did not believe that any useful purpose would have been served by meeting Mr. Gharb personally in Zurich in 2005.

INTERROGATORY NO. 11

11. How many piece sold unitronics in all Eu countries and please show a document with data from all business partner in EU 25 countries since 2002

OBJECTIONS:

Plaintiffs object to this question because it is incomprehensible. Plaintiffs also object to this question as vague, overly broad, burdensome and because it seeks the disclosure of confidential information. The question is vague because the terms "piece" and "all business

9

partner," are not susceptible to reasonable interpretation. It is overly broad because Unitronics sales of anything in the European Union are irrelevant to the claims at issue in this case. The request is also overly broad in that the claim asserted by Defendant in that U.S. Patent No. 6,552,654 claims a security system of which a PLC is but one element of the claimed invention. The question is also objectionable to the extent it seeks confidential information concerning Unitronics' sales data and the identification of its all business partners. Subject to the foregoing objections, Plaintiffs are unable to respond.

ANSWER:

None.

INTERROGATORY NO. 12

12. Why Unitronics use my name in web by internet as US Patent Holder and Plaintiffs worldwide since 2006

OBJECTIONS:

Plaintiffs object to the question as unintelligible. Plaintiffs object to the question as vague and overly burdensome in that Defendant does not identify where Plaintiffs are alleged to have utilized his name on the internet, and that the question seeks information that is not relevant to the claims asserted. Plaintiffs also object to the question to the extent it seeks privileged or work product related to any such use of Defendants name by Unitronics. Subject to and without waiving such objections, Plaintiffs respond as follows:

ANSWER:

As a public Company Unitronics is required to disclose any legal action in which it is involved. Mr. Gharb's name is mentioned in Unitronics' quarterly and yearly reports in connection with the present lawsuit, which reports are published on Unitronics' website. Unitronics' quarterly and yearly reports are also available on the Tel-Aviv and EuroNext stock exchanges.

INTERROGATORY NO. 13

13. How many year unitronics are doing business only with PLC

OBJECTIONS:

Plaintiffs object to the question because it is overly broad because U.S. Patent No. 6,552,654 claims a security system of which a PLC is but one element of the claimed invention. Plaintiffs also object to the question to the extent that the term "doing business" is vague. Subject to and without waiving such objections, Plaintiffs respond as follows:

ANSWER:

Unitronics, Ltd. was established in 1989 and has been producing and selling PLCs since that time.

## INTERROGATORY NO. 14

14. Why Unitronics did not start with sale both (PLC& GSM) in the same time but the fact is Untronics startes at frist with sale PLC and after got the idea from Mr Gharb Start to doing business with PLC& GSM because ( the Patent office in Israel got a copy of my Patent from WIPO in 3.6.1999)

OBJECTIONS:

Plaintiffs object to the question as unintelligible and to the extent it attempts to establish facts without any foundation. Plaintiffs further object to the question as vague as the term "PLC & GSM" is not defined. The question is also overly broad because U.S. Patent No. 6,552,654 claims a security system of which a PLC is but one element of the claimed invention. Subject to and without waiving such objections, Plaintiffs respond as follows:

ANSWER:

In 1989 there was no GSM but other modems existed and were used to remotely access automation systems and PLCs via telephone lines. As soon as modems for mobile or wireless telephony were available (not only GSM but also such protocols and architecture as CDMA, TDMA and iDEN - which are all cellular modems in different technologies), Unitronics PLCs supported these protocols by including preprogrammed instructions to communicate with these protocols.

## INTERROGATORY NO. 15

15. When is Unitronics start this business with PLC & GSM in Israel Please show a document from the Government in Israel with data

OBJECTIONS:

Plaintiffs object to this question as vague, inasmuch as Defendant has not defined the meaning of the term PLC & GSM, which also makes the request overly broad and burdensome. The request is also overly broad in that Unitronics' sales of PLCs, or PLC & GSM in Israel are irrelevant to the claim asserted by Defendant. It is also irrelevant in that U.S. Patent No. 6,552,654 claims a security system of which PLC is but one element of the claimed invention. Plaintiffs further object to this request to the extent it seeks the disclosure of confidential information. Subject to and without waiving such objections, Plaintiffs respond as follows:

ANSWER:

Unitronics was established and registered in Israel in 1989. See attached in Hebrew. As previously stated, Unitronics manufactures PLCs and does not manufacture PLC & GSM. Its PLCs were inherently able to communicate with devices connected thereto, including wireless devices such as GSM, the PLC only requiring programming instructions to communicate with such devices.

INTERROGATORY NO. 16

16. Why the lawyer from Unitronics did not write the fact about Application Priority Data of USA patent of 3.6.1999.

OBJECTIONS:

Plaintiffs object to this question because it is vague and incomprehensible particularly where there is no frame of reference with respect to when Plaintiffs' attorneys are alleged not to have written about the alleged priority data. Plaintiffs further object to this question to the extent it seeks the disclosure of work product. Subject to and without waiving such Objections, Defendants are unable to respond.

ANSWER:

None.

INTERROGATORY NO.17

17. Why the lawyer of Unitronics did not write to have a meeting with me to study this matter

OBJECTIONS:

Plaintiffs object to the question as vague in as much as Defendant specifies no time frame for his contention. Plaintiffs object to this question to the extent it seeks to obtain information that is privileged or constitutes attorney work product. Subject to and without waiving such Objections, Plaintiffs respond as follows:

ANSWER:

Plaintiff's attorneys did in fact correspond with Mr. Gharb regarding the matter. See Plaintiff's letter of September 2, 2005 (Exhibit C to Complaint) and Plaintiff's letter of December 20, 2005 (Exhibits L to Complaint).

