

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/762,111 | 04/05/2001 | Samy Gharb | 009765-026 | 8620 |

21839    7590    02/13/2002
BURNS DOANE SWECKER & MATHIS L L P
POST OFFICE BOX 1404
ALEXANDRIA, VA 22313-1404

| EXAMINER |
|---|
| NGUYEN, HUNG T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2632 | |

DATE MAILED: 02/13/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

| Office Action Summary | Application No. 09/762,111 | Applicant(s) Samy Gharb |
|---|---|---|
| | Examiner Hung Nguyen T | Art Unit 2632 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE ___3___ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on *Apr 5, 2001*
2a) ☐ This action is **FINAL**.     2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) *1-4, 6, and 8-11* is/are pending in the application.
   4a) Of the above, claim(s) _____ is/are withdrawn from consideratio
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) *1-4, 6, and 8-11* is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claims _____ are subject to restriction and/or election requiremen

**Application Papers**

9) ☒ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.
11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved.
12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13) ☒ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).
   a) ☒ All b) ☐ Some* c) ☐ None of:
      1. ☒ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
   *See the attached detailed Office action for a list of the certified copies not received.
14) ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

15) ☒ Notice of References Cited (PTO-892)
16) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
17) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s). _____
18) ☐ Interview Summary (PTO-413) Paper No(s). _____
19) ☐ Notice of Informal Patent Application (PTO-152)
20) ☐ Other:

Application/Control Number: 09/762,111                                          Page 2

Art Unit: 2632

# DETAILED ACTION

The following guidelines illustrate the preferred layout and content for patent applications. These guidelines are suggested for the applicant's use. Note the format of the specification in the patent cited as example .

## IMPORTANT GUIDELINES FOR THE APPLICANT

### *Specification*

2.   Applicant is reminded of the proper language and format for an abstract of the disclosure.

The abstract should be in narrative form and generally limited to *a single paragraph* on a separate sheet within the range of 50 to 250 words. It is important that the abstract not exceed 250 words in length since the space provided for the abstract on the computer tape used by the printer is limited. The form and legal phraseology often used in patent claims, such as "means" and "said," should be avoided. The abstract should describe the disclosure sufficiently to assist readers in deciding whether there is a need for consulting the full patent text for details.

The language should be clear and concise and should not repeat information given in the title. It should avoid using phrases which can be implied, such as, "The disclosure concerns," "The disclosure defined by this invention," "The disclosure describes," etc.

### Arrangement of the Specification

The following order or arrangement is preferred in framing the specification and, except for the reference to "Microfiche Appendix" and the drawings, each of the lettered items should

Application/Control Number: 09/762,111                                                          Page 3

Art Unit: 2632

appear in upper case, without underlining or bold type, as section headings. If no text follows the section heading, the phrase "Not Applicable" should follow the section heading:

    (a)    Title of the Invention.
    (b)    Cross-References to Related Applications.
    ©    Statement Regarding Federally Sponsored Research or Development.
    (d)    Reference to a "Microfiche Appendix" (see 37 CFR 1.96).
    (e)    Background of the Invention.
            1.    Field of the Invention.
            2.    Description of the Related Art including information disclosed under 37 CFR 1.97 and 1.98.
    (f)    Brief Summary of the Invention.
    (g)    Brief Description of the Several Views of the Drawing(s).
    (h)    Detailed Description of the Invention.
    (I)    Claim or Claims (commencing on a separate sheet).
    (j)    Abstract of the Disclosure (commencing on a separate sheet).
    (k)    Drawings.
    (l)    Sequence Listing (see 37 CFR 1.821-1.825).

3.    Applicant is advised on how to arrange the content of the specification.

### Content of Specification

    (a)    <u>Title of the Invention</u>: See 37 CFR 1.72(a). The title of the invention should be placed at the top of the first page of the specification. It should be brief but technically accurate and descriptive, preferably from two to seven words.

