IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITRONICS (1989) (R"G) LTD.,**<br>P.O. Box 300, Ben Gurion Airport<br>70100, Israel<br><br>**UNITRONICS, INC.**<br>1 Batterymarch Park, Suite 103<br>Quincy, MA 02169<br><br>  Plaintiffs,<br><br>v.<br><br>**SAMY GHARB,**<br>Bachtobelstrasse 30, 8045<br>Zurich, Switzerland<br><br>  Defendant. | Civil Action File No. 1:06-cv-00027-RMC |

<u>**UNITRONICS' REQUEST FOR JUDGMENT ON ITS UNOPPOSED
MOTION FOR PARTIAL SUMMARY JUDGMENT OF
NONINFRINGEMENT OF U.S. PATENT NO. 6,552,654**</u>

Glenn J. Perry
SMITH, GAMBRELL & RUSSELL, LLP
1850 M Street, N.W.
Washington, D.C. 20036
Attorney for Plaintiffs Unitronics (1989)
(R"G) Ltd. and Unitronics, Inc.

## I. INTRODUCTION

Pursuant to FED.R.CIV.P. 56, and Local Rule 7, Plaintiff, Unitronics (1989) (R"G) Ltd., and its United States subsidiary, Plaintiff, Unitronics, Inc., (collectively "Unitronics"), hereby file this Request For Judgment On Its Unopposed Motion For Partial Summary Judgment Of Noninfringement Of U.S. Patent No. 6,552,654 against Defendant, Samy Gharb, a resident of Switzerland ("Gharb").

Defendant, Samy Gharb, has filed no opposition to Unitronics' Motion for Partial Summary Judgment, which was due on October 18, 2006 according to the Court's Scheduling Order dated September 1, 2006.

Accordingly, Unitronics requests entry of judgment that Unitronics has not in the past infringed, and does not currently infringe, by direct infringement, by inducement of infringement, or by contributory infringement, any claim of United States Patent No. 6,552,654, (hereinafter the '654 Patent), within the meaning of 35 U.S.C. § 271. Unitronics further requests judgment finding this an exceptional case and awarding Unitronics its reasonable attorneys fees under 35 U.S.C. § 285.

## II. STATEMENT OF ADDITIONAL MATERIAL FACTS

23. Defendant, Samy Gharb, has expressly admitted that Unitronics PLCs are staple items of commerce. (Exhibit 16, Defendant's untimely response to Unitronics' Requests for Admission 1).

24. Defendant, Samy Gharb, has expressly admitted that "the level of ordinary skill in the art of vehicle Security system with PLC and GSM is high and can use for all kinds of security system." (Id. response 2).

### III. ARGUMENTS

Under Federal Rule of Civil Procedure 56(c), district courts are to grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Securities And Exchange Commission, v. Banner Fund International*, 211 F.3d 602, 615 (C.A. D.C. 2000). A party opposing such a motion on the ground that there are material facts in dispute must "set forth [the] specific facts showing that there is a genuine issue for trial." *Id.* (*citing* Fed.R.Civ.P. 56(e)). In the United States District Court for the District of Columbia, a party opposing a motion for summary judgment must also comply with Local Rule LCvR 7(h), which provides in relevant part:

> An opposition to ... a motion [for summary judgment] shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement .... In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

Local Rule 7 (b) similarly provides:

> "an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed the Court may treat the motion as conceded."

In *Banner Fund*, the Court of Appeals affirmed the district court's decision to deem as admitted the statement of undisputed facts presented in the SEC's motion for summary judgment because the defendant failed to file a statement of disputed facts in its opposition to the SEC's motion. *Id.* The Court of Appeals upheld the district court's entry of summary judgment based on the deemed admissions despite the fact that the defendant had submitted a statement of undisputed facts in its own motion for summary judgment. *Id.*

In this case, Defendant, Gharb, has filed no opposition to Unitronics' Motion for Partial Summary Judgment. As the Court of Appeals made clear, "If the party opposing the motion fails to comply with this local rule, then "the district court is under no obligation to sift through the record" and should "[i]nstead ... deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule [LCvR 7.1(h) ] statement." *Id.* at 615.

