# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITRONICS (1989) (R"G) LTD.,
P.O. Box 300, Ben Gurion Airport
70100, Israel

UNITRONICS, INC.
1 Batterymarch Park, Suite 103
Quincy, MA 02169

    Plaintiffs,

v.

SAMY GHARB,
Bachtobelstrasse 30, 8045
Zurich, Switzerland

    Defendant.

Civil Action File No. 1:06-cv-00027-RMC

---

## UNITRONICS' REPLY TO DEFENDANT'S OPPOSITION TO UNITRONICS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,552,654

Glenn J. Perry
SMITH, GAMBRELL & RUSSELL, LLP
1850 M Street, N.W.
Washington, D.C. 20036
Attorney for Plaintiffs Unitronics (1989)
(R"G) Ltd. and Unitronics, Inc.

# I.  INTRODUCTION

Pursuant to FED.R.CIV.P. 56, and Local Rule 7, Plaintiff Unitronics (1989)

(R"G) Ltd. and its United States subsidiary, Plaintiff Unitronics, Inc., (collectively

"Unitronics"), hereby file this Reply to Defendant's Opposition to Unitronics'

Motion for Partial Summary Judgment of Non-Infringement of U.S. Patent No.

6,552,654 against Defendant, Samy Gharb, a resident of Switzerland ("Gharb").

Summary Judgment is proper because Defendant's opposition to Unitronics'

Motion for Partial Summary Judgment, fails to contest Unitronics' statements of

undisputed facts and fails to allege any statements that are material to the issue of

direct infringement.  The only material statements of fact Defendant asserts bolster

Unitronics' statements of fact that there is no induced or contributory infringement.

Accordingly, Unitronics requests entry of judgment that Unitronics has not

in the past infringed, and does not currently infringe, by direct infringement, by

inducement of infringement, or by contributory infringement, any claim of United

States Patent No. 6,552,654 (hereinafter the '654 Patent), within the meaning of 35

U.S.C. § 271.  Unitronics further requests judgment finding this an exceptional

case and awarding Unitronics its reasonable attorneys fees under 35 U.S.C. § 285.

### III.  REPLY TO DEFENDANT'S STATEMENT OF FACTS

In the documents submitted by Defendant, identifiable as DOK 39 [Doc. 55][1] and DOK 50 [Doc. 54], Defendant makes various factual allegations and unsupported legal conclusions.   Unitronics addresses each herein according to the document number and the fact number identified in that document.

#### A.  Unitronics' Response to the Defendant's DOK 39 Allegations of Fact

#### Alleged Fact No. 1

Defendant references Exhibit K to Unitronics' Complaint, namely a December 28, 2005 letter from Controls & Power, Inc. to Plaintiff Unitronics, regarding the installation and use of Unitronics' PLCs and GSM for the control of water wells and storage tanks in South Carolina and Minnesota.  Unitronics admits that its PLCs with GSM capability were installed to control these water systems. Inasmuch as these systems are for controlling water wells and storage tanks, and Defendant has pointed to no application of the PLCs in a security system as claimed in the '654 patent, much less any security system, the letter is immaterial to the question of infringement of the '654 patent, which claims a specific alarm system for vehicles.

Defendant's citation of the Controls & Power letter indicates that there is no question of material fact as to the issue of contributory and induced infringement,

---

[1] Bracketed Doc. References refer to the docket number entries on the EM/ECF docket.

in that the water system controls referenced therein unequivocally show substantial non-infringing uses of Unitronics' PLCs.

Unitronics objects to the legal conclusion drawn by Defendant, in contending that the use of PLCs and GSM for the control of water pumps and storage tanks infringes the '654 patent which claims a specific alarm system for vehicles.

### Alleged Fact No. 2

Unitronics objects to the alleged Fact No. 2, in that the contention of infringement is a legal conclusion. The alleged Fact No. 2 fails to present any facts regarding the structure of the accused devices and fails to compare them to the claims of the '654 patent.

### Alleged Fact No. 3

Unitronics admits it presented the letter from Power & Controls to the Court, and has never contended otherwise. Unitronics requests that the Court strike the spurious contentions that Unitronics has in any way misrepresented the nature of the document.

