IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITRONICS (1989) (R"G) LTD.,<br><br>and<br><br>UNITRONICS, INC.<br>    Plaintiffs,<br><br>v.<br><br>SAMY GHARB,<br>    Defendant. | Civil Action File No.: 1:06-cv-0027-RMC |

**MEMORANDUM IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF**

Plaintiffs, Unitronics (1989)(R"G) Ltd. and Unitronics, Inc. (collectively "Unitronics"), submit this Memorandum in Support of Motion for Injunctive Relief against Defendant, Samy Gharb ("Gharb"). Unitronics' Motion for Injunctive Relief requests that Gharb be permanently enjoined from: 1) communicating threats or assertions of infringement based on the subject matter disclosed in United States Patent No. 6,552,654 ("the Gharb patent"), against Unitronics or Unitronics' customers based on Unitronics' manufacture, use, sale, offers to sell, or importation of Programmable Logic Controllers ("PLCs"); 2) bringing suit under the Gharb patent, against Unitronics or Unitronics' customers based on their manufacture, use, sale, offers to sell, or importation of PLCs; and 3) interfering with the contractual relations between Unitronics and its customers in any fashion by referring to the Gharb patent. The grant of the requested injunction fully disposes of Count I (noninfringement) and Count III (interference with contractual relations) of the Complaint.

1

On January 10, 2006, Unitronics filed their Complaint against Gharb seeking an injunction against Gharb's continuing communication of threats of patent infringement against Unitronics and Unitronics' customers. On September 25, 2007, the Court granted summary judgment in favor of Unitronics, holding that Unitronics' manufacture, use, sale, offers to sell, or importation of PLCs in the United States did not infringe the Gharb patent. [Doc. 63 & 64].

Based on the database records of the United States Patent and Trademark Office, Gharb's United States Patent No. 6,522,654 expired on April 22, 2007, for Gharb's non-payment of maintenance fees due under 37 C.F.R. 1.362. [Exhibits A and B].

On October 26, 2007, despite the Court's ruling of noninfringement and despite the expiration of the Gharb patent, Gharb continued to assert infringement of the Gharb patent by sending copies of Unitronics promotional materials to Unitronics (and perhaps others) marked up to indicate that those products were covered by or made in accordance with the disclosures and claims of the Gharb patent. [Exhibit C].

The record in this case establishes beyond argument that Unitronics is entitled to the injunctive relief that it seeks.

**I.    Unitronics Is Entitled To Injunctive Relief**

According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. *EBay Inc. v. MercExchange, L.L.C.*, 126 S.Ct. 1837, 1839 (2006). A plaintiff must demonstrate in addition to its success on the merits of its claim: (1) that plaintiff has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a

remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Id*.

### A. The Court's Grant Of Summary Judgment Of Noninfringement Entitles Unitronics To Injunctive Relief

The Patent Act provision governing injunctive relief provides:

"The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

Where the owner of a patent and the manufacturer of a device litigate the question whether the device infringes the patent and where the manufacturer obtains an adjudication that the device does not infringe, the owner of the patent may be enjoined from asserting such infringement and from prosecuting any action in which such infringement is asserted. *Leishman v. Radio Condenser Co.*, 167 F.2d 890, 893 (9th Cir. 1948) (citing *Kessler v. Eldred*, 207 U.S. 285, (1907). The *Kessler* doctrine bars a patent infringement action against a customer of a seller who has previously prevailed against the patentee because of invalidity or non-infringement of the patent; otherwise, the effect of the prior judgment would be virtually destroyed. *MGA, Inc., v General Motors Corporation*, 827 F.2d 729, 734 (Fed. Cir. 1987). *Kessler* grants a limited trade right which is "the right to have that which [a court has determined] it lawfully produces freely bought and sold without restraint or interference. *Id..* (*citing Rubber Tire Wheel Co. v. Goodyear Tire and Rubber Co.,* 232 U.S. 413, 418-419 (1914)). It is a right which attaches to its product--to a particular thing--as an article of lawful commerce...." *Id.*

On September 25, 2007, the Court entered its Memorandum Opinion and issued an Order in which it Granted Plaintiffs' Motion for Summary Judgment of Non-Infringement, finding that

Unitronics' manufacture, use, sale, offers to sell, or importation of PLCs does not infringe the Gharb patent, thereby adjudicating Count I of Plaintiffs' Complaint and Defendant's counterclaim. [Docs. 63 & 64]. Because the Court has held that Unitronics' sale of PLCs does not infringe the Gharb patent, Unitronics is entitled to an injunction that precludes Gharb from threatening or asserting infringement of the Gharb patent against Unitronics or its customers. Moreover, Unitronics is entitled to an injunction that is broad enough to preclude Gharb from interfering with Unitronics' contract relations with its customers based on Gharb referring to the Gharb patent.

### B. The Expiration of the Gharb Patent Entitles Unitronics To Injunctive Relief

By the patent laws Congress has given to the inventor opportunity to secure the material rewards for his invention for a limited time, on condition that he make full disclosure for the benefit of the public of the manner of making and using the invention, and that upon the expiration of the patent the public be left free to use the invention. *Scott Paper Co. v. Marcalus Mfg. Co.*, 326 U.S. 249, 255 (1945). As clearly shown by the records of the Patent and Trademark Office, the Gharb patent expired on April 22, 2007, because Gharb did not pay the required maintenance fees. Gharb also failed in his duty of candor to the Court by failing to advise the Court that he had abandoned his patent despite the ongoing litigation. By virtue of the expiration of the Gharb '654 patent, Gharb has relinquished any rights in his patent and has dedicated the subject matter of the Gharb patent to the public. Consequently, Unitronics is entitled to an injunction that precludes Gharb from threatening or asserting infringement of the expired Gharb patent against Unitronics or its customers. Moreover, Unitronics is entitled to an injunction that is broad enough to preclude Gharb from interfering with Unitronics' contract relations with its customers based on Gharb referring to the expired Gharb patent.

