IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITRONICS (1989) (R"G) LTD.,**<br><br>and<br><br>**UNITRONICS, INC.**<br><br>    Plaintiffs,<br><br>v.<br><br>**SAMY GHARB,**<br><br>    Defendant. | Civil Action File No.: 1:06-cv-0027-RMC |

**MEMORANDUM IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL
WITHOUT PREJUDICE UNDER FED. R. CIV. P 41(a)(2)**

Plaintiffs, Unitronics (1989)(R"G) Ltd. and Unitronics, Inc. (collectively "Unitronics"), submit their Memorandum In Support of Motion for Voluntary Dismissal, Without Prejudice Under Fed. R. Civ. P. 41(a)(2) as to Count II (patent invalidity) of their Complaint against Defendant, Samy Gharb ("Gharb").  Unitronics' motion for voluntary dismissal is made conditioned on the Court granting Unitronics' Motion for Injunctive Relief, submitted concurrently herewith.

**STATEMENT OF FACTS**

In support of this motion, Unitronics state the following facts:

1. On January 10, 2006, Unitronics filed its Complaint against Gharb containing the following counts against Gharb:

Count I - Declaratory Judgment of Non-Infringement of United States Patent No. 6,552,654 ("the Gharb patent");

Count II – Declaratory Judgment of Invalidity of the Gharb patent; and

Count III – Intentional Interference With Contractual Relations. [Doc. 1]

2. On September 25, 2007, the Court entered a Memorandum Opinion and issued an Order in which it Granted Plaintiffs' Motion for Summary Judgment of Non-Infringement, finding that Unitronics' manufacture, use, sale, offers to sell, or importation of Programmable Logic Controllers (PLCs) does not infringe the Gharb patent, thereby adjudicating Count I of Plaintiffs' Complaint and Defendant's counterclaim. [Docs. 63 & 64].

3. The Court found that none of Gharb's infringement assertions had merit. [Doc. 63, p. 19].

4. The Court declined to award Plaintiffs' attorney fees, in part due to Defendant's representation that he is without assets to retain counsel. [Doc. 63, p. 19].

5. Based on the database records of the United States Patent and Trademark Office, United States Patent No. 6,522,654 expired on April 22, 2007, for Gharb's non-payment of maintenance fees due under 37 C.F.R. 1.362. [Exhibits A and B].

6. On October 10, 2007, the Court entered an Order, directing the parties to submit a Joint Proposed Scheduling Order with respect to Counts II and III of the Complaint by November 13, 2007. [Minute Entry Order Oct. 10, 2007].

## ARGUMENTS

Rule 41(a)(2) of the Federal Rules of Civil Procedure prohibits a plaintiff from dismissing an action in which an answer has been filed, as is true here, except with court approval "and upon such terms and conditions as the court deems proper." Fed.R.Civ.P.

41(a)(2). The purpose of Rule 41(a)(2) is to protect a defendant from undue prejudice or inconvenience from plaintiff's voluntary dismissal. *Collins, v. Baxter Healthcare*, 200 F.R.D. 151 (D.D.C. 2001). To justify the denial of a motion for voluntary dismissal, a district court must find that dismissal will inflict clear legal prejudice on a defendant. *Conafay v. Wyeth Laboratories*, 841 F.2d 417, 419 (D.C. Cir. 1988). In the context of a motion under Rule 41(a)(2), legal prejudice means something other than the necessity that defendant might face in defending another action. *Id*. No such legal prejudice exists here, and the Court should not impose any conditions on the dismissal.

Unitronics has prevailed on Count I (noninfringement) of its Complaint seeking a declaratory judgment of non-infringement of the Gharb patent. [Doc. 63 & 64]. In reaching its decision, the Court determined that none of Gharb's infringement assertions had merit. [Doc. 63, p. 19]. The Court declined to award Unitronics attorney fees based on Gharb's representation that he is without sufficient assets to retain counsel. Id. If the Court enters a permanent injunction against Gharb's further assertion of the Gharb patent against Unitronics' PLCs, Count I (noninfringement) will be fully adjudicated on the merits in favor of Unitronics.

Further, upon entry of the requested injunctive relief, Gharb will be enjoined from committing further acts forming the basis of Count III of Plaintiffs' Complaint (interference with contractual relations). Civil contempt proceedings against Gharb would be available to compensate Plaintiffs' for any future acts he commits in violation of the injunction. *Cobell v. Norton*, 334 F.3d 1128, 1145 (D.C. Cir. 2003) (*citing Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827 (1994). Moreover, in light of the expiration of the Gharb patent any further assertions of patent infringement against Unitronics and its customers by Gharb would be entirely baseless. Provided the requested injunctive relief is entered, dismissal of Count III with

prejudice would be warranted, as the Count would be moot.

Count II (invalidity of the Gharb patent), however, requires a dismissal without prejudice. Based on database records of the United States Patent and Trademark Office, the Gharb patent expired on April 20 2, 2007, due to Gharb's failure to pay the requisite maintenance fees under 37 C.F.R. 1.362. [Exhibits A and B]. Barring any future petition to reinstate the Gharb patent or any presently pending petition to reinstate the Gharb patent that may not be evident in the database records of the United States Patent and Trademark Office, Count II (patent invalidity) of Unitronics' Complaint is in all likelihood moot. In the unlikely event that Gharb is able to revive the Gharb patent in accordance with the Patent Act and procedures established by the U.S. Patent and Trademark Office, Unitronics reserves the right to challenge the validity of the Gharb patent if a subsequent dispute arises between Gharb and Unitronics. Accordingly, dismissal of Count II (invalidity) should be without prejudice or condition.

Respectfully Submitted this 1st day of November, 2007.

STERNE, KESSLER, GOLDSTEIN & FOX, PLLC

/s/ Glenn J. Perry
Glenn J. Perry
D.C. Bar No. 278630
1100 New York Avenue, NW
Washington, DC 20005
(202) 772-8703
(202) 371-2540 (fax)
gjperry@skgf.com

*Of Counsel:*

Dale Lischer
Brendan E. Squire
Smith, Gambrell & Russell, Llp
Suite 3100
1230 Peachtree Street N.E.
Atlanta, Georgia  30309
(404) 815-3500
(404) 685-3509 (fax)

*Attorney for Plaintiffs
Unitronics (1989) (R"G) Ltd., and
Unitronics, Inc.*

## CERTIFICATE OF SERVICE

I, Glenn J. Perry, counsel for Plaintiffs, do hereby certify that I electronically filed with the Clerk of Court Plaintiffs' foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE UNDER FED. R. CIV. P 41(a)(2)**, using the CM/ECF system and have served the Defendant by mailing a copy of same via Air Mail, postage prepaid, addressed to the following:

>Mr. Samy Gharb
>Bachtobelstrasse 30,
>8045 Zurich, Switzerland

>Mr. Samy Gharb
>P.O. Box 5066
>8045 Zurich, Switzerland

Further, I have emailed a copy of same to Defendant at the following email address:

>samygharbch@aim.com

This 1st day of November, 2007.

>/s/ Glenn J. Perry
>Glenn J. Perry
>D.C. Bar No. 278630