## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITRONICS (1989) (R"G) LTD.,<br><br>and<br><br>UNITRONICS, INC.<br><br>    Plaintiffs,<br><br>v.<br><br>SAMY GHARB,<br><br>    Defendant. | Civil Action File No.: 1:06-cv-0027-RMC |

### MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION

Plaintiffs, Unitronics (1989)(R"G) Ltd. and Unitronics, Inc. (collectively "Unitronics"), submit this Memorandum in Opposition to Defendant's Motion for Reconsideration.

On January 10, 2006, Unitronics filed their Complaint against Gharb seeking an injunction against Gharb's continuing communication of threats of patent infringement against Unitronics and Unitronics' customers. On September 25, 2007, the Court granted summary judgment in favor of Unitronics, holding that Unitronics' manufacture, use, sale, offers to sell, or importation of PLCs in the United States did not infringe United States Patent No. 6,552,654 ("the Gharb patent").

On October 24, 2007, the Court permitted a motion styled Motion for Reconsideration by Samy Gharb to be filed. [Doc. 65]. This motion should be denied in all respects because it is untimely under Fed.R.Civ.P. 59(e) and fails to satisfy any condition warranting such a motion, assuming, in the alternative, that it is filed under Fed.R.Civ.P. 60(b).

"A motion for reconsideration . . . will not be lightly granted." *Center for Public Integrity v. Vederal Comm.Com Mobley v. Cont'l Cas. Co.,* 405 F.Supp.2d 42, 45 (D.D.C. 2005).   To prevail on a motion for reconsideration, it is the moving party's burden to show "new facts or clear errors of law which compel the court to change its prior position." *Nat'l Ctr. for Mfg. Sci. v. Dep't of Def.,*  199 F.3d 507, 511 (D.C. Cir. 2000).   Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996); *See also Katten v. District of Columbia,* 995 F.3d 274, 276 (D.C. Cir. 1993).   The Court held that none of Gharb's infringement contentions had merit. [Doc. 65, p. 19].   Even a cursory review of the Motion for Reconsideration indicates that it is also without merit.

First, Gharb's motion does not contest the Court's claim construction [Doc. 65, p. 3], a question of law,  *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).   Similarly, Gharb's Motion does not contest the Court's determination of   non-infringement, a question of fact. *See Mannesmann Demag Corp. v. Engineered Metal Prods. Co.,* 793 F.2d 1279, 1282 (Fed. Cir. 1986).   Indeed, the Court clearly articulated that the patentee had no evidence of infringement and amply illustrated the specific ways in which accused systems did not meet the claim limitations.   *Exigent Tech. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1309 (Fed. Cir. 2006).   More specifically, Gharb failed to show that any of Plaintiffs' PLCs have been configured according to the claimed security system. Gharb's  Motion for Reconsideration is similarly devoid of any indication or competent evidence that Unitronics' PLC are, or have ever been configured according to the claimed security system.

Instead, it now appears that in addition to his baseless contention that his patent covers all PLCs utilizing GSM, Gharb advances a more ridiculous contention that the Gharb patent embraces any PLC having a function block.  [Doc. 65, ¶ ¶ 11, 12, 14, 15, 21-27].   Not only does this contention fail to establish any basis for finding infringement, as the function blocks are not even claim elements of the independent claims,  the arguments, if they may be regarded as such, should have been advanced in response to Unitronics' motion for summary judgment.  *Caisse Nationale.,* 90 F.3d at 1270; *See also Katten,* 995 F.3d at 276.   Accordingly, the motion should be denied.

The only new evidence that has any bearing on the instant motion is that on April 22, 2007, prior to the grant of summary judgment, Gharb allowed the Gharb patent to expire by failing to pay the required maintenance fees.  [Exhibits A and B].  By the patent laws Congress has given to the inventor opportunity to secure the material rewards for his invention for a limited time, on condition that he make full disclosure for the benefit of the public of the manner of making and using the invention, and that upon the expiration of the patent the public be left free to use the invention.  *Scott Paper Co. v. Marcalus Mfg. Co.*, 326 U.S. 249, 255 (1945). Simply stated, without a valid patent, Gharb is left without any claim of infringement.

In granting Unitronics Motion for Summary Judgment of Non-Infringement, the Court held that none of Gharb's infringement assertions had merit, yet declined to award Unitronics their attorneys fees.  [Doc. 65, p. 19].   Gharb's Motion for Reconsideration is similarly without merit, in that it fails to show that the Court made any error of law or fact in granting summary judgment of non-infringement and fails to advance any competent theory of infringement.  Gharb advanced this meritless motion and disregarded his duty of candor to the Court by concealing his abandonment of the Gharb patent, despite the ongoing litigation, and has unreasonably and

vexatiously multiplied the proceedings.  Accordingly, the Court should deny Gharb's motion for reconsideration and grant Unitronics their reasonable attorney fees in opposing this frivolous motion, based on the Court's inherent powers, Fed.R.Civ.P. 11, or 28 U.S.C. §1927. *Atkins v. Fischer*, 232 F.R.D. 116, 127-128 (D.D.C. 2005); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991);  *See also McCready v. EBay, Inc.*, 435 F.3d 882  (7th Cir. 2006) ; *Wages v. I.R.S.*, 915 F.2d 1230 (9th Cir. 1990) (for appropriateness of imposing §1927 sanctions against *pro se* litigants).

Respectfully submitted this 1st day of November, 2007.

STERNE, KESSLER, GOLDSTEIN & FOX, PLLC

/s/ Glenn J. Perry
Glenn J. Perry
D.C. Bar No. 278630
Sterne, Kessler, Goldstein & Fox, PLLC
1100 New York Avenue, NW
Washington, DC 20005
(202) 772-8703
(202) 371-2540 (fax)
gjperry@skgf.com


*Of Counsel:*

Dale Lischer
Brendan E. Squire
Smith, Gambrell & Russell, Llp
Suite 3100
1230 Peachtree Street N.E.
Atlanta, Georgia  30309
(404) 815-3500
(404) 685-3509 (fax)


*Attorney for Plaintiffs*
*Unitronics (1989) (R"G) Ltd., and*
*Unitronics, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Glenn J. Perry, counsel for Plaintiffs, do hereby certify that I electronically filed with the Clerk of Court Plaintiffs' foregoing **MEMORANDUM IN OPPOSITION TO MOTION TO RECONSIDER**, using the CM/ECF system and have served the Defendant by mailing a copy of same via Air Mail, postage prepaid, addressed to the following:

> Mr. Samy Gharb
> Bachtobelstrasse 30,
> 8045 Zurich, Switzerland

> Mr. Samy Gharb
> P.O. Box 5066
> 8045 Zurich, Switzerland

Further, I have emailed a copy of same to Defendant at the following email address:

> samygharbch@aim.com

This 1st day of November, 2007.

/s/ Glenn J. Perry
Glenn J. Perry
D.C. Bar No. 278630
