UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITRONICS (1989) (R"G) LTD., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SAMY GHARB,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-27 (RMC)<br>)<br>)<br>)<br>)<br>) |

### ORDER INFORMING DEFENDANT OF CASE STATUS AND DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

The Court issues this Order in response to a letter received from *pro se* Defendant Samy Gharb titled "Final Judgment Order" ostensibly requesting judgment in his favor.[1] The letter recounts that Defendant Samy Gharb has sent the following products to the Court: (1) PLC M90 (programmable logic controller); (2) PLC V120 (programmable logic controller); (3) GSM (Global System for Mobile Phone). This Order confirms receipt of the products. Mr. Gharb offers that these products are "witness of business by offer, sale, and use without authority," and that the Court "did not react to take [sic] a decision." Mr. Gharb goes on to note that "[i]t is extraordinary after two years [that] no decision has appeared." In an effort to inform Mr. Gharb of the status of his case, the Court issues this Order and denies his motion for reconsideration.

On January 10, 2006, Plaintiffs, Unitronics (1989)(R"G) Ltd. and Unitronics Inc. (collectively "Unitronics") filed their Complaint against Defendant Samy Gharb seeking an injunction against Mr. Gharb's continuing communication of threats of patent infringement against

---

[1] The Court will Order that this letter be filed and made a part of the record.

Unitronics and Unitronics' customers. Plaintiffs also sought a declaration of non-infringement of Mr. Gharb's patent. On September 25, 2007 this Court issued a Memorandum Opinion holding that Unitronics' manufacture, use, sale, offers to sell, or importation of PLCs in the United States did not infringe United States Patent No. 6,552,654 ("the Gharb patent"). *See* Sept. 25, 2007 Mem. Op. [Dkt. #63]. So in effect, the issue of whether Unitronics infringes the Gharb patent is resolved.

On October 24, 2007, the Court permitted a motion styled Motion for Reconsideration by Samy Gharb to be filed. *See* Dkt. #65. Unitronics filed its opposition and the matter is now ripe for adjudication. *See* Dkt. #72. Federal Rule of Civil Procedure 60(b) provides for motions for relief from a judgment or order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). To prevail on a motion for reconsideration, it is the moving party's burden to show "new facts or clear errors of law which compel the court to change its prior position." *Nat'l Ctr. for Mfg. Sci. v. Dep't of Def.*, 199 F.3d 507, 511 (D.C. Cir. 2000). Mr. Gharb does not contest the Court's claim construction nor does the motion for reconsideration contest the Court's determination of non-infringement. Mr. Gharb, to this date, has not offered any evidence or indication that Unitronics PLCs are, or have ever been configured according to the claimed security system.

More importantly, Unitronics offers the only relevant new evidence in this case since the Court's Memorandum Opinion on non-infringement; Mr. Gharb, on April 22, 2007, prior to the grant of summary judgment, allowed his patent to expire by failing to pay the required maintenance fees. *See* Pls.' Mem. in Opp'n to Mot. for Recon., Exs. A & B. By the patent laws, Congress has given to the inventor opportunity to secure the material rewards for his invention for a limited time,

2

on condition that he make full disclosure for the benefit of the public the manner of making and using the invention, and that upon expiration of the patent the public be left free to use the invention. *Scott Paper Co. v. Marcalus Mfg. Co.*, 326 U.S. 249, 255 (1945). Without a valid patent, Mr. Gharb is without a claim of infringement. The Court will deny Mr. Gharb's Motion for Reconsideration.

On November 1, 2007, Unitronics filed a Motion for Injunctive Relief Against Samy Gharb requesting that Mr. Gharb be:

> permanently enjoined from: 1) communicating threats or assertions of infringement based on the subject matter claimed in United States Patent No. 6,552,654 ("the Gharb patent"), against Unitronics or Unitronics' customers based on their manufacture, use, sale, offers to sell, or importation of Programmable Logic Controllers ("PLCs"); 2) bringing suit under the Gharb patent, against Unitronics or Unitronics' customers based on their manufacture, use, sale, offers to sell, or importation of PLCs; and 3) interfering with the contractual relations between Unitronics and its customers in any fashion by referring to the Gharb patent.

*See* Pls. Mot. for Injunctive Relief [Dkt. #68] at 1. The Court accepted Mr. Gharb's opposition to the motion. The Court ordered that the opposition be posted to ECF, and the document should be available on the Court's docket imminently. Unitronics also filed a Motion for Voluntary Dismissal Without Prejudice as to Count II (patent invalidity) of its Complaint conditioned on the Court granting Unitronics' Motion for Permanent Injunction. *See* Dkt. #70. These remain the only outstanding issues for the Court's consideration. As a clarification, the issue of infringement is no longer in dispute. Unitronics does not infringe Mr. Gharb's patent. The only question is whether this Court will permanently enjoin Mr. Gharb from bringing suit or continuing to threaten Unitronics and its customers with suit.

For the foregoing reasons, it is hereby

**ORDERED** that Defendant Samy Gharb's Motion for Reconsideration [Dkt. #65] is **DENIED**.

**SO ORDERED**.

Date: January 8, 2008
　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　ROSEMARY M. COLLYER
　　　　　　　　　　　　　　　　　　　United States District Judge

Copy to:

Samy Gharb
P.O. Box 5066
8045 Zurich
Switzerland