UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITRONICS (1989) (R"G) LTD., *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-27 (RMC) |
| SAMY GHARB, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Plaintiffs Unitronics (1989) (R"G) Ltd. and Unitronics, Inc. (collectively, "Unitronics") move for voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2) as to Count II (patent invalidity) of their complaint against Defendant Samy Gharb, conditioned on the Court granting Unitronics' contemporaneous motion for injunctive relief. The Court will grant both motions. Mr. Gharb's pending motion for payment will be denied.

**I. BACKGROUND FACTS**

Unitronics began this suit by filing its complaint against Mr. Gharb on January 10, 2006. It sought a declaratory judgment of non-infringement of United States Patent No. 6,552,654 ("the Gharb Patent") (Count I); a declaratory judgment that the Gharb Patent was invalid (Count II); and a judgment that Mr. Gharb had intentionally interfered with Unitronics' contractual relations (Count III). *See* Compl. [Dkt. #1] at 6-8. Mr. Gharb, a citizen of Switzerland, has proceeded *pro se* and has been afforded considerable leeway by the Court as a result.

On September 25, 2007, the Court entered a Memorandum Opinion and Order which

granted Unitronics' motion for summary judgment on Count I, finding that Unitronics' manufacture, use, sale, offers to sell, or importation of Programmable Logic Controllers ("PLCs") does not infringe the Gharb Patent. *See* Dkt. ##63 & 64. The Court found that none of Mr. Gharb's infringement assertions had merit. The Court declined to award attorneys' fees to Unitronics, in part due to Mr. Gharb's representation that he is without assets to retain counsel. On November 1, 2007, Plaintiffs filed the pending motion for injunctive relief because "[o]n October 26, 2007, despite the Court's ruling of noninfringement and despite the expiration of the Gharb patent, Gharb continued to assert infringement of the Gharb patent by sending copies of Unitronics promotional materials to Unitronics (and perhaps others) marked up to indicate that those products were covered or made in accordance with the disclosures and claims of the Gharb patent." *See* Pls.' Mem. in Supp. of Mot. for Injunctive Relief ("Pls.' Mem.") [Dkt. #69] at 2, Ex. C.

Mr. Gharb filed a Memorandum in Opposition to Motion for Injunctive Relief Against Samy Gharb on January 4, 2008. *See* Dkt. #73. In it, he argued that Unitronics infringes upon the Gharb Patent. *Id*. at 1. He also sent a letter to the Court titled "Final Judgment Order," requesting judgment in his favor. *See* Dkt. #75. In response, the Court issued its Order Informing Defendant of Case Status and Denying Defendant's Motion for Reconsideration. *See* Dkt. # 74 (noting that the only new evidence in the case since the Court's Sept. 25, 2007 Memorandum Opinion was that Mr. Gharb allowed his patent to expire by failing to pay the required maintenance fees). Based on the database records of the United States Patent and Trademark Office, the Gharb Patent expired on April 22, 2007, due to Mr. Gharb's non-payment of the maintenance fees required under 27 C.F.R. § 1.362. *See* Pls.' Mem., Exs. A & B. Mr. Gharb then filed a Motion for Payment, which Unitronics has opposed. *See* Dkt. ## 76 & 77.

## II. ANALYSIS

### A. Voluntary Dismissal

Rule 41(a)(2) of the Federal Rules of Civil Procedure prohibits a plaintiff from dismissing an action in which an answer has been filed, as is true here, except with court approval "and upon such terms and conditions as the court deems proper." Fed. R.Civ.P. 41(a)(2). The purpose of Rule 41(a)(2) is to protect a defendant from undue prejudice or inconvenience from a plaintiff's voluntary dismissal. *Collins v. Baxter Healthcare Corp.*, 200 F.R.D. 151, 152 (D.D.C. 2001). Therefore, a plaintiff's motion to dismiss voluntarily should be granted unless dismissal will inflict clear legal prejudice on a defendant. *Conafay v. Wyeth Laboratories*, 841 F.2d 417, 419 (D.C. Cir. 1988). Since the Court has entered its declaratory judgment that Unitronics has not infringed the Gharb Patent and that none of Mr. Gharb's infringement counterclaims had merit, no legal prejudice would be imposed on Mr. Gharb by granting the motion to dismiss Count II voluntarily.[1]

### B. Permanent Injunction

Unitronics also seeks an injunction to enjoin Mr. Gharb permanently from: 1) communicating threats or assertions of infringement based on the subject matter disclosed in the Gharb Patent, against Unitronics or Unitronics customers based on Unitronics' manufacture, use, sale, offers to sell, or importation of PLCs; 2) bringing suit under the Gharb Patent against

---

[1] Count II, alleging patent invalidity, probably is moot because the Gharb Patent has expired. If, however, Mr. Gharb is able to revive his patent, Unitronics wants to reserve the right to challenge its validity in the event of a subsequent dispute between Unitronics and Mr. Gharb. *See* Pls.' Mem. In Supp. of Mot. for Voluntarily Dismissal Without Prejudice Under Fed. R. Civ. P. 41(a)(2) at 4. Thus, dismissal without prejudice is appropriate.

