## United States Court of Appeals for the Federal Circuit

RECEIVED
JUN 1 1 2008
United States Court of Appeals
For The Federal Circuit

**Appeals procedure**

REQUEST FOR PAYMENT
From Unitronics for the cause of a big damage
To my US Patent **6,552,645** during the period 2000 -2007
35 U.S.C.§ 271 Patent Infringement
35 U.S.C § 284.Damages

**(Civil Action No, 1: 06-00027 (RMC)**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Judge Ms Collyer

---

The United States District Court for the District of Columbia did deny my request from Unitronics for payment concerning the big damages to my USA **Patent 6,552.654** (**Appendix No, 1**). The Lawyer of Unitronics Mr Glenn j Perry had manipulated the truth in this patent process. With great surprise I discovered that Unitronics PLC (Programmable Logic Control) is stored with my Function Blocks (**US Patent No.6, 552, 654**) and used with GSM (Global System for Mobile Communications). Unitronics has abused my Patent for manufacturing several Products which have been offered and sold with remarkable profits in the United States during the period 2000 -2007. And this is Patent Infringement under 35 U.S.C.§ 271.

**During 1989-2000 Unitronics soled exclusively PLCs (Programmable Logic Control) used for machines only.**



PLCs (Programmable Logic Control) **used for machines only.**

RECEIVED
JUN 2 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



**Evidence**

Mr Haim Shani (Director of Unitronics) has devoted in the Wall Street Interview in the year 2000 that he made business only with PLC and without GSM (Global System for Mobile Phone). On March 20, 2000, THE WALL STREET TRANSCRIPT THE FOLLOWING REPORT IS EXCEPTED FROM Unitronics Industrial Automation Systems CEO/COMPANY INTERVIEW HAIM SHANI

HAIM SHANI is Chief Executive Officer of Unitronics Industrial Automation Systems. Mr.Shani has also been the Chairman of Unitronics ' Board of Directors since the Company s incorporation in 1989. He is also a member of the Board of Directors for Unitronics South Africa. During the years **1984-1988**, Mr.Shani served as General Manager of CST Ltd., a company engaged in the development and manufacture of robotic controllers and military equipment. Mr Shani said Unitronics was established 11 years ago in 1989. It was involved in providing dedicated solutions for industrial automation -that was our general activity at the beginning. In the last 4-5 years there have been major changes. We began to design, develop, produce, and market a special line of **PLCs (Programmable Logic Controllers) the computer 'brains ' that control automated production lines**. We introduced to the market a product called the OPLC,which is a PLC integrated with an HMI (Human-Machine- Interface)operator panel. We believe we were the first ones in the world to offer such a combination, which allows a production line machine operator to communicate directly with the 'brain ' that controls a machine. Without the communication inter-face, every time there is a problem in the machine, the brain, the controller, recognises what the problem is and can detect exactly why, but cannot com-medicate the information to the operator -and we lose production hours. The OPLC is able to provide the machine operator with information regarding the reasons Internet. We realised that it 's not possible for us to develop and support such concept without considerable working capital. That was one of the reasons we sought financing possibilities, and as you small, medium and so on).In general we look at communication as a key to the industry 's, future: the need to connect every machine to a communication network. Today the most inexpensive solution for communication seems to us to be the Internet. We produce mostly micro, small and medium PLCs. Resources for marketing. We have recently been emphasising the importance of hiring very professional and experienced people for marketing,

"We introduced to the market a product called the OPLC,which is a PLC integrated with an HMI (Human-Machine-Interface)operator panel. We believe we were the first ones in the

world to offer such a combination, which allows a production line machine operator to communicate directly with the 'brain' that controls a machine( Appendix No,2).
From the year 1989 to the year 2000 Unitronics had no Knowledge of existence of GSM (Global System for Mobile Communications) already for use as well the connection possibilities via PLC to GSM.

