UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITRONICS (1989) (R"G) LTD., *et al.*,  )<br>                                                           )<br>           Plaintiffs,                              )<br>                                                           )<br>      v.                                                  )   Civil Action No. 06-27 (RMC)<br>                                                           )<br> SAMY GHARB,                             )<br>                                                           )<br>           Defendant.                            )<br>                                                           ) |  |

### ORDER DENYING "OPPOSITION TO MEMORANDUM OPINION" TREATED AS SECOND MOTION FOR RECONSIDERATION

Defendant Samy Gharb, a resident of Switzerland proceeding as a *pro se* defendant in this patent case, filed an "Opposition to memorandum opinion [sic]" on February 4, 2008 [Dkt. # 81]. Mr. Gharb continues to insist that Plaintiff Unitronics (1989) (R"G) Ltd. ("Unitronics Ltd.") infringes Mr. Gharb's U.S. patent. He demands $60,000,000 in damages.

On January 10, 2006, Plaintiffs, Unitronics Ltd. and Unitronics, Inc. (collectively "Unitronics" or "Plaintiffs"), filed their Complaint against Defendant Samy Gharb seeking an injunction against Mr. Gharb's continuing communication of threats of patent infringement against Unitronics and Unitronics' customers. *See* Compl. [Dkt. # 1]. Specifically, Plaintiffs sought (1) a declaratory judgment of non-infringement of Mr. Gharb's U.S. Patent No. 6,552,654 (the "Gharb Patent") (Count I); (2) a declaratory judgment that the Gharb Patent was invalid (Count II); and (3) a judgment that Mr. Gharb had intentionally interfered with Plaintiffs' contractual relations with their customers (Count III). *Id.* With respect to Count III, Plaintiffs requested damages, including punitive damages, and an order permanently enjoining Mr. Gharb from continuing his intentional

interference with Plaintiffs' contractual relations. *Id.* On September 25, 2007, this Court issued a Memorandum Opinion and Order holding that Unitronics' manufacture, use, sale, offers to sell, or importation of Programmable Logic Controller ("PLC") products in the United States did not infringe the Gharb Patent. *See* Mem. Op. [Dkt. ## 63 & 64] filed Sept. 25, 2007.[1] Thus, the question of whether Unitronics infringes the Gharb Patent has been long resolved, and the Court found no infringement.

On January 8, 2008, the Court considered, and denied, a motion for reconsideration filed by Mr. Gharb on October 24, 2007.[2] *See* Order [Dkt. # 74] filed on Jan. 8, 2008. Mr. Gharb has now indicated his "Opposition" to that opinion, and the Court deems the "Opposition" to be a second motion for reconsideration.[3] The Court addresses this second motion for reconsideration only

---

[1] The Court's September 25, 2007 Memorandum Opinion is available at 511 F. Supp. 2d 123 (D.D.C. 2007).

[2] The Court construed Mr. Gharb's "Motion Action for Infringement of Patent," filed on October 24, 2007 [Dkt. # 65], as a motion for reconsideration.

[3] In the interim, on January 30, 2008, the Court issued a Memorandum Opinion and memorializing Order granting, *inter alia*, Plaintiffs' motion for a permanent injunction to enjoin Mr. Gharb from:

> (1) communicating threats or assertions of infringement based on the subject matter claimed in [the Gharb Patent], against Plaintiffs or Plaintiffs' customers based on their manufacture, use, [sale], offers to sell, or importation of [PLCs]; (2) bringing suit under [the Gharb Patent] against Unitronics or Unitronics' customers based on their manufacture, use, sale, offers to sell, or importation of PLCs; and (3) interfering with the contractual relations between Unitronics and their customers in any fashion by referring to [the Gharb Patent].

January 30, 2008 Order [Dkt. # 79]. The Court's Memorandum Opinion [Dkt. # 78] regarding Plaintiffs' motion for a permanent injunction is available at 532 F. Supp. 2d 25 (D.D.C. 2008). While the timing of Mr. Gharb's "Opposition to memorandum opinion [sic]" would suggest that he seeks reconsideration of the Court's January 30, 2008 Memorandum Opinion and Order, the substance of his motion reveals his opposition to the Court's September 25, 2007 Memorandum Opinion as he continues to assert that Unitronics infringes the Gharb Patent. *See* Def.'s Second

because Mr. Gharb is a *pro se* litigant who lives in Switzerland and is litigating in a foreign forum.

Federal Rule of Civil Procedure 60(b) provides for motions for relief from a judgment or order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). To prevail on a motion for reconsideration, it is the moving party's burden to show "new facts or clear errors of law which compel the court to change its prior position." *Nat'l Ctr. for Mfg. Sci. v. Dep't of Def.*, 199 F.3d 507, 511 (D.C. Cir. 2000). The Court finds that Mr. Gharb's "Opposition" fails to meet these standards and, therefore, fails to be worthy of reconsideration. He offers only repetition of the same arguments that he has proffered in previous motions.

In addition, the record shows that Mr. Gharb, on April 22, 2007 (prior to the grant of partial summary judgment in Plaintiffs' favor on September 25, 2007), allowed the Gharb Patent to expire by failing to pay the required maintenance fees. *See* Pls.' Mem. in Opp'n to Mot. for Recons., Exs. A & B [Dkt. # 72, Exs. A & B]. As the Supreme Court has explained:

> By the patent laws Congress has given to the inventor opportunity to secure the material rewards for his invention for a limited time, on condition that he make full disclosure for the benefit of the public of the manner of making and using the invention, and that upon the expiration of the patent the public be left free to use the invention.

*Scott Paper Co. v. Marcalus Mfg. Co.*, 326 U.S. 249, 255 (1945) (citing *Special Equip. Co. v. Coe*, 324 U.S. 370, 378 (1945)). Without a valid patent, Mr. Gharb is without a claim of infringement.

For the foregoing reasons , it is hereby

---

Mot. for Recons. [Dkt. # 81].

**ORDERED** that Mr. Gharb's "Opposition to memorandum opinion [sic]" [Dkt. # 81], here treated as a motion for reconsideration, is **DENIED**.

This is a final appealable order. *See* Fed. R. App. P. 4(a). Mr. Gharb's recourse is to appeal to the United States Court of Appeals for the Federal Circuit, which he has now done. *See* Dkt. # 82.

**SO ORDERED.**

DATE:  June 30, 2008                                        /s/
ROSEMARY M. COLLYER
United States District Judge

Copy to:

Samy Gharb
Kalchbühlstrasse 161
8083 Zurich, Switzerland