INTERROGATORY NO. 18

18. At which date got Unitronics this ISO international to produce all PLC& GSM in USA.EU and please show a document with data from the Governments of USA, EU, and Israel.

OBJECTIONS:

Plaintiffs object to this question because it is incomprehensible. Plaintiffs also object to this question as vague, overly broad, burdensome and because it seeks the disclosure of confidential information. As of August 1, 2006, the ISO has a current portfolio of 16,077 standards. Without specifying which ISO standard or standards Defendant contends are relevant, if any, it is impossible to formulate any meaningful response. ISO standards are published by that organization and are equally available to Defendant. Moreover, the question is irrelevant in that ISO, as an organization, does not carry out certification of compliance to any of its standards, nor does it control the certification of the business sector. The question is also objectionable in that the neither the United States, the European Union, nor Israel control the certification of the business sector. Plaintiffs further object to this question to the extent it seeks the disclosure of confidential information concerning the identity and location of Plaintiffs manufacturing facilities. Plaintiffs further object to the extent that the location of its manufacturing facilities have no relevance to any claim asserted by Defendant. Subject to and without waiving such objections, Plaintiffs respond as follows:

ANSWER:

Plaintiffs are not aware of any ISO document required to produce the PLCs that Unitronics manufactures and sells.

INTERROGATORY NO. 19

19. Did Unitronics use GSM with all products PLC in USA and EU

OBJECTIONS:

Plaintiffs object to this question because it is incomprehensible. Plaintiffs also object to this question as vague, overly broad, burdensome. Plaintiffs object to the question as overly broad to the extent it seeks information concerning use of GSM with all products PLC in the European Union in that such matters are irrelevant to the claims at issue in this case. It is also irrelevant because U.S. Patent No. 6,552,654 claims a security system of which a PLC is but one element of the claimed invention. Subject to and without waiving such objections, Plaintiffs respond as follows:

13

ANSWER:

Unitronics does not use GSM anywhere. Unitronics provides generic PLCs that can be used to control and monitor machines, production lines, devices etc. In order to remotely access such machine or device, an external modem (manufactured by third parties) can be connected by the end user. This can be a landline (wired) modem, a cable modem, or a wireless modem (including but not limited to GSM, CDMA, TDMA, iDEN, NAMPS, Wi-Fi or any Radio-Frequency modem). Unitronics does not have any PLC with integrated or embedded GSM. All Unitronics products are "without GSM," but can be connected to an external GSM modem.

INTERROGATORY NO. 20

20. How many time put Unitronics Micro PLC & GSM in Newspaper or other media in USA, EU, and Israel Worldwide with photo & data since 2000

OBJECTIONS:

Plaintiffs object to this question as vague, overbroad and incomprehensible. It is not clear from the question what information Defendant is seeking. The question is overbroad in that Plaintiffs advertising in the European Union and Israel are irrelevant to the subject matter of the dispute. Subject to and without waiving such objections, Plaintiffs respond as follows:

ANSWER:

Unitronics have from time to time advertised in the US market. However, the ability to connect Unitronics' PLCs to an external GSM modem is not emphasized in the US and therefore is not mentioned in our ads. The main reason for not emphasizing the GSM in the US is that the GSM technology is less common in the U.S. than other cellular technologies such as but not limited to CDMA and TDMA which are more common in the U.S. market. It is possible to connect a CDMA to Unitronics' PLCs but it is only partially supported by Unitronics' PLCs. Copies of specifications and technical data for Unitronics' PLCs are submitted concurrently herewith via CD-ROM as they are too large for electronic filing.

This 16th day of August, 2006.

s/Glenn J. Perry
D.C. Bar No. 278630
Smith, Gambrell & Russell, LLP
1850 M Street, N.W., Suite 800
Washington, DC 20036
Telephone: 202-973-2611
Fax: 202-263-4311
Attorneys for Unitronics (1989)(R"G) Ltd. and Unitronics, Inc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITRONICS (1989) (R"G) LTD.,**<br>P.O. Box 300, Ben Gurion Airport<br>70100, Israel<br><br>**UNITRONICS, INC.**<br>1 Batterymarch Park, Suite 103<br>Quincy, MA 02169<br><br>    Plaintiffs,<br><br>v.<br><br>**SAMY GHARB,**<br>Bachtobelstrasse 30, 8045<br>Zurich, Switzerland<br><br>    Defendant. | Civil Action File No.: 1:06-cv-0027-RMC |

## CERTIFICATE OF SERVICE

I, Glenn J. Perry, counsel for Plaintiffs, do hereby certify that I electronically filed with the Clerk of Court Plaintiffs' Responses to Defendant's First Set of "Interrogatories" using the CM/ECF system and have served all parties by placing a copy of same in the U.S. mail, postage prepaid, addressed to the following:

    Samy Gharb
    Bachtobelstrasse 30,
    8045 Zurich, Switzerland

    Samy Gharb
    P.O. Box 5066
    8045 Zurich, Switzerland

    Samy Gharb
    c/o Robert S. Swecker
    Buchanan Ingersoll PC
    1737 King Street, Suite 500
    Alexandria, VA 22314-2727

This 16th day of August, 2006.

/s/ Glenn J. Perry
Glenn J. Perry
D.C. Bar No. 278630
Smith, Gambrell & Russell, LLP
1850 M Street, N.W., Suite 800
Washington, DC 20036
Telephone: 202-973-2611
Fax: 202-263-4311

Attorney for Unitronics (1989) (R"G) Ltd. and
Unitronics, Inc.

16