    (b)    <u>Cross-References to Related Applications</u>: See 37 CFR 1.78 and MPEP § 201.11.

    ©    <u>Statement Regarding Federally Sponsored Research and Development</u>: See MPEP § 310.

    (d)    <u>Reference to a "Microfiche Appendix"</u>: See 37CFR 1.96© and MPEP § 608.05. The total number of microfiche and the total number frames should be specified.

    (e)    <u>Background of the Invention</u>: The specification should set forth the Background of the Invention in two parts:

Application/Control Number: 09/762,111										Page 4

Art Unit: 2632

    (1)    Field of the Invention: A statement of the field of art to which the invention pertains. This statement may include a paraphrasing of the applicable U.S. patent classification definitions of the subject matter of the claimed invention. This item may also be titled "Technical Field."

    (2)    Description of the Related Art: A description of the related art known to the applicant and including, if applicable, references to specific related art and problems involved in the prior art which are solved by the applicant's invention. This item may also be titled "Background Art."

(f)    Brief Summary of the Invention: A brief summary or general statement of the invention as set forth in 37 CFR 1.73. The summary is separate and distinct from the abstract and is directed toward the invention rather than the disclosure as a whole. The summary may point out the advantages of the invention or how it solves problems previously existent in the prior art (and preferably indicated in the Background of the Invention). In chemical cases it should point out in general terms the utility of the invention. If possible, the nature and gist of the invention or the inventive concept should be set forth. Objects of the invention should be treated briefly and only to the extent that they contribute to an understanding of the invention.

(g)    Brief Description of the Several Views of the Drawing(s): A reference to and brief description of the drawing(s) as set forth in 37 CFR 1.74.

(h)    Detailed Description of the Invention: A description of the preferred embodiment(s) of the invention as required in 37 CFR 1.71. The description should be as short and specific as is necessary to describe the invention adequately and accurately. This item may also be titled "Best Mode for Carrying Out the Invention." Where elements or groups of elements, compounds, and processes, which are conventional and generally widely known in the field of the invention described and their exact nature or type is not necessary for an understanding and use of the invention by a person skilled in the art, they should not be described in detail. However, where particularly complicated subject matter is involved or where the elements, compounds, or processes may not be commonly or widely known in the field, the specification should refer to another patent or readily available publication which adequately describes the subject matter.

(I)    Claim or Claims: See 37 CFR 1.75 and MPEP § 608.01(m). The claim or claims must commence on separate sheet. (37 CFR 1.52(b)). Where a claim sets forth a

Application/Control Number: 09/762,111										Page 5

Art Unit: 2632

        plurality of elements or steps, each element or step of the claim should be separated by a line indentation. There may be plural indentations to further segregate subcombinations or related steps.

(j)    Abstract of the Disclosure: A brief narrative of the disclosure as a whole in a single paragraph of 250 words or less on a separate sheet following the claims.

(k)    Drawings: See 37 CFR 1.81, 1.83-1.85, and MPEP § 608.02.

(l)    Sequence Listing: See 37 CFR 1.821-1.825.

4.    **The spacing of the lines of the specification** is such as to make reading and entry of amendments difficult. New application papers with lines **double spaced** on good quality paper are required.

5.    Applicant is reminded that erasable paper is not permitted. Also, please do not use any erasable pen. Handwritten is not permitted either.

Applicant is required either (1) to submit permanent copies of the identified parts or (2) to order a photocopy of the above identified parts to be made by the Patent and Trademark Office at applicant's expense for incorporation in the file. See MPEP § 608.01.

*Drawings*

6.    The drawings must show every feature of the invention specified in the claims.

Application/Control Number: 09/762,111    Page 6

Art Unit: 2632

7. Any structural detail that is essential for a proper understanding of the disclosed invention should be shown in the drawing.

8. In the drawings, same part should use the same reference number. Also, different parts could not use the same reference number.