Similarly, in a case which bears striking resemblance to this case, where the *pro se* defendant neither filed an answer to the Federal Aviation Administration's (FAA's) complaint nor an opposition to the FAA's motion for summary judgment, the Court of Appeals affirmed the National Transportation Safety Board's (NTSB)

upholding the Administrative Law Judge's decision in favor of the FAA based on defendant's deemed admissions. *See Casino Airlines v. Natl. Transp. Safety Bd.*, 439 F.3d 715 (D.C. Cir. 2006) (decided under the Rules Of Practice In Air Safety Proceedings, 49 C.F.R. § 821 which closely follow Fed.R.Civ.P. 56).

As the patentee, Gharb bore the burden to prove direct infringement by a preponderance of the evidence. *S. Bravo Systems v. Containment Tech. Corp.*, 96 F.3d 1372, 1376 (Fed. Cir. 1996). In response to Unitronics Motion for Summary Judgment, Gharb therefore had the burden of designating "specific facts showing that there is a genuine issue for trial." *Id.* (*citing* Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). To avoid summary judgment Gharb was required to proffer evidence that Unitronics' PLCs contained every claim element either exactly or by a substantial equivalent. *Id.* Gharb entirely failed to do so, mandating entry of summary judgment in favor of Unitronics. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324-326, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (if movant draws attention to absence of support for essential element of nonmovant's claim, summary judgment may be granted unless plaintiff sets forth facts requiring trial); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (scintilla of evidence insufficient to satisfy claimant's burden; to defeat summary judgment, party with burden of persuasion must set forth sufficient material to support trial determination that burden of persuasion is satisfied).

## IV. <u>CONCLUSION</u>

Because Gharb has failed to establish that Unitronics' PLCs meet all elements and limitations of the '654 patent claims, either literally or by equivalence, Unitronics is entitled to summary judgment of no direct infringement under 35 U.S.C. § 271(a). Similarly, because Gharb has failed to establish that there has been a direct infringement by Unitronics' customers or any other entity, that Unitronics knowingly induced infringement by its customers, or that Unitronics possessed specific intent to encourage its customers' infringement, Unitronics is entitled to summary judgment of no inducement of infringement under 35 U.S.C. § 271(b). Finally, because Gharb has failed to establish that any of Unitronics' customers or that any other entity directly infringed the '654 patent, that Unitronics knew that the combination for which its PLCs were especially made was both patented and infringing <u>and</u> that Unitronics' PLCs have no substantial non-infringing uses, Unitronics is entitled to summary judgment of no contributory infringement of the '654 patent under 35 U.S.C. § 271(c). Accordingly, the Court should grant Unitronics' motion for summary judgment of noninfringement, find this an exceptional case and award Unitronics its reasonable attorneys fees.

This 1st day of November, 2006.

                                     /s/ Glenn J. Perry
                                     Glenn J. Perry
                                     SMITH, GAMBRELL & RUSSELL, LLP
                                     1850 M Street, N.W.
                                     Washington, D.C. 20036
                                     Attorney for Plaintiffs Unitronics (1989) (R"G) Ltd. and Unitronics, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITRONICS (1989) (R"G) LTD., <br><br> and <br><br> UNITRONICS, INC. <br><br>   Plaintiffs, <br><br> v. <br><br> SAMY GHARB, <br><br>   Defendant. | Civil Action File No.: 1:06-cv-0027-RMC |

**CERTIFICATE OF SERVICE**

I, Glenn J. Perry, counsel for Plaintiffs, do hereby certify that I electronically filed with the Clerk of Court UNITRONICS' REQUEST FOR JUDGMENT ON ITS UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,552,654, using the CM/ECF system and have served all parties by placing a copy of same in the U.S. mail, postage prepaid, addressed to the following:

   Samy Gharb
   Bachtobelstrasse 30,
   8045 Zurich, Switzerland

   Samy Gharb
   P.O. Box 5066
   8045 Zurich, Switzerland

This 1st day of November, 2006.

/s/ Glenn J. Perry
Glenn J. Perry
D.C. Bar No. 278630
SMITH, GAMBRELL & RUSSELL, LLP
1850 M Street, N.W., Suite 800
Washington, DC 20036
Telephone: 202-973-2611
Fax: 202-263-4311

*Attorney for Unitronics (1989) (R"G) Ltd. and Unitronics, Inc.*