### Alleged Fact No. 4

Unitronics admits that it prepared the year 2000 Second Quarter results announcing its introduction of the M90-GSM™ as a new product. [Doc. No. 54, Attachment 1, pp. 4-13]. As stated in the report:

3

The M90-GSM™, is a new product which allows wireless SMS (Short-Message-Service) messages to be sent to and from a PLC to a cellular phone user via cellular networks.

The M90-GSM™ enables remote-controlled operation of machines and devices via GSM cellular communication networks.

Unitronics' customers can therefore remotely maintain venting machines, refrigerating trucks, building automation, fuel and chemical tanks, highway traffic control systems, etc. – without the need for on-site personnel.

The Company believes that the introduction of M90-GSM™, opens a new market for Unitronics. (2000 2nd Qtr. Rpt. pp. 2-3) [Doc No. 54, pp. 6-7].

As further stated in the report:

Our state-of-the art PLCs are installed in plants in a variety of industrial sectors – petrochemical, paper and corrugated, plastics and foods, energy and environment, air conditioning and building control, machine and process control applications, power generation, water and wastewater management—where automation and process control are needed.

....

Our M90-GSM is capable of wireless communications over cellular telephone networks. A mobile user can send and receive production data via a cell phone—even where the M90-GSM itself is installed in a moving vehicle. (2000 2nd Qtr. Rpt. p. 10). [Doc. No. 54, Attachment 2, p. 13].

The 2000 Second Quarter report is immaterial to the question of direct infringement in that Defendant has not shown that the report shows that any accused device is configured as a security system in accordance with the claims of the '654 patent. (Exhibit 1 to Unitronics' Motion for Partial Summary Judgment, U.S. Patent No. 6,552,654). The report's comment that Unitronics' PLCs are capable of being utilized in a moving vehicle is

insufficient to show infringement, and is wholly immaterial to the infringement inquiry, particularly where one of the report's recited uses of the M-90 PLC is for remotely maintaining a refrigeration truck. *Id.* The report is material to the contributory and induced infringement inquiries in that it unequivocally demonstrates that Unitronics' PLCs have substantial non infringing uses.

Unitronics objects to the Defendant's unsupported legal conclusion of infringement.

### Alleged Fact No. 5

Unitronics admits that the claims of the '654 patent cover a specific alarm system for a vehicle employing five PLCs interconnected in the manner specified in the '654 patent claims and as set forth in Unitronics' Motion for Partial Summary Judgment. The speed at which any communications may take place is not a limitation in any of the claims of the '654 patent and is therefore immaterial to the question of infringement. The allegations regarding Power & Controls' utilization of PLCs & GSM is addressed in Unitronics' response to Alleged Fact No. 1 above.

Unitronics objects to Defendant's unsupported assertion of novelty of the '654 invention in as much as the issue of novelty is a legal conclusion

concerning the validity of the '654 patent, an issue that is not presently before the Court.

**Alleged Fact No. 6**

Here again, the speed at which any communications may take place is not a limitation in any of the claims of the '654 patent, and is therefore immaterial to the question of infringement. Similarly, whether GSM High SPEED HSCSD (High Speed Circuit Switched Data) was known since 1999 is immaterial to the question of infringement and relates if at all to the question of validity, an issue that is not presently before the Court. Unitronics objects to the alleged Fact No. 6 to the extent it calls for a legal conclusion of infringement.

**Alleged Fact No. 7**

The importance of Defendant's '654 patent for security systems is denied in as much as Defendant has not produced any evidence that a security system made according to the '654 patent exists or is used anywhere in the world, much less that it has been used by Unitronics' or any of Unitronics' customers in any manner. Moreover, the alleged fact regarding the importance of the '654 patent much less the speed at which an alarm is generated is immaterial to the infringement inquiry, which requires that an accused device have each and every limitation as set forth in the '654 patent claims.

**Alleged Fact No. 8**

Unitronics admits that it has filed applications for U.S. Patents, including U.S. Provisional Patent Application Number: 60/499,927, filed September 03, 2003, and patent applications claiming the benefit of the '927 application.  The '924 application does not describe any system that could read on the claims of the '654 patent, and is therefore immaterial to the direct infringement inquiry.  However, Defendant's citation of the '927 application further demonstrates that there is no material question of fact concerning the issue of contributory and induced infringement in that it further unequivocally demonstrates that Unitronics' PLCs have substantial non-infringing uses.