## II.     Unitronics Has Been Irreparably Harmed.

Gharb's actions in threatening Unitronics and its customers with infringement of the Gharb patent have irreparably harmed Unitronics. Gharb has, through numerous abusive phone calls, emails, and faxes, repeatedly and baselessly charged Unitronics and is one European and United States distributors with infringement of the Gharb patent and apprehension of suit.. [Doc. 1, ¶ 17-24, and Exhibits B-K thereto]. Gharb's unwarranted assertions of infringement despite the noninfringement ruling of this Court and despite the expiration of the Gharb patent continue as evidenced by the recent communications sent by Gharb to Unitronics including the marked up promotional materials of Unitronics showing that the Unitronics PLCs are covered by the Gharb patent. [Exhibit C]. Each of these instances has harmed Unitronics and has harmed the relationship between Unitronics and its customers.

## III.    Monetary Damages Are Inadequate to Compensate Unitronics.

In rendering its decision declining to award Unitronics' attorney fees, the Court indicated its acceptance of Gharb's representations that he was without counsel because he lacked sufficient funds to retain counsel. [Doc. 63, p. 19]. Accordingly, it is unlikely that any money judgment Unitronics may obtain could be satisfied.

## IV.    The Balance of Hardships Favor Unitronics and Its Customers Warrants Injunctive Relief.

Gharb's unremitting harassment of Unitronics and its customers since August of 2004 clearly tip the balance in favor of granting injunctive relief. Unless enjoined, Gharb, despite the ruling of this Court and the expiration of his patent, will continue his acts with impunity, and will infringe upon the rights Unitronics has acquired through this litigation, namely, "the right to have that which [this Court has determined] it lawfully produces to be freely bought and sold without restraint or interference." *MGA,* 827 F.2d at 734. Indeed, even after the Court rendered its

5

decision of non-infringement on September 25, 2007, Gharb has persisted in his harassment of Unitronics, as demonstrated in the October 25, 2007 e-mail and October 26, 2007 e-mail from Gharb to Plaintiffs' tech support e-mail address. [Exhibit C]. Moreover, Gharb experiences no hardship if enjoined from asserting patent rights that he has already forfeited when he failed to maintain his patent rights by paying the required maintenance fees to the Patent Office.

### 4) The Public Interest Would Be Served By a Permanent Injunction.

As the Federal Circuit emphasizes, without the imposition of injunctive relief in circumstances such as this case, the effect of the prior judgment would be virtually destroyed. *MGA, Inc.,* 827 F.2d at 734. The public interest in freeing the courts of needless and meritless litigation therefore warrants the imposition of the requested injunction.

### CONCLUSION

In reaching its decision, the Court found that Gharb has terribly misconstrued his patent and that none of his assertions of infringement has merit. [Doc. 63, p. 19]. As restated according to *MGA*, it is Unitronics' right that the accused PLCs be freely traded without interference from Gharb, and Unitronics' only way to preserve the judgment it has obtained is through the entry of the requested permanent injunction. *See MGA*, 827 F.2d at 734-735. Moreover, by forfeiting his patent rights for failing to pay the maintenance fee on the Gharb patent, Gharb has lost his right to assert patent infringement and has thus virtually agreed to the requested injunction. Unitronics is entitled to the requested injunctive relief. A [Proposed] Order of Permanent Injunction is attached to the Motion as Exhibit 1.

Respectfully Submitted this 1st day of November, 2007.

STERNE, KESSLER, GOLDSTEIN & FOX, PLLC

/s/ Glenn J. Perry
Glenn J. Perry
D.C. Bar No. 278630
Sterne, Kessler, Goldstein & Fox, PLLC
1100 New York Avenue, NW
Washington, DC 20005
(202) 772-8703
(202) 371-2540 (fax)
gjperry@skgf.com


*Of Counsel:*

Dale Lischer
Brendan E. Squire
Smith, Gambrell & Russell, Llp
Suite 3100
1230 Peachtree Street N.E.
Atlanta, Georgia  30309
(404) 815-3500
(404) 685-3509 (fax)


*Attorney for Plaintiffs*
*Unitronics (1989) (R"G) Ltd., and*
*Unitronics, Inc.*

## **CERTIFICATE OF SERVICE**

I, Glenn J. Perry, counsel for Plaintiffs, do hereby certify that I electronically filed with the Clerk of Court Plaintiffs' foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF**, using the CM/ECF system and have served the Defendant by mailing a copy of same via Air Mail, postage prepaid, addressed to the following:

Mr. Samy Gharb
Bachtobelstrasse 30,
8045 Zurich, Switzerland

Mr. Samy Gharb
P.O. Box 5066
8045 Zurich, Switzerland

Further, I have emailed a copy of same to Defendant at the following email address:

samygharbch@aim.com

This 1st day of November, 2007.

/s/ Glenn J. Perry
Glenn J. Perry
D.C. Bar No. 278630