Unitronics or Unitronics' customers based on their manufacture, use, sale, offers to sell, or importation of PLCs; and 3) interfering with the contractual relations between Unitronics and its customers by referring to the Gharb Patent. An injunction would moot Count III of the complaint, which alleges interference with contractual relations.

According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. *eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1839 (2006). A plaintiff must succeed on the merits of its claim and also show: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *See id*. The Patent Act specifically allows for injunctive relief:

> The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable.

35 U.S.C. § 283.

In this case, Mr. Gharb, as owner of the now-expired Gharb Patent, asserted counterclaims that the Unitronics PLCs infringed his patent. Unitronics sought a declaratory judgment that its PLCs do not and did not infringe the Gharb Patent. The Court found no infringement. In such a circumstance, precedent under patent law allows the court to enjoin the owner of the patent, Mr. Gharb, from asserting infringement or prosecuting any action in which infringement is asserted. *Leishman v. Radio Condenser Co.*, 167 F.2d 890, 893 (9th Cir. 1948)

(citing *Kessler v. Eldred*, 207 U.S. 185 (1907)); *see also Shanghai Meihao Elec., Inc., v. Leviton Mfg. Co*. 212 Fed. Appx. 977 (Fed. Cir. 2007). *Kessler* grants a limited trade right which is "the right to have that which [a court had determined the manufacturer] lawfully produces freely bought and sold without restraint or interference." *Id.* (citing *Rubber Tire Wheel Co. v. Goodyear Tire and Rubber Co.*, 232 U.S. 413, 418-419 (1914)). "It is a right which attaches to its product – to a particular thing – as an article of lawful commerce . . . ." *Id.*

The record shows that Mr. Gharb has, through numerous phone calls, emails, and faxes, repeatedly charged Unitronics and its European and U.S. distributors with infringement of the Gharb Patent and apprehension of suit. *See* Compl., ¶¶ 17-24, and Exs. B-K thereto. This Court has found those charges to have no merit, yet Mr. Gharb continues to advance them, as evidenced by the recent communications sent by Mr. Gharb to Unitronics including marked up copies of Unitronics' promotional materials and asserting that Unitronics PLCs are covered by the Gharb Patent. *See* Pls.' Mem., Ex. C. To be clear: Mr. Gharb has the right to appeal this Court's decision to the U.S. Court of Appeals for the Federal Circuit and seek a reversal of the decision. Without such a reversal, however, he does *not* have the right to persist in his accusations of infringement after this Court has ruled against him. The Court finds that his continuing baseless claims constitute irreparable harm to Unitronics.

Monetary damages are insufficient to remedy this harm without an injunction because Mr. Gharb has credibly represented to the Court that he is without asserts to retain counsel, much less pay a money judgment.

The balance of hardships clearly favors Unitronics. First, Mr. Gharb has been asserting his alleged patent rights since August of 2004 and threatening litigation. Second, he

continues to do so even after this Court's ruling and order. Third, Unitronics is now entitled "to have that which [the Court has determined] it lawfully produces to be freely bought and sold without restraint or interference." *MGA v. General Motors Corp.*, 827 F.2d 729, 734 (Fed. Cir. 1987). Fourth, Mr. Gharb has relinquished his rights to assert any claim under the Gharb Patent, which has expired because he failed to pay the required maintenance fees to the Patent Office. Thus, he will suffer no hardship at all from an injunction.

The public interest would be served by a permanent injunction, if the Unitronics victory is to have any meaning at all. Without an injunction, the effect of the Court's Order would be destroyed. *See id.*

Because the Court has found that Unitronics does *not* infringe the Gharb Patent and that Unitronics is entitled to an injunction preventing Mr. Gharb from asserting that it does, the Court will deny Mr. Gharb's Motion for Payment, in which he merely re-argues his case and demands money damages.

### III. CONCLUSION

For the reasons stated, the Court will grant the motion to dismiss Count II without prejudice under Rule 41(a)(2) and will dismiss Count III as moot in light of the injunction issued with the commemorating order that accompanies this memorandum opinion. The Court will also deny Mr. Gharb's Motion for Payment.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: January 30, 2008