### *My invention (US Patent No.6, 552, 654 ) is for:-*

*Security System with a Mobile Telephone ( PLC*
**Programmable Logic Controller***) & High Speed GSM*
*(Global System for Mobile Phone) as World Novelty and is published since 3.6.1999.*
What is claimed is:-
A security system for monitoring objects, comprising: a digital recording device having at least one emergency message; and a mobile telephone having at least one perselected emergency number ; a first **Programmable Logic Controller (PLC )**controller for initialing monitoring; a second PLC controller for repeating an alarm signal; and third ,fourth, and fifth PLC controllers for activating a mobile telephone and a digital recording device; at least one sensor for generating an alarm state connected to the first PLC controller; a main relay for controlling the first PLC controller and which can be operated by a remote control; a computer having mobile lines connectable to the five PLC controllers for programming the five PLC controllers; and a data set for transmission to the mobile telephone including alarm information; wherein the second PLC controller repeats the alarm signal if the line dialled by the mobile telephone in case of an alarm, is busy; and wherein each time the second PLC controller repeats the alarm signal, the third, fourth and fifth PLC controllers activate the mobile telephone and the digital recording device.
A security system as claimed in claim 1, **wherein the data set comprises a start signal, the at least one emergency number, and the at least one emergency message.**
A security system as claimed in claim 1, wherein each of the controllers includes inputs and outputs, and wherein the outputs of the first PLC controller are connected to an input of the second PLC controller and of the fifth PLC controller, outputs of the second PLC controller are connected to inputs of the third, fourth, and fifth PLC controllers outputs of the third and fourth PLC controllers are connected to **an input of the mobile telephone**, and outputs of the fifth PLC controller are connected to the recording device (Appendix No, 3).
HSCSD (**High Speed Circuit Switched Data**) is for transmission of information within **4 Seconds via GSM starting from 1999.**

Confirmation of the document as evidences

Mr Haim Shani of Unitronics on his website has reported about his new products PLC & GSM including Price list .Unitronics Achieved Record Sales and Profits in Second Quarter 2000.The PLCs (**Programmable Logic Controller)** M90-GSM (Global System for Mobile Phone) ™,is a new product which allows wireless SMS (Short-Message- Service)messages to be sent to and from a PLC to a cellular phone user via cellular networks. The PLC M90-GSM ™ enables remote-controlled operation of machines and devices via GSM Cellular Communication networks. Unitronics ' customers can therefore remotely maintain vending machines refrigerating trucks, building automation, fuel and chemical tanks, highway traffic control systems, etc. -without the need for on-site personnel. **The Company believes that the introduction of M90 -GSM ™,opens a new market for Unitronics. The PLC M90-GSM, a new product which allows wireless SMS (Short-Message- Service) messages to be sent to and from a PLC to a cellular phone user via cellular networks, was also introduced into the R&D plan for the year 2000. As much of**

the groundwork for the development of the M90-GSM directly resulted from the WebPLC ™ project, the M90-GSM progressed quickly through the R&D process and has already been released to market. "I am confident that we will continue to identify and embed the best of emerging communication Technologies into our products " Eyal Saban,Unitronics ' Chief Technology Officer commented. Recently, "I think the M90 (Programmable Logic Control) -GSM is going to have great impact. Mobile data communications and m-Commerce give the end-user a tremendous advantage." The R&D team has carried out planned product development largely according to schedule in addition to developing the products mentioned above.

For further information:
Unitronics +972 8 9786 555
Haim Shani,Chief Executive Officer haim@unitronic.com
Cara Levy, Investor relations info@unitronic.com
Unitronics Web Site:www.unitronic.com
Unitronics Expansion Modules +GSM Kit Suitable for M90,
M91PLC (Programmable Logic Controller) and Vision Series Model Description EMC Code
Price GSM Kit SMS messaging over the GSM digital network for telemetry applications Includes GSM modem.Remote cell phone not included UT 10 901$1250.00
(Appendix No, 4.5)Mr Haim Shani (Director of Unitronics) has devoted that in 1989 was no GSM in the world and Unitronics does not manufacture or sell, offer or import into USA PLC & GSM for security (Appendix No,6) [Dkt. #40 ].

*July 17, 2000*
*UNITRONICS RELEASES THE M90-GSM -SMS*
*WIRELESS COMMUNICATION FEATURE*
Unitronics announces the commercial release of the M90 PLC
**(Programmable Logic Control) & GSM (Global System for Mobile Phone)**
this new feature brings the advantages of the M90 Unitronics palm sized micro controller.