### Others important things

9. It is called to applicant's attention that if a communication is deposited with the U. S. Postal Service and mailed to the Office by First Class Mail before the reply time has expired, applicant may submit the reply with a "Certificate of Mailing" which merely asserts that the reply is being mailed on a given date. So mailed, before the period for reply has expired, the reply may be considered timely. A suggested format for a certificate follows:

I hereby certify that this correspondence is being deposited with the United States Postal Service as First Class Mail in an envelope addressed to:

Assistant Commissioner for Patents

Washington, D.C. 20231

on _____ (date).

Application/Control Number: 09/762,111                                    Page 7

Art Unit: 2632

      Typed or printed name of person signing this certificate

      _____

      Signature_____

      Date_____

Note: you could simply type the above sample format (also fill in the blank) in a separate paper or the first page/at the end of the amendment. This way, the Patent Office will consider your paper according to the above DATE that you fill in as the filing date for that particular paper. For example, you suppose need to response our letter the latest on May 13, 1998. On May 13, 1998, make sure you type the above format in the first page of the response letter with the date May 13, 1998 that you fill in the blank, and then send out the letter to PTO at the Post Office. Then, when PTO receive the letter even though after May 13, 1998, let say May 15, 1998; the paper will still consider as received on May 13, 1998. However, without showing the above format, even if you have the proof from the post office that you mail the letter on May 13, 1998, the paper would not consider as being received on May 13, 1998 but rather on May 15, 1998.

Application/Control Number: 09/762,111 Page 8

Art Unit: 2632

10. Papers in an application which has received a filing date pursuant to 37 CFR 1.53 will not be returned for any purpose whatever. If applicant has not preserved copies of the papers, the Office will furnish copies at applicant's expense. See 37 CFR 1.19 for a list of the current fees.

11. This application may qualify for **"Small Entity Status"** and, therefore, may be entitled to reduced payments of fees. In order to qualify, applicant must show entitlement as: 1) an independent inventor or 2) a non-profit organization as defined in regulations established by the Commissioner of Patents and Trademarks or 3) a small business concern as defined in Section 3 of the Small Business Act and by regulations established by the Small Business Administration. See 37 CFR 1.9. The appropriate form and a current fee schedule may be obtained by calling 1(703) 308-HELP[4357] or 1(800)786-9199.

Note: this is very important to you since you are pro sec (which means you have no attorney represent you) and you are not part of the big company, therefore, make sure you get some form to file your status as a small entity to pay the lower price for the application. Otherwise, they will charge you double if you do not claim yourself as a Small Entity Status.

12. If applicant continues to prosecute the application, revision of the specification and claims to present the application in proper form is required. While an application can be amended to

Application/Control Number: 09/762,111 Page 9

Art Unit: 2632

make it clearly understandable, *__no subject matter can be added that was not disclosed in the application as originally filed__*.

*Information regarding proper format of the Amendment*

*__Amendment for Drawings:__*

13.  Applicant is reminded that in the amendment of drawings, all the changes should be marked in *red ink* on a copy of the original drawing, and the new drawings could be submitted in black ink as the regular drawings.

*__Amendment for claims:__*

14.  In the amendment of claims, applicant is reminded that the amendment can be done in three ways:

   1) by directing us to cancel one or more of the pending claims to enter new claims. All new claims should be start with the next highest number than the highest number of any previously filed claims;

Application/Control Number: 09/762,111                                                                  Page 10

Art Unit: 2632

**2) Alternately, applicant can amend claims presently of record by submitting a rewritten version of each amended claim. In a rewritten version, any deletions of terms must be shown between brackets [] and any insertions of words must be shown by underling all of the added words;**

3) Or, applicant can direct us to delete or insert any words in a specific claim with a specific line number and position (e.g. Regarding claim 1, line 1, change "A" to --The-- before "system"; At line 2, delete "the" after "in"). All the deletion and insertion must be shown with "xxx" and --xxx--, respectively.