**Alleged Fact Nos. 9 & 10**

Unitronics has been unable to identify any allegation of fact numbered 9 or 10 in Defendant's Dok 39 and therefore is unable to respond to the same.

**Alleged Fact No. 11**

The prices submitted by Defendant for sales of the Unitronics M90 & GSM PLCs relates, if at all, to damages and is therefore immaterial to the infringement inquiry.  Moreover, the Court has deferred consideration of the issue of damages until resolution of the infringement inquiry.

## B.  Unitronics' Response to the Defendant's DOK 50 Allegations of Fact

### Alleged Fact No. 1

Defendant references the December 28, 2005 letter from Controls & Power, Inc. to Unitronics, regarding the installation and use of Unitronics' PLCs and GSM for the control of water wells and storage tanks in South Carolina and Minnesota, fails to show any direct infringement by Unitronics or Unitronics' customers. Unitronics admits that its PLCs with GSM capability were installed to control these water systems.  However, inasmuch as these systems are for controlling water wells and storage tanks, and Defendant has pointed to no application of the PLCs in a security system, the letter is immaterial to the question of direct infringement of the '654 patent, which claims a specific alarm system for vehicles.

Defendant's citation of the Controls & Power letter indicates that there is no question of material fact as to the issue of contributory and induced infringement, in that the water system controls referenced therein show substantial non-infringing uses of Unitronics' PLCs.

Unitronics objects to the legal conclusion drawn by Defendant in contending that the use of PLCs and GSM for the control of water pumps and storage tanks infringes the '654 patent, which claims a specific type of alarm system for vehicles.

**Alleged Fact No. 2**

The proceedings of the past two teleconferences are a matter of record and Unitronics' representations of the Control & Power letter were accurately described to the Court. Unitronics requests that Defendant's spurious allegations be stricken. Unitronics objects to Defendant's allegations with respect to alleged infringement in that it states an unsupported legal conclusion.

**Alleged Fact No. 3**

Unitronics admits that it cited the Control & Power letter to the Court. Unitronics objects to Defendant's allegations as to the falsity of any statements made by them to the Court and respectfully requests that the spurious allegations be stricken.

**Alleged Fact No. 4.**

As previously presented in response to Alleged Fact No. 4 above, the Unitronics 2000 Second Quarter report is immaterial to the question of direct infringement in that Defendant has not shown that the report indicates how any accused device is configured in accordance with the claims of the '654 patent. The report is material to the contributory and induced infringement inquiries in that it unequivocally demonstrates that Unitronics' PLCs have

substantial non-infringing uses. Unitronics objects to the Defendant's unsupported legal conclusion of infringement.

**Alleged Fact No. 5**

The speed at which the security system performs is not a limitation of the '654 patent and is therefore immaterial to the infringement inquiry.

Unitronics' cites Fast, U.S. Patent No. 5,497,149 to point out: (1) the Patent Examiner's understanding of the invention claimed in the Fast '149 patent and the obviousness under 35 U.S.C. § 103 of the Defendant's claimed invention (Unitronics' Statement of Fact No. 19); (2) Defendant's acquiescence to the Examiner's understanding (Unitronics' Statement of Fact No. 20); (3) Defendant's arguments to the U.S. PTO to distinguish aspects of the narrowly claimed security system of the Defendant's invention over that disclosed in the Fast '149 patent (*Id.*); and (4) the Patent Examiner's Statement of Reasons for Allowability, accepting Defendant's arguments to distinguish over Fast (Unitronics' Statement of Fact No. 21). The foregoing all directly relate to construction of the '654 patent claims. Defendant's belated attempts to distinguish Fast as being microprocessor controlled as opposed to being PLC controlled are precluded by the '654 patent's prosecution history.

**Alleged Fact No. 6**

The speed at which any communications may take place is not a limitation in any of the claims of the '654 patent, and is therefore immaterial to the question of infringement. Similarly, whether GSM High SPEED HSCSD (High Speed Circuit Switched Data) was known since 1999, relates if at all to the question of validity and is immaterial to the infringement inquiry. Unitronics objects to alleged Fact No. 6 to the extent it calls for an unsupported legal conclusion of infringement.

**Alleged Fact No. 7**

Alleged Fact No. 7 fails to present any fact that is material to the infringement inquiry. Unitronics objects to the extent alleged Fact No. 7 states an unsupported legal conclusion of infringement. Unitronics further objects to the alleged fact in that the Court has bifurcated the issue of damages.