In point of Fact Unitronics Business with PLC (Programmable Logic Control) & GSM (Global System for Mobile Phone)





In point of fact Unitronics Products from the year <u>2000 to 2007</u> with PLCs (Programmable Logic Control) & GSM
The following series of products (each consisting of numerous models): the M90/M91 Series, the Vision Series, *V120, V260, V230, V280, V290*, V530, jazz, V570 V130 V 350 & GSM (Global System for Mobile Phone)



**PLC 130** (Programmable Logic Control) new product in the year 2007



**PLC V350** (Programmable Logic Control) new product in the year 2008

In point of fact Unitronics Business with PLC (Programmable Logic Control) & GSM (Global System for Mobile Phone) for Security System ( **Appendix No,7**)

Unitronics has sold PLCs product to MSA
Company and After MSA sold PLCs with
differenty letter Name for sale in USA

## Confirmation of the document as evidences

Our research has come up with the following results:
On 27.7.1999 Mr Hain Shani was occupied in filing new Patent PCT/IL/00/00443 for An improved method and apparatus for Detection of medical conditions shock and pre shock. Our inquiries from 16.8.2006 and the Lawyer Mr Glenn J. Perry of the company Unitronics has devoted that Mr Haim Shani as an expert knew how to build function blocks in PLC & GSM and can be made but the truth is that in accordance with our international researches he was at this time busy with another patent
(Appendix No, 8-9).

Main witness
I have sent to the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA these products from Unitronics as follows:
A - PLC M 90 (Programmable Logic Control).
B - PLC V 120 with stored Function Block to use with GSM from Unitronics.
C - GSM (Global System for Mobile Phone).
These are the witness for sale, offer, use, without authority.

Automatic parking systems in New Jersey

**Mr. Eyal Saban, Unitronics' Chief Technology Officer has said in Control Engineering (October 1, 2007)** Automated parking structures are popping up all over. Three are currently operating in the U.S.—in Washington, DC, New York City, and Hoboken, NJ— but there are many more in Europe and Asia. The user experience is cool,The automated parking system includes support for advanced communication features available in the Vision PLCs. One such option lets the controllers (Programmable Logic Control) be connected to a GSM cellular modem, so the controller can send short message service (SMS)messages to technicians in case of system faults **(Appendix No,10).**
Herewith the Lawyers of Unitronics Mr Glenn J. Perry have manipulated the truth but truth is what <u>Mr. Saban said that the controllers (Programmable Logic Control) be</u>

connected to a GSM cellular modem, so the controller can send short message service (SMS)messages to technicians in case of system faults.

My US Patent No.6, 552, 654 is with stored Function Blocks for PLC (Programmable Logic Control) to send Message with GSM as it is written in Claims. See in (Appendix No., 3) My US Patent No.6, 552, 654

**The Function Blocks are summarized in the following table:**

PLC Relay No. Command Time
G Q9 Mobile telephone ON 01.00 s- 02.40 s.
G Q10 Pin Code 1 06.00 s- 01.50 s.
G Q11 Pin Code 2 08.00 s- 01.50 s.
G Q12 Pin Code 3 10.00 s- 01.50 s.
H Q13 Pin Code 4 12.50 s- 01.50 s.
H Q14 OK 14.00 s- 01.50 s.
H Q15 Emergency number 16.50 s - 01.50 s.
I Q16 OK 18.50 s- 01.50 s.
I Q17 Start emergency message 19.90 s - 01.70 s.
I Q18 Mobile telephone OFF 55.50 s - 02.50s.

November 6, 2000 in New Jersey
UNITRONICS SIGNS FOR ACQUISITION OF AN AMERICAN INDUSTRIAL AUTOMATION COMPANY Unitronics announced today that it entered into a Memorandum of Understanding for the acquisition of an American company engaged in industrial automation ,with sales revenues of $10 Million, a wide US and global marketing network that includes approximately 250 distributors and sales . manufacturing facilities located in New Jersey, USA .

Jan. 24, 2008 in New Jersey
Mayor Roberts was present to unveil the retrofit by Unitronics of the Hoboken Automated Parking Facility at 916 Garden Street .The state-of-the-art facility is the largest automated parking garage in the U.S. Pictured with Mayor Roberts are (left to right) Unitronics executives Rafi Stoffman and Haim Shani along with Hoboken Parking Utility Director, John Correa, Councilwoman Terry La Bruno and former Councilman and current Legislative Aide to Assemblyman Ruben Ramos, Jr., Richard Del Boccio.