*Amendment for the specification:*

15.    In the amendment of specification, applicant is reminded that the amendment can be done in two ways:

1) applicant can direct us to delete or insert any words in a specific page with a specific line number and position (e.g. Regarding claim 1, line 1, change "A" to --The-- before "system"; At line 2, delete "the" after "in"). All the deletion and insertion must be shown with "xxx" and --xxx--, respectively;

Application/Control Number: 09/762,111                                                                     Page 11

Art Unit: 2632

2) or replacing the original specification by a substitute specification.

Applicant is reminded that any substitute specification will be accepted only if applicant submit therewith a "marked-up copy" which shows the portions of the original specification which are being *added and deleted* and *a statement* *that the substitute specification includes **no new matter*** and that the substitute specification includes the same changes as are indicated in the marked-up copy of the original specification showing additions and deletions. ***Such statement must be verified statement if made by a person not registered to practice before the office.*** *Additions* should be indicated by <u>underlining</u> and *deletions* should be indicated between <u>brackets</u>. ***<u>A new substitute specification is required again along with the marked-up copy by the Examiner</u>***. Applicant should make a detailed comparison between the old and new specifications for determining whether or not new matter has been added. If, however, an examiner becomes aware that new matter is present, objection thereto should be made.

<u>*Amendment for the response/remarks:*</u>

16.     Applicant is also reminded that in the Amendment, applicant should provide an argument against the position taken by the examiner. In reply to an office action, applicant must either amend the claims to overcome objections and rejections, or argue against any position taken by the examiner that the applicant disagree with. The argument and other pertinent comments would appear in a section titled "REMARKS". In the remarks, applicant must respond to each and every

Application/Control Number: 09/762,111                                                          Page 12

Art Unit: 2632

ground of rejection or objection made in the office action. If applicant believe that the examiner made an error, then applicant must indicate what the error was and how the original specification (with specific page number and line number) or to the claims overcome the objections and rejections.

17.     Applicant is reminded that in a response in which the applicant intend to overcome a prior art rejection, applicant must clearly explain what he/she believes distinguished the claims over the cited prior art of record. This is done whether the claims are amended or not. A general statement that the claims are unpatentable over the prior art of record is insufficient. The pertinent rule requires you to specifically point how the claim language unobviously distinguishes the claimed invention from the prior art references (37 CFR 1.111).

For the 102 rejection, the applicant should argue why each claim is not anticipated by the respective reference.

For the 103 rejection, the applicant should argue not only why the individual reference is deficient but also why the combination of the references is not sufficient. The argument should also point out where the specification supports the position as argued.

*Conclusion*

Application/Control Number: 09/762,111                                             Page 13

Art Unit: 2632

18.     Applicant is reminded that applicant is *cautioned against the insertion of new matter* because new matter cannot be entered in the specification, claims, abstract or the drawings. New matter is considered any information that applicant proposes to insert that is not support by the specification as originally filed.

**** *The above are the important guidelines for filing the application. Please read them very carefully and the sample reference or prior art.*

*Specification*

19.     The disclosure is objected to because of the following informalities:

There are missing **heading** of 1) Background of the invention, 2) Brief Summary of the invention, 3) Brief Description of the drawings, 4) Detailed Description of the invention.

20.     Terms "PLC" and "PC" in the specification are unclear. It should be spelled out.

Application/Control Number: 09/762,111                                          Page 14

Art Unit: 2632

### *Drawings*

21.  The subject matter of this application admits of illustration by a drawing to facilitate understanding of the invention. Applicant is required to furnish a drawing under 37 CFR 1.81. No new matter may be introduced in the required drawing. Applicant is required to submit a new package of drawing because the examiner could not find them in the file wrapper .

### *Claim Rejections - 35 USC § 112*

22.  Claims 1-4, 6 & 8-11 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

Regarding claims 1, 3-4, 8 & 10 , Terms "PLC" are not clear, vague and indefinite . It must be spelled out .