**Alleged Fact No. 8**

The speed at which any communications may take place is not a limitation in any of the claims of the '654 patent, and is therefore immaterial to the question of infringement. (Unitronics' Exhibit 1). Moreover, the '654 patent specification discloses no information regarding the speed of any communications. (Id.).

For the same reasons, the speed of any communications is immaterial as to any innovation, if any, embodied in the '654 patent and whether the same is valid, an issue not presently before the Court.

**Alleged Fact No. 9**

Unitronics denies that the alleged facts have any bearing on the infringement inquiry. Because the speed at which communications may or may not take place is not a limitation of the'654 patent claims, it is immaterial to the question of infringement. Unitronics denies that the '654 patent is great and important for security to alerting in seconds with PLC & GSM in the U.S. or anywhere. Defendant has not shown the existence or practice of a system anywhere in the world that utilizes the security system claimed in the '654 patent. Unitronics objects to this alleged fact to the extent it relates, if at all, to the validity of the '654 patent, an issue not presently before the Court.

**Alleged Fact No. 10**

Unitronics admits that it has filed applications for U.S. Patents, including U.S. Provisional Patent Application Number 60/499,927, filed September 03, 2003, and patent applications claiming the benefit of the '927 application. The '924 application does not describe any system that could read on the claims of the '654 patent, and is therefore immaterial to the

direct infringement inquiry. However, Defendant's citation of the '927 application further demonstrates that there is no material question of fact concerning the issue of contributory and induced infringement in that it further unequivocally demonstrates that Unitronics' PLCs have substantial non-infringing uses.

Unitronics denies that Defendant conceived or invented any aspect of the invention recited in the '927 patent application or any application claiming the benefit of the '927 application. The specification of the '654 patent fails to disclose the inventive aspects disclosed in the '927 application or its progeny.

### Alleged Fact No. 11

The prices of the M90 PLC is immaterial to the question of infringement and relates, if at all, to the issue of damages, which the Court has bifurcated from the issue presently before the Court, namely non-infringement of the '654 patent.

## II. ARGUMENTS

Under Federal Rules of Civil Procedure 56(c), district courts should grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." *Securities And Exchange Commission,*

*v. Banner Fund International,* 211 F.3d 602, 615 (C.A. D.C. 2000). A party

opposing such a motion on the ground that there are material facts in dispute must

"set forth [the] specific facts showing that there is a genuine issue for trial." *Id.*

(*citing* Fed.R.Civ.P. 56(e)). In the United States District Court for the District of

Columbia, a party opposing a motion for summary judgment must also comply

with Local Rule LCvR 7(h), which provides in relevant part:

> An opposition to ... a motion [for summary judgment] shall be
> accompanied by a separate concise statement of genuine issues setting
> forth all material facts as to which it is contended there exists a
> genuine issue necessary to be litigated, which shall include references
> to the parts of the record relied on to support the statement .... Each
> such motion and opposition must also contain or be accompanied by a
> memorandum of points and authorities and proposed order as required
> by LCvR 7(a), (b), and (c). In determining a motion for summary
> judgment, the court may assume that facts identified by the moving
> party in its statement of material facts are admitted, unless such a fact
> is controverted in the statement of genuine issues filed in opposition
> to the motion.

Local Rule 7 (b) similarly provides:

> "an opposing party shall serve and file a memorandum of points and
> authorities in opposition to the motion. If such a memorandum is not
> filed the Court may treat the motion as conceded."

In *Banner Fund*, the Court of Appeals affirmed the district court's decision

to deem as admitted the statement of undisputed facts presented in the SEC's

motion for summary judgment because the defendant failed to file a statement of

disputed facts in its opposition to the SEC's motion. *Id.* The Court of Appeals

upheld the district court's entry of summary judgment based on the deemed admissions despite the fact that the defendant had submitted a statement of undisputed facts in its own motion for summary judgment. *Id.*

In this case, Defendant Gharb's opposition does not controvert any of Unitronics' statements of fact. Moreover, Defendant Gharb's opposition presents no legal authority indicating that he is in any way entitled to judgment or that controverts any authority presented in Unitronics' motion. As the Court of Appeals made clear, "If the party opposing the motion fails to comply with this local rule, then "the district court is under no obligation to sift through the record" and should "[i]nstead ... deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule [LCvR 7.1(h) ] statement." *Id.* at 615. *See also Casino Airlines v. Natl. Transp. Safety Bd.*, 439 F.3d 715 (D.C. Cir. 2006) (decided under the Rules Of Practice In Air Safety Proceedings, 49 C.F.R. § 821 which closely follow Fed.R.Civ.P. 56).