I have invented these Function Blocks on **3.6.1999** before Unitronics Product.
Ms Cristal Pligrim has confirmed me that the Judge Ms Collyer did receive these products of Unitronics and this is the witness of business by offer, sale and use without authority. The Lawyer of Unitronics Mr Dale Lisher has devoted that now these products PLC V 120 with this stolen Function Blocks Appenix 8 to use with GSM are in the Court
Now we come to the big point in this process Unitronics has stolen Function Blocks of My US Patent 654. See in (**Appendix No, 11 A.B.C.D**) with the stolen Function Blocks and stored it in all PLCs to use with GSM.
I have invented these Function Blocks on 3.6.1999 before Unitronics Product.
See in appendix No,10 My Function Blocks in PLC (Programmable Logic Control) to use with GSM. My US Patent No.6,552,654 is with stored Function Blocks for PLC to send Message with GSM as it is written in Claims.
See in appendix No, 1 My **US Patent No.6,552, 654**
The Function Blocks are summarized in the following table:
<u>PLC Relay No, Command Time</u>
<u>G Q9 Mobile telephone ON 01.00 s- 02.40 s.</u>
<u>G Q10 Pin Code 1 06.00 s- 01.50 s.</u>
<u>G Q11 Pin Code 2 08.00 s- 01.50 s.</u>
<u>G Q12 Pin Code 3 10.00 s- 01.50 s.</u>
<u>H Q13 Pin Code 4 12.50 s- 01.50 s.</u>
<u>H Q14 OK 14.00 s- 01.50 s.</u>
<u>H Q15 Emergency number 16.50 s - 01.50 s.</u>
<u>I Q16 OK 18.50 s- 01.50 s.</u>
<u>I Q17 Start emergency message 19.90 s - 01.70 s.</u>
<u>I Q18 Mobile telephone OFF 55.50 s - 02.50 s.</u>

Unitronics has stolen My Function Blocks of My US Patent.
Unitronics has stored these Function Blocks in all products of Unitronics PLCs to be used with GSM ready for customers See in (**Appendix No,11 A.B.C.D**).
Unitronics has done Business with PLC & GSM since the year **2000** after My US Patent No.**6, 552, 654** which was published **3.6.1999**.
**Mr. Ed. Hiserodt, President of Controls & Power** has confirmed to the Lawyers that Unitronics have profited **500,000 US $** from selling products of PLC & GSM dated in **28.12.2005** in South Carolina and Minnesota and the Lawyer (**Appendix 12**).
(**Mr Dale Lisher**) confirmed to have given the letter of Controls & Power to the Court. After this he has manipulated the Truth that Unitronics does not use

PLC (Programmable Logic Control) & GSM anywhere and does not have PLC integrated with GSM (**Appendix No, 8**) [**Dkt. #63**].

## US Patent Law

**The law states that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented Invention during the term of the patent therefore, infringes the patent Unitronics PLCs are stored with my Function Blocks (US Patent)for use with GSM. Unitronics has abused my Patent for manufacturing several Products which have been offered and sold with remarkable profits in the United States during the period 2000 - 2007. And this is Patent Infringement under 35 U.S.C.§ 271.**