### *Claim Rejections - 35 USC § 103*

23.  The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are

Application/Control Number: 09/762,111    Page 15

Art Unit: 2632

> such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

24.  Claims 1-4, 6 & 8-11 are rejected under 35 U.S.C. 103(a) as being unpatentable over Fast (U.S. 5,497,149).

Regarding claims 1-3, 6, 8 & 10-11, Fast discloses a security system (1) for monitoring objects such as a person or automobile (2) includes a Global Positioning System (22) [ figs.1-5, col.1, lines 36-49 and col.8, lines 8-13 ] comprising:

- a plurality of sensor [ fig.1, col.8, lines 37-53 and col.13, lines 2-8 ];

- a digital recording device (24) [ fig.2, col.8, lines 43-53 and col.13, lines 37-47 ];

- a cellular phone (3b,38) [ figs.1-2, col.2, lines 49-58 and col.13, lines 2-8 ];

- a controller / microprocessor (24) [ fig.2, col.2, lines 53-58 and col.13, lines 37-47 ];

- an alarm signal(52,54) [ fig.2, col.8, lines 25-42 and col.14, lines 13-26 ];

- a remote control [ fig.2, col.8, lines 15-20 and col.11, lines 56-64 ];

- a computer monitor is inherently in the system [ col.3, lines 17-17, col.8, lines 43-65 ];

- Batteries (40,42) [ fig.2, col.2, lines 46-60 and col.13, lines 48-65 ].

Although Fast does not specifically disclose a plurality of PLC controller are adapted in the security system for monitoring object as those recited by the claims. Fast clearly teaches the security system (1) for monitoring objects such as a person or automobile (2) includes a Global Positioning System (22) with the controller / microprocessor (24) in memory (28) may determine

Application/Control Number: 09/762,111                                                Page 16

Art Unit: 2632

the vehicle position or track any tampering (50), thefting status and alerts to the vehicle owner or security agent by telephone signals (38) [ figs.1-2, col.2, lines 47-58, col.8, lines 25-52 and col.13, lines 37-47 ]. It would have been obvious to one having ordinary skill in the art to employ the claimed well-known controller / microprocessor in the Global Security System with the mobile telephone of Fast for monitoring objects, in particular vehicles and / or any object security protection.

Regarding claims 4 & 9, As long as the system of Fast provides the security system (1) for monitoring objects such as automobile (2) or any object includes a Global Positioning System (22) with the controller / microprocessor (24) in memory (28) may determine the vehicle position or track any tampering (50), thefting status and alerts to the vehicle owner or security agent by telephone signals (38), employing various form kind of a plurality warning signal means for protection by the telecommunication technology in the system Fast would not constitute an inventive step but an obvious design choice. This is because the system is still function the same purpose is to protect / guard personal property includes vehicle in any location in the world [ fig.2, col.2, lines 46-60, col.8, lines 25-52, col.11, lines 52-59 and col.14, lines 5-12 ]. It would have been obvious to one of ordinary skill in the art at the time the invention was made to employ the system for determining the position of an object / vehicle to be protected using a local or global positioning system and issuing messages to the vehicle owner or security agent by the telephone signals in the system of Fast for monitoring of vehicles and security cases.

Application/Control Number: 09/762,111 Page 17

Art Unit: 2632

### *Conclusion*

25. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

- Lemelson et al. (U.S. 5,731,785) System / method for locating objects including an inhibiting feature.

- Jefferies et al. (U.S. 5,898,391) Vehicle tracking system.

- Colizza (U.S. 5,805,055) Antitheft system integrated...........and radio telecommunication.

- Kail, IV (U.S. 5,959,529) Reprogrammable remote sensor monitoring system.

26. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Hung T. Nguyen whose telephone number is (703) 308-6796. The examiner can normally be reached on Monday to Friday from 8:00am to 5:30pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Jeffery Hofsass, can be reached on (703)305-4717. The fax phone number for this Group is (703) 872-9314.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703) 305-4700.

Examiner: Hung T. Nguyen

Date: Jan. 28, 2002

JEFFERY HOFSASS
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2600