As the patentee, Gharb bore the burden to prove direct infringement by a preponderance of the evidence. *S. Bravo Systems v. Containment Tech. Corp.*, 96 F.3d 1372, 1376 (Fed. Cir. 1996). In response to Unitronics' Motion for Summary Judgment, Gharb therefore had the burden of designating "specific facts showing that there is a genuine issue for trial." *Id.* (*citing* Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). To avoid summary judgment Gharb was required to proffer

evidence that Unitronics' PLCs contained every claim element either exactly or by a substantial equivalent. *Id.* Gharb entirely failed to do so, mandating entry of summary judgment in favor of Unitronics. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324-326, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (if movant draws attention to absence of support for essential element of nonmovant's claim, summary judgment may be granted unless plaintiff sets forth facts requiring trial); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (scintilla of evidence insufficient to satisfy claimant's burden; to defeat summary judgment, party with burden of persuasion must set forth sufficient material to support trial determination that burden of persuasion is satisfied).

In short, Defendant has presented no question of fact or law from which a jury could possibly determine that Unitronics' PLCs infringe the '654 patent. Accordingly, the Court is obliged to grant partial or complete summary judgment. *Warner-Jenkinson v. Hilton Davis*, 520 U.S. 17, 41 n. 8 (1997)(*citing* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986)).

### III.  CONCLUSION

Because Gharb has failed to establish that Unitronics' PLCs meet all elements and limitations of the '654 patent claims, either literally or by equivalence, Unitronics is entitled to summary judgment of no direct infringement under 35 U.S.C. § 271(a). Similarly, because Gharb has failed to establish that

17

there has been a direct infringement by Unitronics' customers or any other entity, that Unitronics knowingly induced infringement by its customers, or that Unitronics possessed specific intent to encourage its customers' infringement, Unitronics is entitled to summary judgment of no inducement of infringement under 35 U.S.C. § 271(b).  Finally, because Gharb has failed to establish that any of Unitronics' customers or that any other entity directly infringed the '654 patent, that Unitronics knew that the combination for which its PLCs were especially made was both patented and infringing and that Unitronics' PLCs have no substantial non-infringing uses, Unitronics is entitled to summary judgment of no contributory infringement of the '654 patent under 35 U.S.C. § 271(c). Accordingly, the Court should grant Unitronics' motion for summary judgment of non-infringement, find this an exceptional case and award Unitronics its reasonable attorneys fees.

This 1st day of February, 2007.

_/s/ Glenn J. Perry_____
Glenn J. Perry
SMITH, GAMBRELL & RUSSELL, LLP
1850 M Street, N.W.
Washington, D.C. 20036
Attorney for Plaintiffs Unitronics (1989)
(R"G) Ltd. and Unitronics, Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITRONICS (1989) (R"G) LTD.,

and

UNITRONICS, INC.

    Plaintiffs,

v.

SAMY GHARB,

    Defendant.

Civil Action File No.:  1:06-cv-0027-RMC

## CERTIFICATE OF SERVICE

I, Glenn J. Perry, counsel for Plaintiffs, do hereby certify that I electronically filed with the Clerk of Court UNITRONICS' REPLY TO DEFENDANT'S OPPOSITION TO UNITRONICS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,552,654, using the CM/ECF system and have served all parties by placing a copy of same in the U.S. mail, postage prepaid, addressed to the following:

Samy Gharb
Bachtobelstrasse 30,
8045 Zurich, Switzerland

Samy Gharb
P.O. Box 5066
8045 Zurich, Switzerland

This 1st day of February, 2007.

  /s/ Glenn J. Perry_____
Glenn J. Perry
D.C. Bar No. 278630
SMITH, GAMBRELL & RUSSELL, LLP
1850 M Street, N.W., Suite 800
Washington, DC 20036
Telephone: 202-973-2611
Fax: 202-263-4311

*Attorney for Unitronics (1989) (R"G) Ltd.
and Unitronics, Inc.*