Now we come to this big point in the process:-
<u>Unitronics has stolen the function blocks of my US Patent 654. See in appendix No, 9 A.B.C.D with the stolen Function Blocks and stored it in all PLCs to use with GSM.</u>
I invented these Function Blocks on 3.6.1999 before Unitronics Product.
See in Appendix 11 my Function Blocks in PLC to use with GSM.
My **US Patent No.6, 552,654** is with stored Function Blocks for PLC to send Message with GSM as it is written in Claims.
See in appendix No, 1 my US Patent No.6,552,654
The Functions Blocks are summarized in the following table:
PLC Relay No,Command Time
G Q9 Mobile telephone ON 01.00 s-02.40 s.
G Q10 Pin Code 1 06.00 s-01.50 s.
G Q11 Pin Code 2 08.00 s-01.50 s .
G Q12 Pin Code 3 10.00 s-01.50 s.
H Q13 Pin Code 4 12.50 s-01.50 s.
H Q14 OK 14.00 s-01.50 s.
H Q15 Emergency number 16.50 s - 01.50 s.
I Q16 OK 18.50 s- 01.50 s.
I Q17 Start emergency message 19.90 s -01.70 s.
I Q18 Mobile telephone OFF 55.50 s -02.50 s .
The Lawyers of Unitronics **Mr Dale Lisher** has devoted that now by the court of Columbia these products PLC V 120 with these stolen Function Blocks to use with GSM.
Unitronics had stolen my Function blocks of my US Patent.
See in (**Appendix 11 A.B.C.D**) Unitronics has stored these Function Blocks in all products of Unitronics PLCs to be used with GSM ready for customers.
The Company Unitronics has a total business turnover of **7.000.000 US$.**
It is remarkable that all of sudden is that as of the year 2007 there turnover jumped to **100.000.000 US $.** Unitronics has done Business with PLC & GSM since the year 2000 after my US Patent No.**6,552,654** which is published **3.6.1999 .**

## Patent Infringement

**The use of PLCs with stored Function Blocks and used with GSM for customers is Infringement of My US Patent. Unitronics has been commercial manufacture use, offer to sell, or sale PLCs with GSM within the United States or importation into the United**

States Unitronics has copied the Function Blocks of My US Patent to use with GSM and Unitronics is liable to pay for this big Damage.
In a polite request I ask the UNITED STATES COURT OF APPEALS FOR FEDERAL CIRCUIT to require amount of compensation of 60.000.000 US $ from Unitronics because of infringement to my US Patent 654 in the period from 2000 - 2007.

Sincerely Yours,
USA Patent Holder
Samy Gharb
Kalchbühlstrasse 161
8038 Zürich, Switzerland

Zürich 30.5.2008

Determine Factors – Main Witness

Appendix:-
The letter of The States District Court for the District of Columbia which did deny my request concerning the big damages to my
USA Patent 6,552.645.
The Product PLC V120 (Programmable Logic Control) with stored Function Blocks to use with GSM is by the UNITED STATES District Court for the District of Columbia.
The Interview with Mr Hain Shani in WALL STREER in 2000.
My US Patent with the Function Blocks in my USA Patent from 3.6.1999.
Mr Haim Shani report about his new product of PLC M90 (Programmable Logic Control) & GSM(Global System for Mobile Phone) in the year 2000,
The Price list of PLCs (Programmable Logic Control) & GSM (Global System for Mobile Phone).
The new product of PLC M90 PLC (Programmable Logic Control) with GSM (Global System for Mobile Phone) for Security System.
The Controls & Power letters.
These stolen Function Blocks and stored in all PLCs of Unitronics and use with GSM.
Unitronics Lawyer answer about Haim Shani.
New Automatic parking system in New Jersey with PLC (Programmable Logic Control) &GSM(Global System for Mobile Phone) in the year 2005.
The Patent of Mr Haim Shani (27.9.1999) apparatus for Detection of medical conditions shock and pre shock.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITRONICS (1989) (R"G) LTD., *et al.* ) <br> ) <br> Plaintiffs,                                ) <br> ) <br> v.                                                  ) <br> ) <br> SAMY GHARB,                            ) <br> ) <br> Defendant.                               ) <br> _____) | Civil Action No. 06-27 (RMC) |

### MEMORANDUM OPINION

Plaintiffs Unitronics (1989) (R"G) Ltd. and Unitronics, Inc. (collectively, "Unitronics") move for voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2) as to Count II (patent invalidity) of their complaint against Defendant Samy Gharb, conditioned on the Court granting Unitronics' contemporaneous motion for injunctive relief. The Court will grant both motions. Mr. Gharb's pending motion for payment will be denied.

### I. BACKGROUND FACTS

Unitronics began this suit by filing its complaint against Mr. Gharb on January 10, 2006. It sought a declaratory judgment of non-infringement of United States Patent No. 6,552,654 ("the Gharb Patent") (Count I); a declaratory judgment that the Gharb Patent was invalid (Count II); and a judgment that Mr. Gharb had intentionally interfered with Unitronics' contractual relations (Count III). *See* Compl. [Dkt. #1] at 6-8. Mr. Gharb, a citizen of Switzerland, has proceeded *pro se* and has been afforded considerable leeway by the Court as a result.

On September 25, 2007, the Court entered a Memorandum Opinion and Order which

granted Unitronics' motion for summary judgment on Count I, finding that Unitronics' manufacture, use, sale, offers to sell, or importation of Programmable Logic Controllers ("PLCs") does not infringe the Gharb Patent. *See* Dkt. ##63 & 64. The Court found that none of Mr. Gharb's infringement assertions had merit. The Court declined to award attorneys' fees to Unitronics, in part due to Mr. Gharb's representation that he is without assets to retain counsel. On November 1, 2007, Plaintiffs filed the pending motion for injunctive relief because "[o]n October 26, 2007, despite the Court's ruling of noninfringement and despite the expiration of the Gharb patent, Gharb continued to assert infringement of the Gharb patent by sending copies of Unitronics promotional materials to Unitronics (and perhaps others) marked up to indicate that those products were covered or made in accordance with the disclosures and claims of the Gharb patent." *See* Pls.' Mem. in Supp. of Mot. for Injunctive Relief ("Pls.' Mem.") [Dkt. #69] at 2, Ex. C.

Mr. Gharb filed a Memorandum in Opposition to Motion for Injunctive Relief Against Samy Gharb on January 4, 2008. *See* Dkt. #73. In it, he argued that Unitronics infringes upon the Gharb Patent. *Id.* at 1. He also sent a letter to the Court titled "Final Judgment Order," requesting judgment in his favor. *See* Dkt. #75. In response, the Court issued its Order Informing Defendant of Case Status and Denying Defendant's Motion for Reconsideration. *See* Dkt. # 74 (noting that the only new evidence in the case since the Court's Sept. 25, 2007 Memorandum Opinion was that Mr. Gharb allowed his patent to expire by failing to pay the required maintenance fees). Based on the database records of the United States Patent and Trademark Office, the Gharb Patent expired on April 22, 2007, due to Mr. Gharb's non-payment of the maintenance fees required under 27 C.F.R. § 1.362. *See* Pls.' Mem., Exs. A & B. Mr. Gharb then filed a Motion for Payment, which Unitronics has opposed. *See* Dkt. ## 76 & 77.

## II. ANALYSIS

### A. Voluntary Dismissal

Rule 41(a)(2) of the Federal Rules of Civil Procedure prohibits a plaintiff from dismissing an action in which an answer has been filed, as is true here, except with court approval "and upon such terms and conditions as the court deems proper." Fed. R.Civ.P. 41(a)(2). The purpose of Rule 41(a)(2) is to protect a defendant from undue prejudice or inconvenience from a plaintiff's voluntary dismissal. *Collins v. Baxter Healthcare Corp.*, 200 F.R.D. 151, 152 (D.D.C. 2001). Therefore, a plaintiff's motion to dismiss voluntarily should be granted unless dismissal will inflict clear legal prejudice on a defendant. *Conafay v. Wyeth Laboratories*, 841 F.2d 417, 419 (D.C. Cir. 1988). Since the Court has entered its declaratory judgment that Unitronics has not infringed the Gharb Patent and that none of Mr. Gharb's infringement counterclaims had merit, no legal prejudice would be imposed on Mr. Gharb by granting the motion to dismiss Count II voluntarily.[1]

### B. Permanent Injunction

Unitronics also seeks an injunction to enjoin Mr. Gharb permanently from: 1) communicating threats or assertions of infringement based on the subject matter disclosed in the Gharb Patent, against Unitronics or Unitronics customers based on Unitronics' manufacture, use, sale, offers to sell, or importation of PLCs; 2) bringing suit under the Gharb Patent against

---

[1] Count II, alleging patent invalidity, probably is moot because the Gharb Patent has expired. If, however, Mr. Gharb is able to revive his patent, Unitronics wants to reserve the right to challenge its validity in the event of a subsequent dispute between Unitronics and Mr. Gharb. *See* Pls.' Mem. In Supp. of Mot. for Voluntarily Dismissal Without Prejudice Under Fed. R. Civ. P. 41(a)(2) at 4. Thus, dismissal without prejudice is appropriate.

-3-

Unitronics or Unitronics' customers based on their manufacture, use, sale, offers to sell, or importation of PLCs; and 3) interfering with the contractual relations between Unitronics and its customers by referring to the Gharb Patent. An injunction would moot Count III of the complaint, which alleges interference with contractual relations.

According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. *eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1839 (2006). A plaintiff must succeed on the merits of its claim and also show: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *See id.* The Patent Act specifically allows for injunctive relief:

> The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable.

35 U.S.C. § 283.

In this case, Mr. Gharb, as owner of the now-expired Gharb Patent, asserted counterclaims that the Unitronics PLCs infringed his patent. Unitronics sought a declaratory judgment that its PLCs do not and did not infringe the Gharb Patent. The Court found no infringement. In such a circumstance, precedent under patent law allows the court to enjoin the owner of the patent, Mr. Gharb, from asserting infringement or prosecuting any action in which infringement is asserted. *Leishman v. Radio Condenser Co.*, 167 F.2d 890, 893 (9th Cir. 1948)

(citing *Kessler v. Eldred*, 207 U.S. 185 (1907)); *see also Shanghai Meihao Elec., Inc., v. Leviton Mfg. Co.* 212 Fed. Appx. 977 (Fed. Cir. 2007). *Kessler* grants a limited trade right which is "the right to have that which [a court had determined the manufacturer] lawfully produces freely bought and sold without restraint or interference." *Id.* (citing *Rubber Tire Wheel Co. v. Goodyear Tire and Rubber Co.*, 232 U.S. 413, 418-419 (1914)). "It is a right which attaches to its product – to a particular thing – as an article of lawful commerce . . . ." *Id.*

The record shows that Mr. Gharb has, through numerous phone calls, emails, and faxes, repeatedly charged Unitronics and its European and U.S. distributors with infringement of the Gharb Patent and apprehension of suit. *See* Compl., ¶¶ 17-24, and Exs. B-K thereto. This Court has found those charges to have no merit, yet Mr. Gharb continues to advance them, as evidenced by the recent communications sent by Mr. Gharb to Unitronics including marked up copies of Unitronics' promotional materials and asserting that Unitronics PLCs are covered by the Gharb Patent. *See* Pls.' Mem., Ex. C. To be clear: Mr. Gharb has the right to appeal this Court's decision to the U.S. Court of Appeals for the Federal Circuit and seek a reversal of the decision. Without such a reversal, however, he does *not* have the right to persist in his accusations of infringement after this Court has ruled against him. The Court finds that his continuing baseless claims constitute irreparable harm to Unitronics.

Monetary damages are insufficient to remedy this harm without an injunction because Mr. Gharb has credibly represented to the Court that he is without asserts to retain counsel, much less pay a money judgment.

The balance of hardships clearly favors Unitronics. First, Mr. Gharb has been asserting his alleged patent rights since August of 2004 and threatening litigation. Second, he

continues to do so even after this Court's ruling and order. Third, Unitronics is now entitled "to have that which [the Court has determined] it lawfully produces to be freely bought and sold without restraint or interference." *MGA v. General Motors Corp.*, 827 F.2d 729, 734 (Fed. Cir. 1987). Fourth, Mr. Gharb has relinquished his rights to assert any claim under the Gharb Patent, which has expired because he failed to pay the required maintenance fees to the Patent Office. Thus, he will suffer no hardship at all from an injunction.

The public interest would be served by a permanent injunction, if the Unitronics victory is to have any meaning at all. Without an injunction, the effect of the Court's Order would be destroyed. *See id.*

Because the Court has found that Unitronics does *not* infringe the Gharb Patent and that Unitronics is entitled to an injunction preventing Mr. Gharb from asserting that it does, the Court will deny Mr. Gharb's Motion for Payment, in which he merely re-argues his case and demands money damages.

### III. CONCLUSION

For the reasons stated, the Court will grant the motion to dismiss Count II without prejudice under Rule 41(a)(2) and will dismiss Count III as moot in light of the injunction issued with the commemorating order that accompanies this memorandum opinion. The Court will also deny Mr. Gharb's Motion for Payment.

```
                              ____/s/____
                              ROSEMARY M. COLLYER
                              United States District Judge
```
DATE: January 30, 2008